**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HEIRS OF ANDREW OEGNA:<br>WALLACE OENGA, GEORGENE<br>SHUGLUK, LEROY OENGA, SR.,<br>MICHAEL DELIA, TONY DELIA<br>JOSEPH DELIA, JENNIE MILLER<br>and TRINITY DELIA,** | ) | |
| **Plaintiffs,** | ) | **No. 06-491** |
| **v.** | ) | **EDWARD J. DAMICH** |
| | ) | **CHIEF JUDGE** |
| **THE UNITED STATES,** | ) | |
| **Defendants** | ) | |

**<u>OENGA HEIRS RESPONSE</u>**
**<u>TO OIL COMPANIES MOTION TO INTERVENE</u>**

The Plaintiffs (Oenga Heirs) herein respond to the Motion to Intervene filed by BP Exploration (Alaska) Inc. (BPX), ConocoPhillips Alaska, Inc. (Conoco Phillips), Exxon Mobile Alaska Production Inc. (Exxon Mobile), Chevron U.S.A. Inc. (Chevron), Forest Oil Corporation (Forest) (collectively "Oil Companies").

The Oenga Heirs do not object to a limited intervention by the Oil Companies as follows:

- The Oil Companies' intervention be limited to those issues in this case which would also be issues in any indemnification action by the United States against the Oil Companies.

- The Oil Companies not be allowed to address in this case issues which bear solely on any possible indemnification action by the United States against the Oil Companies and are not otherwise related to this case.

- The Oil Companies not be allowed to address in this case issues of this Court's jurisdiction over Plaintiffs claim against the United States and issues of the fiduciary duty owed the Oenga Heirs by the United States and the United States breach of that duty.

This case seeks damages from the United States for its breach of trust related to a lease of the Oenga Heirs' allotment to the BPX, now used by the Oil Companies. Oenga Heirs do not dispute that the Oil Companies interest in the subject of this case makes them proper intervenors. The Oenga Heirs asked that the Oil Companies be given Notice because of that interest. The Court found that interest sufficient and ordered such Notice be given. Having asked that RCFC 14(b) Notice be given, it would be inappropriate for the Oenga Heirs to now object to the interventions as contemplated by the Rule.

This does not mean, however, that it would be appropriate for the Oil Company to exercise unlimited participation. It is appropriate for the Oil Companies to participate in the consideration of issues in this case that would potentially be issues in any indemnification action against them by the United States. But in other areas, it would be appropriate for the Court to limit the scope of the intervention. *Klamath Irrigation District v United States*, 64 Fed Cl. 328, 336 (2005) (allowing intervention but noting "the court has adequate facility to limit the issue which may be presented…"). *Orion Scientific Systems v. United States*, 28 Fed Cl 669, 672 (1993) (allowing limited intervention, but Court reserving right to revoke intervention "if it appears that such intervention may delay or prejudice the adjudication of this suit").

In keeping with this precedent, it is appropriate that issues which would arise solely in an indemnification action not be considered in this action. Such issues are solely between the Oil Companies and the United States. They are outside the scope of this action.

Similarly it is appropriate that the Oil Companies not be involved in issues which are solely between the Oenga Heirs and the United States. Such issues include this Court's jurisdiction over the Oenga Heir's claim and issues involve in the fiduciary duty owed the Oenga Heirs by the United States and any breach of that duty.

To put it simply, the Oil Companies' intervention should be allowed to address issues properly arising in this case that would also be issues in any contribution action by the United States against the Oil Companies. The Oil Companies' intervention should not be allowed to address issues which are solely between the Oenga Heirs and the United States.

It is requested that the Oil Companies' Motion to Intervene be granted, but that intervention be limited as set out herein.

Dated this 29th day of September, 2006.

Respectfully submitted,

s/ Raymond C. Givens
Raymond C. Givens
Givens Law Firm
Attorney for Plaintiffs
P.O. Box 400
912 East Sherman Avenue
Coeur d'Alene, ID 83816-0400
Telephone: 208-676-1310
Fax: 208-676-1296
raygivens@givenslaw.com

**CERTIFICATE OF ADDITIONAL SERVICE**

I hereby certify that on September 29, 2006, additional service was made by providing Louis R. Veerman, counsel for parties seeking to intervene, with a copy of the Oenga Heirs Response to Oil Companies Motion to Intervene by electronic mail at:

Louis R. Veerman
Guess & Rudd P.C.
Attorneys for Intervenor-Defendants
dveerman@guessrudd.com

Dated this 29th day of September, 2006.

Respectfully submitted,

s/ Raymond C. Givens
Raymond C., Givens
Givens Law Firm
Attorney for Plaintiffs
P.O. Box 400
912 East Sherman Avenue
Coeur d'Alene, ID 83816
Telephone: 208-676-1310
Fax: 208-676-1296
raygivens@givenslaw.com