**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER , and TRINITY DELIA,** | ) | |
| **Plaintiffs,** | ) | **No. 06-491 L** |
| **v.** | ) | **Chief Judge Damich** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**ANSWER**

Defendant notes that to the extent the allegations contained in the 69 numbered paragraphs of the First Amended Complaint and in the Prayer for Relief have not either been specifically denied or admitted, they shall be deemed denied. Defendant responds to the First Amended Complaint as follows:

1. Paragraph No. 1 merely characterizes the nature of Plaintiffs' lawsuit and requires no response.

2. Paragraph No. 2 amounts to conclusions of law to which no response is required.

3. Defendant admits the allegations contained in the first sentence of Paragraph No. 3. Defendant admits the allegation of the second sentence that the Defendant did furnish a response to Plaintiffs' request, but denies that the information comprising this response constituted "an accounting" and denies that said information was not previously known by, or readily available to, Plaintiffs.

4. Paragraph No. 4 states conclusions of law to which no responses are required.

5. Paragraph No. 5 states conclusions of law to which responses are required, but to the extent this paragraph may be deemed to state factual allegations, the same are denied.

6. Defendant admits the allegations contained in Paragraph No. 6.

7. Defendant admits the allegations contained in Paragraph No. 7, except for the allegations concerning the place of residence for each Plaintiff. Defendant is without information sufficient to confirm or deny the allegations as to the place of residence for each Plaintiff.

8. Defendant admits that the listed federal agencies are agencies of the United States, but denies the remaining allegations in Paragraph No. 8 because Plaintiffs do not explain how the term "primarily involved" relates to the respective actions taken by each agency.

9. Paragraph No. 9 merely identifies "Interested Parties who potentially have an interest in this litigation . . ." and as such requires no response.

10. Defendant admits the allegations contained in the first, second, fourth and fifth sentences of this paragraph. Defendant is without information sufficient to confirm or deny the allegation contained in the third sentence.

11. Defendant admits the allegations contained in Paragraph No. 11.

12. Defendant denies the allegations of the first sentence of Paragraph No. 12, and affirmatively states as follows: "The conveyance to Andrew Oenga of Parcel B of his allotment application, BLM Serial No. F-14632, conveyed to him fee simple title, subject *inter alia* to the United States' reservation of 'all of oil and gas in the land so allotted.' "

13. Defendant admits the allegations contained in Paragraph No. 13.

14. Defendant admits the language quoted from the 1989 lease in the first sentence of Paragraph No. 14, but denies that the quotation is complete. Defendant affirmatively states that the following phrase was omitted from the quotation: "hereinafter referred to as 'Lessor.' " Defendant affirmatively states that this omitted phrase immediately follows the words "on behalf of Mr. Oenga." Defendant admits the lease was made pursuant to 25 C.F.R. Part 169, but submits that the remaining allegations of the second sentence are legal conclusions requiring no response. Defendant admits the allegations contained in the last two sentences.

15. Defendant admits the allegations contained in Paragraph No. 15, except to the extent that the label "amendment" on the referenced letter did not make the letter an "amendment" to the lease. Defendant affirmatively avers that the referenced letter constituted a notice of the exercise of a unilateral option afforded the lessee under the terms of the original lease.

16. Defendant admits the allegations contained in Paragraph No. 16.

17. Defendant admits that an amendment of Lease No. F-89-01 was entered into by Plaintiffs (or their predecessors- in- interest) and approved on behalf of the Secretary and admits the remaining allegations of Paragraph No. 17. However, Defendant denies Plaintiffs' implication that the BIA "entered into" the second amendment.

18. Defendant admits the allegations contained in Paragraph No. 18, but denies Plaintiffs' implication that BIA "entered into" the third amendment.

19. Defendant admits the allegations of the first sentence to the extent that the lessee's use of the allotment for a road and pipeline was the most probable anticipated use at the time the lease was executed, but affirmatively avers that Paragraph No. 10 of the lease speaks for itself, and that said paragraph establishes unambiguously that there was no "understanding" that the

lessee's authorized uses of the leased premises were in any way limited to use solely for a road and pipeline. Defendant admits the allegations contained in the second sentence.

20. Defendant admits the first sentence to the extent that the lessee's July 29, 1993 letter gave notice of a change of intended use by the lessee, but denies that such notice constituted an amendment of the terms of the lease, which already permitted the new and different use of the premises, and therefore denies that such change of use necessitated any amendment of the lease. Defendant denies the allegation contained in the second and third sentences.

21. Defendant admits the allegations contained in Paragraph No. 21.

22. Defendant admits the allegations contained in paragraph No. 22.

23. Defendant admits the allegation in the first sentence of Paragraph No. 23 that an appraisal was requested and performed in 1993. Defendant denies the allegation in the first sentence that the appraisal was intended to set the annual rent for a four-year block of time. Defendant denies the allegation set forth in the second sentence of Paragraph No. 23 that the appraiser who performed said appraisal was unqualified to appraise the property. Defendant admits the allegations contained in the third sentence. Defendant admits the allegations contained in the fourth sentence to the extent that the appraisal did not determine that the highest and best use of the property was a "multiple well-head long reach directional drilling oil production facility" and admits the comparables used were not of that character.

24. Defendant admits the allegation in the first sentence of Paragraph No. 24 that a limited appraisal was performed in 1997, but denies the allegation in the first sentence that the appraisal was done for the purpose of setting rent for the 1994-1997 four-year block of time. Defendant denies the allegation in the second sentence that the "Limited Appraisal" was not an

"actual appraisal," but admits that the 1997 limited appraisal was not based upon a collection of new market data. Defendant denies the allegation in the third sentence of Paragraph No. 24 that the appraiser's qualifications were unknown. Defendant admits the allegations in the fourth sentence that the appraisal was not based upon a determination of the highest and best use newly suggested by Plaintiffs nine years after the fact and did not utilize comparables of that character.

25. Defendant admits the allegations contained in Paragraph No. 25.

26. Defendant admits the allegations contained in Paragraph No. 26.

27. Defendant denies the allegation in Paragraph No. 27 that this request has been made "on several occasions," but admits the remaining allegations contained in Paragraph No. 27.

28. Defendant lacks information sufficient to form a belief of the truth or falsity of the allegation set forth in Paragraph No. 28, and therefore denies the same.

29. Defendant denies the allegation in Paragraph No. 29 that the amount collected under the lease for the "1994-2001 period inclusive is $670,191." Defendant affirmatively avers that the correct total is $678,549.40.

30. Paragraph No. 30 sets forth legal conclusions requiring no response, but to the extent it might be deemed to contain factual allegations, the same are denied.

31. Defendant admits the allegations contained in Paragraph No. 31.

32. Defendant repeats and incorporates by reference its responses to the preceding 31 paragraphs at the First Amended Complaint.

33. Paragraph 33 states legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied.

34. Paragraph 34 states legal conclusions to which no response is required, but to the

extent it might be deemed to state factual allegations, the same are denied and Defendant affirmatively avers that no royalty is due and owing to Plaintiffs.

35. Defendant admits the allegations contained in the first sentence of Paragraph No. 35. Defendant denies the allegations in the second sentence, including any suggestion that 25 C.F.R. § 212.3 defines an Indian owner of an estate conveyed subject to the reserved rights of the United States in oil and gas to be an "Indian mineral owner" of such oil and gas.

36. Defendant denies the allegation of Paragraph No. 36 that Plaintiffs are entitled to a royalty of 4 and 1/6 percent.

37. Defendant admits the allegation that the referenced "determination" has never been made, and Defendant affirmatively avers that the cited regulation is not applicable at all.

38. Paragraph No. 38 sets forth legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied.

39. Defendant denies the allegation in Paragraph No. 39 that the amount collected was $670,192. Defendant affirmatively avers that the amount actually collected as rent for the 1994 - 2001 period was $678,549.40.

40. Paragraph No. 40 sets forth legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied.

41. Paragraph No. 41 sets forth legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied.

42. Defendant repeats and incorporates by reference its responses to the preceding 41 paragraphs of the First Amended Complaint.

43. This paragraph characterizes or describes Plaintiffs' First Amended Complaint and

as such requires no response.

44. Paragraph No. 44 sets forth legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied.

45. Paragraph No. 45 sets forth legal conclusions which require no response, but to the extent it might be deemed to state factual allegations, the same are denied.

46. Paragraph No. 46 sets forth legal conclusions which required no response, but to the extent it might be deemed to state factual allegations, the same are denied.

47. Defendant admits the allegation only to the extent that it has not made a determination it is in Plaintiffs' best interest to receive less than the present fair annual rental, but denies any implication that the amounts the Plaintiffs have received were less than the present fair annual rental at the various times such amounts were paid.

48. Paragraph No. 48 sets forth legal conclusions which require no response, but to the extent it might be deemed to state factual allegations, the same are denied.

49. Paragraph No. 49 sets forth legal conclusions which require no response, but to the extent it might be deemed to state factual allegations, the same are denied.

50. Defendant admits the allegation in the first sentence of Paragraph No. 50 to the extent that proper appraisal technique requires consideration of the highest and best use of the land being appraised, but denies the remaining allegations contained in the first sentence. Defendant admits the allegation contained in the second sentence of Paragraph No. 50.

51. Defendant denies the implication that Plaintiffs' formulation of the highest and best use of the subject property is the only or the best formulation, and denies the remaining allegations contained in paragraph No. 50.

52. This paragraph states a legal conclusion requiring no response, but to the extent it might be deemed to state factual allegations, the same are denied.

53. Defendant denies the allegations in Paragraph No. 53 that the amount collected was $670,192. Defendant affirmatively avers that the amount actually collected as rent for the 1994 - 2001 period was $678,549.40.

54. Paragraph No. 54 states a legal conclusion requiring no response, but to the extent it might be deemed to state factual allegations, the same are denied.

55. Paragraph No. 55 states a legal conclusion requiring no response, but to the extent it might be deemed to state factual allegations, the same are denied.

56. Defendant repeats and incorporates by reference its responses to the preceding 55 paragraphs of the First Amended Complaint.

57. Paragraph No. 57 characterizes the relief sought by Plaintiffs and as such requires no response.

58. Defendant admits the allegations contained in Paragraph No. 58, but denies any implication that Plaintiffs' theory of contract interpretation is correct.

59. Defendant admits the allegations contained in Paragraph No. 59.

60. Defendant admits the allegations contained in Paragraph No. 60.

61. Defendant is without knowledge sufficient to determine the truth or falsity of the allegations of Paragraph No. 61, and therefore denies the same.

62. Defendant is without knowledge sufficient to determine the truth or falsity of the allegations of Paragraph No. 62, and therefore denies the same.

63. Defendant denies the allegation contained in paragraph No. 63.

64. Defendant is without knowledge sufficient to determine the truth or falsity of the allegations of Paragraph No. 64, and therefore denies the same.

65. Paragraph No. 65 sets forth legal conclusions requiring no response, but to the extent this paragraph might be deemed to state factual allegations, the same are denied.

66. Paragraph No. 66 sets forth legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied.

67. Paragraph No. 67 sets forth legal conclusions to which no response is required, but to the extent it might be deemed to state factual allegations, the same are denied

68. Paragraph No. 68 sets forth legal conclusions requiring no response, but to the extent it might be deemed to contain factual allegations, the same are denied.

69. Paragraph No. 69 sets forth legal conclusions requiring no response, but to the extent it might be deemed to contain factual allegations, the same are denied.

WHEREFORE, Defendant prays that the Court enter judgment for the United States, and against Plaintiffs, dismissing all of Plaintiffs' claims and ordering that they take nothing hereby.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' lawsuit is barred by 28 U.S.C 2501, the six-year statute of limitations which governs suits filed under 28 U.S.C. 1491.

2. Plaintiffs have failed to exhaust their administrative remedies with respect to all but one of the claims which are the subject of the First Amended Complaint and all of these other claims should be dismissed for failure to exhaust administrative remedies.

3. Plaintiffs' First Amended Complaint fails to set forth any claim upon which relief may be granted and should be dismissed for that reason.

4. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

5. Plaintiffs' claims are barred because of waiver by Plaintiffs or their predecessors-in-interest.

6. Defendant reserves the right to assert additional affirmative defenses based upon information obtained or developed during the course of discovery.

Dated this 5th day of October, 2006.

Respectfully submitted,

s/James M. Upton

JAMES M. UPTON
SAMANTHA KLEIN
U. S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 305-0482
Tel. (202) 305-0474
Fax (202) 305-0506
E-mail: james.upton@usdoj.com
E-mail: samantha.klein@usdoj.com

OF COUNSEL:

Roger Hudson, Esq.
Office of the Solicitor
Alaska Regional Solicitor's Office
Department of the Interior
Anchorage, Alaska