IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA, | ) | |
| Plaintiffs, | ) | 1-06-cv-00491-EJD<br>Chief Judge Edward J. Damich |
| vs. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

BP Exploration (Alaska) Inc. ("BPX"), ConocoPhillips Alaska, Inc. ("CPAI"), ExxonMobil Alaska Production Inc. ("EMAP"), Chevron U.S.A. Inc. ("Chevron"), and Forest Oil Corporation ("Forest"), by and through their counsel GUESS & RUDD P.C., hereby submit this Reply in support of their Motion To Intervene in this action as defendants pursuant to RCFC 24.

In their Motion To Intervene, each of movants BPX, CPAI, EMAP, Chevron, and Forest (said movants are collectively referred to hereinafter as the "Working Interest Owners") established that it satisfies the requirements for intervention as a matter of right under RCFC 24(a)(2). Each of the Working Interest Owners

(1) claims an interest relating to BIA Lease F-89-01 that is the subject of the action,

(2) is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and

(3) is not adequately represented by the United States.

In their Response filed herein on September 29, 2006, Plaintiffs do *not* dispute that Working Interest Owners satisfy these requirements for intervention as a matter of right under RCFC 24(a)(2). In addition, defendant United States has not opposed Working Interest Owners' Motion To Intervene herein as defendants. The Motion To Intervene herein filed by Working Interest Owners thus should be granted.

The only issue raised by Plaintiffs in their Response is whether intervention herein on the side of the United States by Working Interest Owners as a matter of right should be restricted in any way. Working Interest Owners submit that their intervention herein *as a matter of right* should not be restricted in any way. BPX on behalf of all of the Working Interest Owners holds, occupies, and uses—and will continue for the foreseeable future to hold, occupy, and use—the leasehold interest and contract rights that are the subject of this action. Any decision herein interpreting, construing, respecting, going to, or otherwise addressing or affecting in some way one or more of, *inter alia*,

(1) the validity of BIA Lease F-89-01,

(2) the enforceability of BIA Lease F-89-01 in accordance with its terms as against Plaintiffs,

(3) the scope of the grant made to BPX by BIA Lease F-89-01,

(4) the conformance to the grant made by BIA Lease F-89-01 of the occupancy and use by BPX and the other Working Interest Owners of the lands subject to BIA Lease F-89-01, or

(5) the propriety of any past appraisals obtained for, under, or in connection with BIA Lease F-89-01,

could impair or impede—not only "as a practical matter" (which is all that is required) but also as a legal matter (in this action or any other proceeding arising under or relating to BIA Lease F-89-01)—the ability of each and every Working Interest Owner

(a) to establish, *inter alia*, any of the five foregoing matters and thus

(b) to establish that no Working Interest Owner is liable to any of the Plaintiffs—or to the United States acting on behalf of Plaintiffs in a separate action, or to the United States acting herein or in a separate action for contribution, indemnification, or the like in response to a decision adverse to the United States herein—for, *inter alia*,

  (i) any trespass damages,

  (ii) any additional past rents,

  (iii) any future rents determined and calculated in a manner other than as now provided in BIA Lease F-89-01,

  (iv) any damages owed by the United States to Plaintiffs, or

  (v) any other relief that might be sought against Working Interest Owners under or respecting BIA Lease F-89-01.

Indeed, the entire range of extraordinary risks confronting Working Interest Owners from a possible decision herein adverse to the United States in one or more respects would not be eliminated fully even if the United States were to stipulate today that under no

circumstances would the United States seek to recover from Working Interest Owners any amounts that it might be required to pay to Plaintiffs hereunder. This is so because (a) the amounts awarded in this case might not include trespass damages or damages for allegedly inadequate rentals for the remaining term of BIA Lease F-89-01 but (2) the legal basis for awarding, in one or more separate actions, either trespass damages or higher annual rentals for the remaining term of BIA Lease F-89-01 may as a practical or legal matter be decided in this case. Working Interest Owners therefore must be allowed to participate fully in the adjudication of this case, including adjudication of issues such as jurisdiction and any alleged breach of trust or breach of fiduciary duty, for it is the real property rights, contract rights, and financial interests of Working Interest Owners that are at stake in this case as much as the financial interests of the United States and at the moment all of those interests are fully aligned.

The most recent decision of this Court respecting intervention as a matter of right on the side of the United States is Klamath Irrigation Dist. v. United States, 64 Fed. Cl. 328 (2005). In that case Judge Allegra thoroughly addressed and found wanting virtually every possible argument that has been or could have been raised by Plaintiffs for denying or limiting intervention herein by the Working Interest Owners. Id. at 328-336. In particular, none of the arguments raised in Klamath Irrigation Dist. were sufficient to overcome the clear risks presented by the possible application in later cases of the doctrine of *stare decisis*, either to a "legal point" or to "factual issues". Id. at 330.

The real property interest and contract rights of the Working Interest Owners under BIA Lease F-89-01 are even more dramatically involved and at risk in this case than the alleged rights of the fishermen's organizations that, through the Pacific Coast Federation of Fishermen's Associations, were granted *unrestricted* intervention on the side of the United States in Klamath Irrigation Dist. Certainly the doctrine of *stare decisis* creates risk for Working Interest Owners, but that is not all: Possible changes in agency position on key issues of law involved here, especially when coupled with possible later judicial deference to agency decision-making adopting such changes in agency position as applied in situations involving BIA Lease F-89-01, also create real risks for Working Interest Owners. The Working Interest Owners thus should be granted *unrestricted* intervention herein, on the side of the United States.

In the last paragraph of his decision in Klamath Irrigation Dist. (which paragraph is cited by Plaintiffs in their Response filed herein on September 29, 2006), Judge Allegra mentions the inherent powers of the court to limit the issues that may be presented in a proceeding. But it is clear from the context of this paragraph in the entire decision that Judge Allegra is referring to powers that the court might exercise *in the future* if necessary. Plaintiffs offer no evidence or other information suggesting that Working Interest Owners, if they are allowed to intervene, will impart or cause delay, will complicate discovery, will raise extraneous issues, or otherwise will prejudice the proper adjudication of this case. There thus is no basis for exercising such powers at this time to

restrict the ability of Working Interest Owners to participate fully herein[1]—and every reason, as described above, for permitting unrestricted intervention herein by the Working Interest Owners.

DATED at Anchorage, Alaska, this 11th day of October, 2006.

Respectfully submitted,

s/ Louis R. Veerman

Louis R. Veerman
Joseph J. Perkins, Jr.
GUESS & RUDD P.C.
Attorneys for Intervenor-Defendants
510 L Street, Suite 700
Anchorage, AK 99501

Telephone: 907-793-2200
Facsimile: 907-793-2299
Email: dveerman@guessrudd.com
Email: jperkins@guessrudd.com

CERTIFICATE OF SERVICE
I certify that on the 11th day of October, 2006,
a true and correct copy of the foregoing document
was electronically served on the following:

Raymond Conway Givens
James Merritt Upton

Guess & Rudd P.C.

By: s/Louis R. Veerman

[1] The case of Orion Scientific Systems v. United States, 28 Fed. Cl. 669 (1993), insofar as any general statements of law therein have not been overruled by Klamath Irrigation Dist., is completely distinguishable from the instant case in that the proposed intervenor in Orion Scientific Systems was not at risk and never would be at risk from a claim asserted by the United States.