# APPENDIX 3

GIVENS LAW FIRM
P.O. Box 400, 118 N. 7th Street
Coeur d'Alene, ID 83816
phone (208) 676-1310
fax (208) 676-1296
raygivens@givenslaw.com

December 23, 2005

Honorable Gale Norton
Secretary of the Interior
Department of the Interior
1849 C Street, NW
Washington DC 20240

Inupuit Community of the Artic Slope
Realty Office
P.O. Box 0934
6986 Ahmaogak Street
Barrow, Alaska 99723-0934

Re: BIA Allotment F-14632 Parcel B (Oenga)
BIA Lease No. F-89-01, Heirs of Andrew Oenga

TO: The Department of the Interior, Bureau of Indian Affairs (BIA) and its agent, Inupuit Community of the Article Slope. (ICAS), as successor in interest to Artic Slope Native Association, Limited (ASNA)

On behalf of the heirs of Andrew Oenga demand is made that you as their Trustee, or on behalf of their Trustee, give Notice to Halt Trespass to the Lessees of the West Niakuk Oil Lease. The Oengas are demanding that the Lessees immediately halt the trespass on the above Oenga Allotment that occurs when oil from the West Niakuk Lease is produced through production facilities on that Allotment pursuant to BIA Lease No. F-89-01.

The Lessees of the West Niakuk Oil Lease to whom Notice should be given appear to be:

BP Exploration (Alaska) Inc.
ConocoPhillips Alaska
Chevron U.S.A.
Exxon Mobil Alaska
Forest Oil Corporation
Forcenergy Inc.
Phillips Alaska Inc.

The reason we are requesting you give such Notice is the restricted status of the Oenga Allotment of which you are the Trustee and because of ¶ 34 of the Third Amendment of

Appendix 3

Lease F-89-01 signed by the Secretary of Interior's designee Samuel Demientieff, Superintendent of the Bureau of Indian Affairs Fairbanks Agency, which prohibits the Oengas from communicating directly with the Lessees of Lease F-89-01 and appoints the Bureau of Indian Affairs, acting through its agent, to be the "sole contact with Lessees for any and all matters arising out of this Lease Agreement [Lease F-89-01 Parcel B]." This matter arises out of that Lease Agreement.

Demand is further made that you take all action necessary to recover damages for such trespass in an amount equal to the greater of $1.00/barrel thru-put or a 2.5% royalty for all petroleum product from the West Niakuk oil lease that has passed through Allotment F-89-01 Parcel B. Demand is further made that you seek an equal amount of damages from BP Exploration (Alaska) Inc. for their role in facilitating this trespass.

Please be advised that the heirs of Andrew Oenga would consider entering into an appropriate Lease regarding future production of West Niakuk oil and gas through Allotment F-89-01 Parcel B at the above "pass-thru" or royalty rates.

The Oenga Heirs appreciate the efforts of your Solicitor's office in facilitating discussion with BP Exploration (Alaska) Inc. (BP) regarding the various breaches of Lease F-89-01 and in helping secure a six month Tolling Agreement so that settlement of the claims against BP can be discussed and hopefully resolved. Please be advised, however, that the Oenga Heirs do not consider the attached letter from the Alaska Region Office of the Solicitor, or subsequent discussions of BP, as fulfillment of the action requested in the letter on behalf of the Oenga Heirs dated December 1, 2005, which is also attached.

It is important to note that the above mentioned Tolling Agreement does <u>not</u> toll matters regarding the trespass of the West Niakuk oil on Allotment F-89-01, Parcel B. Consequently, your prompt attention to this trespass is imperative, and immediate action is required because of statute of limitations concerns.

The heirs of Andrew Oenga are hopeful that through your efforts and those of your Department, this matter can be resolved short of litigation so that the Oenga Heirs finally receive "fair annual rent" for the lease of their allotment as required under 25 U.S.C. § 162.5(1987), the regulations in effect at the time of the Lease and incorporated in the Lease of Allotment F-89-01 Parcel B.

Thank you for your attention to this important matter.

Sincerely,

Raymond C. Givens
Attorney for Oenga Heirs

RCG:jr

cc: ~~Oenga Heirs~~
Office of Special Trustee
Assistant Secretary for Indian Affairs
Bureau of Indian Affairs Alaska Area Director
Roger Hudson, Deputy Solicitor, Bureau of Indian Affairs

United States Department of the Interior
OFFICE OF THE SOLICITOR
ALASKA REGION
4230 University Drive
Suite 300
Anchorage, Alaska 99508-4626
(907) 271-4131

December 6, 2005

BIA.AK.0926

Land Manager
BP Exploration Alaska, Inc.
P.O. Box 196612
Anchorage, Alaska 99519-6612

By Mail and Facsimile to: 564-5441

Dear Sir/Madam:

Subject: Rental adjustment and other matters relating to BIA Lease No. 89-1, Oenga Allotment, BLM Serial No. F-14632, Parcel B (at Heald Point)

My name is Roger Hudson. I am an attorney in the Office of the Regional Solicitor, U.S. Department of the Interior. My office serves as legal counsel for agencies of the Department, including the Bureau of Indian Affairs (BIA). I have been contacted by Mr. Raymond Givens, a private attorney representing the owners of the referenced allotment parcel, which is subject to a 1989 lease under which the property is currently occupied by your firm. Mr. Givens has requested that I contact you for the purpose of setting up a meeting concerning the lease, the two rental adjustments which are pending under its terms, and related issues affecting the lessor-lessee relationship.

Rather than contacting you directly, the allotment owners' representative feels obliged to work through federal officials, because Paragraph 34 of the lease, added through a 1995 amendment, bars the lessors from directly contacting the lessee. Notwithstanding that contractual provision, the Department of the Interior is inclined to think a meeting between the lessors' attorney and BP Exploration representatives might be constructive, because under the terms of 25 C.F.R. § 162.607 the Department's discretion in determining periodic rent adjustments appears to be conditioned on the written concurrence of the allotment owners. Hence, this request for the scheduling of a meeting, to be attended by lessor and lessee representatives, a BIA official, a representative of the Inupiat Community of the Arctic Slope (ICAS) (if available), and the undersigned.

Among the issues which attorney Givens has identified as areas of concern are the following:

- Whether BP has made its lease payments in the proper amounts and in a timely fashion under the terms of the lease. In this regard, the Department of the Interior acknowledges that it shares the responsibility for delay in quantifying and implementing periodic rental adjustments called for under the provisions of the lease as amended;

- Whether the alteration of the land form by deposit of fill material on tidelands at the tip of the Heald Point peninsula has unjustifiably altered the essential character and benefit of the allotment property without necessary land owner consent;
- Whether conversion of use of the leasehold area from the originally intended pipeline corridor to the site of a major drilling platform and production facility amounted to a misrepresentation of the purpose for the lease; or
- Whether the later use of the allotment land to produce and transfer oil from the West Niakuk lease tract, which was not under the control of BP's predecessor at the time the 1989 lease was entered into, represents an unauthorized use of the premises, amounting to violation of the lease and/or a simple trespass.

Though the Department does not necessarily hold the same view as the lessors on all of these points, it is believed that a thorough airing of the owners' concerns might be helpful in preserving the lessor-lessee relationship, or adjusting it in an appropriate fashion to reflect underlying legal and economic realities. At the very least, a frank exchange of information[1] and perspectives might narrow the points of possible disagreement between the parties, and the number of potential issues which might have to be resolved by some more formal or public process, possibly including litigation.

Since he would need to travel from his home in Coeur d'Alene, Idaho to attend the requested meeting in Anchorage, attorney Givens has suggested a meeting date of December 19 (in the afternoon), 20, or 21, if one of those dates would be convenient for your staff. In any case, I would be happy to play the logistical role of scheduler if we can agree to proceed with a face-to-face discussion. I will be calling you promptly to follow up on this written request.

Sincerely,

Roger L. Hudson

cc (by facsimile):

Raymond Givens, Attorney at Law
Mervel Harris, Regional Realty Officer, Alaska Region, Bureau of Indian Affairs
Troy Kahklen, Rights Protection Specialist, Bureau of Indian Affairs
Dorothy Edwardsen, Realty Officer, Inupiat Community of the Arctic Slope

[1] Under the heading of information exchange, the owners' representative has expressed a desire to obtain information regarding: the volume of oil production from the "West Niakuk" lease tracts which has been extracted through the Heald Point production facility; the volume of natural gas (from either set of lease tracts) run through the facility; and the expected costs of decommissioning the facilities and restoring the allotment to its original condition at the time of termination of the lease.

GIVENS LAW FIRM
P.O. Box 400, 118 N. 7th Street
Coeur d'Alene, ID 83816
phone (208) 676-1310
fax (208) 676-1296
raygivens@givenslaw.com

December 1, 2005

Honorable Gale Norton
Secretary of the Interior
Department of the Interior
1849 C Street, NW
Washington DC 20240

Inupuit Community of the Artic Slope
Realty Office
P.O. Box 0934
6986 Ahmaogak Street
Barrow, Alaska 99723-0934

Re: BIA Lease No. F-89-01, Heirs of Andrew Oenga

TO: The Department of the Interior, Bureau of Indian Affairs (BIA) and its agent, Inupuit Community of the Article Slope. (ICAS), as successor in interest to Artic Slope Native Association, Limited (ASNA)

On behalf of the heirs of Andrew Oenga, demand is hereby made that you immediately give Notice of Default, Breach, and Failure to Perform or Comply regarding the above referenced Lease, as amended and 25 CFR 162, to Lessee BP Exploration (Alaska) Inc., the successor in interest to Standard Alaska Production Company (BP) pursuant to Paragraph 8 of the original Lease Agreement signed in January 1989 (default provisions) and ¶34 of the Third Amendment to BIA Lease F-89-01 signed in May 1995 (barring Oengas' from communicating directly with BP and requiring communication be from BIA or its agent as Trustee for Oengas).

The specific items of default, breach, and failure to perform or comply with terms and conditions of the Lease as amended include:

1) Failure of BP to make proper and timely lease payments in the appropriate amounts as required by the Lease.
2) Unauthorized and unreasonable use of the property by utilizing the property to produce oil from the West Niakuk Lease.
3) Unauthorized and unreasonable use of the property by altering the footprint and thereby destroying the essential character and benefits of the property without the consent of the Lessor.

4) Material misrepresentation regarding the intended use of the property as an oil production pad as opposed to an oil pipeline corridor as shown by the Lease attachments.

Oengas demand that this Notice be sent immediately because of statute of limitation concerns. The Notice must demand that BP cure all Lease violations within 10 days or Oengas will exercise their Option under ¶ 8 of the Lease.

Please provide this office with a copy of the Notice at the address on the letterhead.

Thank you very much.

Sincerely,

Raymond C. Givens
Attorney for Oenga Heirs

RCG:jr

cc: Oenga Heirs
Office of Special Trustee
Assistant Secretary for Indian Affairs
Bureau of Indian Affairs Alaska Area Director
Roger Hudson, Deputy Solicitor, Bureau of Indian Affairs