# APPENDIX 6

# TOLLING AGREEMENT

THIS AGREEMENT is made and is effective as of June 29, 2000, by and between the United States of America (United States), the Nez Perce Tribe and the Confederated Tribes and Bands of the Yakama Nation (Yakama Nation), collectively "the Parties."

WHEREAS, the Nez Perce Tribe and the Yakama Nation contend that they have causes of action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), against the United States Department of Energy (DOE) for damages to natural resources (the "CERCLA Claims"). These CERCLA Claims are for DDT/DDE soil contamination at the Horseshoe Landfill and TCE contamination of groundwater beneath the Horn Rapids Landfill at the Hanford site;

WHEREAS, the U.S. Department of Energy, Richland Operations Office (DOE-RL) plans to 1) perform detailed surface soil sampling and limited biota sampling of the Horseshoe Landfill; 2) issue a report analyzing the sampling data; and 3) issue a "white paper" concerning the extent of TCE contamination beneath Horn Rapids Landfill;

WHEREAS, DOE-RL plans to begin the sampling process and drafting the white paper within 14 calendar days (days) after this agreement is executed;

WHEREAS, DOE-RL plans to provide drafts of the sampling report and white paper to the Nez Perce Tribe and the Yakama Nation for review and comment, and the Nez Perce Tribe and the Yakama Nation plan to provide comments to DOE-RL in 30 days, and DOE-RL plans to incorporate those comments as appropriate;

WHEREAS, the Parties plan to review this information before any litigation that may be initiated is required to be filed; and

Appendix 6

WHEREAS, the Parties desire to attempt to resolve the above-described dispute in anticipation of possible litigation, but without filing or otherwise initiating litigation or a legal action, through the use of alternative dispute resolution processes; and

THEREFORE, in consideration of the covenants contained herein and the mutual benefits to be derived therefrom, the Parties agree:

1. The time between the effective date of this Tolling Agreement and the 365th day after the effective date of this Tolling Agreement, inclusive, ("the Tolling Period") will not be included in calculating any statute of limitations that might be applicable to the CERCLA Claims . The United States agrees not to assert, plead or raise any defense or avoidance based on the running of any statute of limitations that may apply during the Tolling Period, or any defense or avoidance based on laches or other principles concerning the timeliness of commencing a civil action with respect to the CERCLA Claims, based on the failure of the Nez Perce Tribe or the Yakama Nation to file a complaint any time during the Tolling Period.
2. This Tolling Agreement does not constitute any admission of liability on the part of the United States; nor does it constitute any admission or acknowledgment on the part of the Nez Perce Tribe or the Yakama Nation that any statute of limitations has run or that any statute of limitations is applicable to the CERCLA Claims.
3. The United States reserves the right to assert, plead, or otherwise raise any defense based on the running of any applicable statute of limitations prior to the Tolling Period, or any defense based on laches or other principles concerning the timeliness of commencing a civil action that is based on the failure of the Nez Perce Tribe or the Yakama Nation to file a complaint any time prior to the Tolling Period.
4. Any of the Parties may withdraw from this Agreement by giving 30 day written notice to the other Parties, via certified mail. If any Party does give notice of its intention to withdraw from this Agreement, the Tolling Period shall end on the thirtieth day following the date of the receipt of such notice. Any applicable

CERCLA statute of limitations shall recommence running on the thirty-first day following the date of receipt of such notice.

5. This Tolling Agreement contains the entire agreement between the Parties regarding the timing of any litigation with respect to the CERCLA Claims and its effect on potential defenses of the United States, and no statement, promise or inducement made by any Party to this agreement, or any agent of such Parties, that is not set forth in this agreement shall be valid or binding. This Tolling Agreement may not be enlarged, modified or altered except in writing signed by the Parties and endorsed herein.

6. Nothing contained in this Agreement shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation. This Agreement in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation. Except as specifically provided, nothing in this Agreement alters the rights and/or liabilities of the Parties with respect to any potential litigation.

7. The undersigned representative of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this agreement and to legally bind such Party to this document.

For the UNITED STATES OF AMERICA

Date: June 27, 2001 By: ______________________

For THE NEZ PERCE TRIBE

Date: 7-5-01 By: ______________________

Date: 07-05-01 By: ______________________

For THE CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION

Date: [redacted] By: ______________________