IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA, | ) | No. 06-491 L<br>Chief Judge Edward Damich |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | PLAINTIFFS' SUPPLEMENTAL ATTACHMENTS TO JOINT PRELIMINARY STATUS REPORT |
| Defendant, and | ) | |
| BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC. and FOREST OIL CORPPRATION, | ) | |
| Defendant Intervenors. | ) | |

**PLAINTIFFS' SUPPLEMENTAL ATTACHMENTS TO JOINT PRELIMINARY STATUS REPORT**

Attached please find the following Supplemental Attachments to the Joint Preliminary Status Report filed this date by the United States:

- A substitute Appendix 8 which more concisely reflects the damages claimed.

- Relevant Statute and Regulations.

Dated this 21st day of February, 2007.

S/________________________
RAYMOND C. GIVENS
Givens Law Firm
P.O. Box 400
912 E. Sherman Ave.
Coeur d'Alene, Idaho 83816-0400
Tel. (208) 676-1310
Fax: (208) 676-1296
E-mail: raygivens@givenslaw.com
Attorney for Plaintiffs

**Certificate of Service**

I hereby certify that on the 21st day of February, 2007, I electronically filed the foregoing Plaintiffs' Supplemental Attachments to Joint Preliminary Status Report and Appendices with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record.

JAMES M. UPTON
U. S. Department of Justice
Environment & Natural Resources Div.
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 305-0482
Fax: (202) 305-0506
E-mail: james.upton@usdoj.gov
Attorney for Defendant

LOUIS R. VEERMAN
GARY ZIPKIN
JOSEPH J. PERKINS, JR.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501
907.793.2200 (switchboard)
907.793.2299 (fax)
E:mail: d.veerman@guessrudd.com
gzipkin@guessrudd.com
jperkins@guessrudd.com
Attorneys for Intervenors

S/________________________
RAYMOND C. GIVENS
Givens Law Firm

## PLAINTIFF'S DAMAGE ESTIMATES

**<u>CLAIM ONE</u> - $45,893,756** plus interest

| | |
|---|---|
| Rent equivalent to a 4 1/6% royalty | |
| 1% royalty x 4.167 | $46,563,948 |
| Less Amount Paid Oenga | -$670,192 |
| Damages | $45,893,756 |

Interest properly calculated as 18% compounded annually (1994-2006) – Lease ¶7

**<u>CLAIM TWO</u> - $22,348,907** plus interest **- $44,027,622** plus interest

| | |
|---|---|
| Fair annual rental equivalent to 2% royalty | |
| 1% royalty x 2 | $22,348,907 |
| Less Amount Paid Oenga | -$670,192 |
| Damages | $21,678,715 |
| Fair annual rental equivalent to 4% royalty | |
| 1% royalty x 4 | $44,697,814 |
| Less Amount Paid Oenga | -$670,192 |
| Damages | $44,027,622 |

Interest properly calculated as 18% compounded annually (1994-2006) – Lease ¶7

**<u>CLAIM THREE</u> –Estimate to be up to 40% of CLAIM ONE or CLAIM TWO damages pending discovery on volume of West Niakuk PA oil produced through facility.**

**Damage Estimate Data**

| A | B | C | D | E | F |
|---|---|---|---|---|---|
| Year | Total Vol. Niakuk Pool (bbls) | Price per Barrel | Oil Value Thru Pt Heald Pad | 1% Royalty | Amount Paid to Oenga |
| 1994 | 3,383,208 | $14.61 | $49,428,699 | $494,287 | $80,640 |
| 1995 | 7,043,658 | $14.62 | $102,978,280 | $1,029,783 | $80,640 |
| 1996 | 10,936,851 | $18.46 | $201,894,269 | $2,018,943 | $80,640 |
| 1997 | 10,264,904 | $17.23 | $176,864,296 | $1,768,643 | $80,640 |
| 1998 | 10,024,720 | $10.87 | $108,968,706 | $1,089,687 | $80,640 |
| 1999 | 9,356,945 | $15.56 | $145,594,064 | $1,455,941 | $88,997 |
| 2000 | 6,997,392 | $26.72 | $186,970,314 | $1,869,703 | $88,997 |
| 2001 | 6,627,597 | $21.84 | $144,746,718 | $1,447,467 | $88,997 |
| **Total** | **64,635,275** | | **$1,117,445,348** | **$11,174,454** | **$670,192** |

1. Column A reflects the relevant years of the Lease. The bold line dividing the years into the 4 year blocks reflect the Lease groupings.

2. Column B reflects the total barrels produced from the Niakuk Pool as published by the Alaska Oil and Conservation Commission (Commission). This included oil from Niakuk P.A. and West Niakuk P.A.

3. Column C reflects the annualized price/barrel as published by the U.S. Department of Energy.

4. Column D reflects the value of oil pumped through the Pt. Heald pad using the figures from Columns B and C.

5. Column E reflects 1% royalty calculated by taking that percentage of the amount in Column D.

6. Column F reflects money collected by the US and paid to the Oenga heirs under the Pt. Heald Lease by BP.

PLAINTIFFS' APPENDIX TO JOINT PRELIMINARY STATUS REPORT

B. RELEVANT STATUTES AND REGULATIONS

# INDEX TO PLAINTIFFS' RELEVANT STATUTES AND REGULATIONS APPENDED TO JOINT PRELIMINARY STATUS REPORT

CLAIMS I AND III STATUTES AND REGULATIONS

1. 25 U.S.C. 396 (2006)
2. 25 U.S.C. 396(c)(d)(e) and (g)
3. 30 U.S.C. 1701-57 (1990)
4. 30 U.S.C. 1701-57 (1996-current)
5. 25 C.F.R. 162 (1993)
6. 25 C.F.R. 162 (current)
7. 25 C.F.R. 211 (1993)
8. 25 C.F.R. 211 (1996-current)
9. 25 C.F.R. 212 (1993)
10. 25 C.F.R. 212 (1996-current)
11. 30 C.F.R. 206 (1990)
12. 30 C.F.R. 206 (current)
13. 43 C.F.R. 3160 (1990)
14. 43 C.F.R. 3160 (current)

CLAIM II STATUTES AND REGULATIONS

15. 25 U.S.C. 415 (1993)
16. 25 U.S.C. 415 (current)
17. 25 C.F.R. 162 (1993) (as appended above)
18. 25 C.F.R. 162 (current) (as appended above)

Westlaw.



25 U.S.C.A. § 396

C

**Effective: [See Text Amendments]**

UNITED STATES CODE ANNOTATED
TITLE 25. INDIANS
**CHAPTER 12--LEASE, SALE, OR SURRENDER OF ALLOTTED OR UNALLOTTED LANDS**
**→§ 396. Leases of allotted lands for mining purposes**

All lands allotted to Indians in severalty, except allotments made to members of the Five Civilized Tribes and Osage Indians in Oklahoma, may by said allottee be leased for mining purposes for any term of years as may be deemed advisable by the Secretary of the Interior; and the Secretary of the Interior is authorized to perform any and all acts and make such rules and regulations as may be necessary for the purpose of carrying the provisions of this section into full force and effect: *Provided*, That if the said allottee is deceased and the heirs to or devisees of any interest in the allotment have not been determined, or, if determined, some or all of them cannot be located, the Secretary of the Interior may offer for sale leases for mining purposes to the highest responsible qualified bidder, at public auction, or on sealed bids, after notice and advertisement, upon such terms and conditions as the Secretary of the Interior may prescribe. The Secretary of the Interior shall have the right to reject all bids whenever in his judgment the interests of the Indians will be served by so doing, and to readvertise such lease for sale.

Current through P.L. 109-237 (excluding P.L. 109-233, 109-234) approved 06-23-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

### § 396a. Leases of unallotted lands for mining purposes; duration of leases

On and after May 11, 1938, unallotted lands within any Indian reservation or lands owned by any tribe, group, or band of Indians under Federal jurisdiction, except those specifically excepted from the provisions of sections 396a to 396g of this title, may, with the approval of the Secretary of the Interior, be leased for mining purposes, by authority of the tribal council or other authorized spokesmen for such Indians, for terms not to exceed ten years and as long thereafter as minerals are produced in paying quantities.

**Effective: [See Text Amendments]**

### § 396b. Public auction of oil and gas leases; requirements

Leases for oil- and/or gas-mining purposes covering such unallotted lands shall be offered for sale to the highest responsible qualified bidder, at public auction or on sealed bids, after notice and advertisement, upon such terms and subject to such conditions as the Secretary of the Interior may prescribe. Such advertisement shall reserve to the Secretary of the Interior the right to reject all bids whenever in his judgment the interest of the Indians will be served by so doing, and if no satisfactory bid is received, or the accepted bidder fails to complete the lease, or the Secretary of the Interior shall determine that it is unwise in the interest of the Indians to accept the highest bid, said Secretary may readvertise such lease for sale, or with the consent of the tribal council or other governing tribal authorities, a lease may be made by private negotiations: *Provided*, That the foregoing provisions shall in no manner restrict the right of tribes organized and incorporated under sections 16 and 17 of the Act of June 18, 1934 (48 Stat. 984) [25 U.S.C.A. §§ 476, 477], to lease lands for mining purposes as therein provided and in accordance with the provisions of any constitution and charter adopted by any Indian tribe pursuant to the Act of June 18, 1934 [25 U.S.C.A. § 461 et seq.].

**Effective: [See Text Amendments]**

### § 396c. Lessees of restricted lands to furnish bonds for performance

On and after May 11, 1938, lessees of restricted Indian lands, tribal or allotted, for mining purposes, including oil and gas, shall furnish corporate surety bonds, in amounts satisfactory to the Secretary of the Interior, guaranteeing compliance with the terms of their leases: *Provided*, That personal surety bonds may be accepted where the sureties deposit as collateral with the said Secretary of the Interior any public-debt obligations of the United States guaranteed as to principal and interest by the United States equal to the full amount of such bonds, or other collateral satisfactory to the Secretary of the Interior, or show ownership to unencumbered real estate of a value equal to twice the amount of the bonds.

**Effective: [See Text Amendments]**

### § 396d. Rules and regulations governing operations; limitations on oil or gas leases

All operations under any oil, gas, or other mineral lease issued pursuant to the terms of sections 396a to 396g of this title or any other Act affecting restricted Indian lands shall be subject to the rules and regulations promulgated by the Secretary of the Interior. In the discretion of the said Secretary, any lease for oil or gas issued under the provisions of sections 396a to 396g of this title shall be made subject to the terms of any reasonable cooperative unit or other plan approved or prescribed by said Secretary prior or subsequent to the issuance of any such lease which involves the development or production of oil or gas from land covered by such lease.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Effective: [See Text Amendments]**

**§ 396e. Officials authorized to approve leases**

The Secretary of the Interior may, in his discretion, authorize superintendents or other officials in the Indian Service to approve leases for oil, gas, or other mining purposes covering any restricted Indian lands, tribal or allotted.

**Effective: [See Text Amendments]**

**§ 396f. Lands excepted from leasing provisions**

Sections 396a, 396b, 396c, and 396d of this title shall not apply to the Crow Reservation in Montana, the ceded lands of the Shoshone Reservation in Wyoming, the Osage Reservation in Oklahoma, nor to the coal and asphalt lands of the Choctaw and Chickasaw Tribes in Oklahoma.

**Effective: [See Text Amendments]**

**§ 396g. Subsurface storage of oil or gas**

The Secretary of the Interior, to avoid waste or to promote the conservation of natural resources or the welfare of the Indians, is authorized in his discretion to approve leases of lands that are subject to lease under section 396 or 396a of this title, for the subsurface storage of oil and gas, irrespective of the lands from which initially produced, and the Secretary is authorized, in order to provide for the subsurface storage of oil or gas, to approve modifications, amendments, or extensions of the oil and gas or other mining lease(s), if any, in effect as to restricted Indian lands, tribal or allotted, and may promulgate rules and regulations consistent with such leases, modifications, amendments, and extensions, relating to the storage of oil or gas thereunder. Any such leases may provide for the payment of a storage fee or rental on such stored oil or gas or, in lieu of such fee or rental, for a royalty other than that prescribed in the lease when such stored oil or gas is produced in conjunction with oil or gas not previously produced. It may be provided that any oil and gas lease under which storage of oil or gas is so authorized shall be continued in effect at least for the period of such storage use and so long thereafter as oil or gas not previously produced is produced in paying quantities.

**Effective: [See Text Amendments]**

**§ 397. Leases of lands for grazing or mining**

Where lands are occupied by Indians who have bought and paid for the same, and which lands are not needed for farming or agricultural purposes, and are not desired for individual allotments, the same may be leased by authority of the council speaking for such Indians, for a period not to exceed five years for grazing, or ten years for mining purposes in such quantities and upon such terms and conditions as the agent in charge of such reservation may recommend, subject to the approval of the Secretary of the Interior.

**Effective: [See Text Amendments]**

**§ 398. Leases of unallotted lands for oil and gas mining purposes**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.