Westlaw.



**30** U.S.C.A. § **1701**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**

§ **1701.** Congressional statement of findings and purposes

**(a)** Congress finds that--

**(1)** the Secretary of the Interior should enforce effectively and uniformly existing regulations under the mineral leasing laws providing for the inspection of production activities on lease sites on Federal and Indian lands;

**(2)** the system of accounting with respect to royalties and other payments due and owing on oil and gas produced from such lease sites is archaic and inadequate;

**(3)** it is essential that the Secretary initiate procedures to improve methods of accounting for such royalties and payments and to provide for routine inspection of activities related to the production of oil and gas on such lease sites; and

**(4)** the Secretary should aggressively carry out his trust responsibility in the administration of Indian oil and gas.

**(b)** It is the purpose of this chapter--

**(1)** to clarify, reaffirm, expand, and define the responsibilities and obligations of lessees, operators, and other persons involved in transportation or sale of oil and gas from the Federal and Indian lands and the Outer Continental Shelf;

**(2)** to clarify, reaffirm, expand, and define the authorities and responsibilities of the Secretary of the Interior to implement and maintain a royalty management system for oil and gas leases on Federal lands, Indian lands, and the Outer Continental Shelf;

**(3)** to require the development of enforcement practices that ensure the prompt and proper collection and disbursement of oil and gas revenues owed to the United States and Indian lessors and those inuring to the benefit of States;

**(4)** to fulfill the trust responsibility of the United States for the administration of Indian oil and gas resources; and

**(5)** to effectively utilize the capabilities of the States and Indian tribes in developing and maintaining an efficient and effective Federal royalty management system.

(Pub.L. 97-451, § 2, Jan. 12, 1983, 96 Stat. 2448.)

HISTORICAL NOTES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1701**

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsec. (b), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections **1701,** 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out below and Tables volume.

**Effective Date.** Section 305 of Pub.L. 97-451 provided that: The provisions of this Act [enacting this chapter, amending sections 188 and 191 of this title, and enacting provisions set out as notes under sections **1701,** 1714, and 1752 of this title] shall apply to oil and gas leases issued before, on, or after the date of the enactment of this Act, [Jan. 12, 1983], except that in the case of a lease issued before such date, no provision of this Act or any rule or regulation prescribed under this Act shall alter the express and specific provisions of such a lease."

**Short Title.** Section 1 of Pub.L. 97-451 provided that: "This Act [enacting this chapter, amending sections 188 and 191 of this title, and enacting provisions set out as notes under sections **1701,** 1714, and 1752 of this title] may be cited as the 'Federal Oil and Gas Royalty Management Act of 1982'."

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**WEST'S FEDERAL PRACTICE MANUAL**

1986 Main Volume West's Federal Practice Manual

Minerals on federal lands, see § 5301, et seq.

CODE OF FEDERAL REGULATIONS

1986 Main Volume Code of Federal Regulations

Royalty management, delegation to states, see **30** CFR 229.100 et seq.

**LAW REVIEW COMMENTARIES**

Minerals management service royalty audits: A primer. Susan N.H. Dixon, 35 Fed.Bar News, 38 (January 1988).

**30** U. S. C. A. § **1701**

**30** USCA § **1701**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1702**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**

§ **1702.** Definitions

For the purposes of this chapter, the term--

**(1)** "Federal land" means all land and interests in land owned by the United States which are subject to the mineral leasing laws, including mineral resources or mineral estates reserved to the United States in the conveyance of a surface or nonmineral estate;

**(2)** "Indian allottee" means any Indian for whom land or an interest in land is held in trust by the United States or who holds title subject to Federal restriction against alienation;

**(3)** "Indian lands" means any lands or interest in lands of an Indian tribe or an Indian allottee held in trust by the United States or which is subject to Federal restriction against alienation or which is administered by the United States pursuant to section 1613(g) of Title 43, including mineral resources and mineral estates reserved to an Indian tribe or an Indian allottee in the conveyance of a surface or nonmineral estate, except that such term does not include any lands subject to the provisions of section 3 of the Act of June 28, 1906 (34 Stat. 539);

**(4)** "Indian tribe" means any Indian tribe, band, nation, pueblo, community, rancheria, colony, or other group of Indians, including the Metlakatla Indian Community of Annette Island Reserve, for which any land or interest in land is held by the United States in trust or which is subject to Federal restriction against alienation or which is administered by the United States pursuant to section 1613 of Title 43;

**(5)** "lease" means any contract, profit-share arrangement, joint venture, or other agreement issued or approved by the United States under a mineral leasing law that authorizes exploration for, extraction of, or removal of oil or gas;

**(6)** "lease site" means any lands or submerged lands, including the surface of a severed mineral estate, on which exploration for, or extraction or removal of, oil or gas is authorized pursuant to a lease;

**(7)** "lessee" means any person to whom the United States, an Indian tribe, or an Indian allottee, issues a lease, or any person who has been assigned an obligation to make royalty or other payments required by the lease;

**(8)** "mineral leasing law" means any Federal law administered by the Secretary authorizing the disposition under lease of oil or gas;

**(9)** "oil or gas" means any oil or gas originating from, or allocated to, the Outer Continental Shelf, Federal, or Indian lands;

**(10)** "Outer Continental Shelf" has the same meaning as provided in the Outer Continental Shelf Lands Act (Public Law 95-372) [43 U.S.C.A. § 1331 et seq.];

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1702**

**(11)** "operator" means any person, including a lessee, who has control of, or who manages operations on, an oil and gas lease site on Federal or Indian lands or on the Outer Continental Shelf;

**(12)** "person" means any individual, firm, corporation, association, partnership, consortium, or joint venture;

**(13)** "production" means those activities which take place for the removal of oil or gas, including such removal, field operations, transfer of oil or gas off the lease site, operation monitoring, maintenance, and workover drilling;

**(14)** "royalty" means any payment based on the value or volume of production which is due to the United States or an Indian tribe or an Indian allottee on production of oil or gas from the Outer Continental Shelf, Federal, or Indian lands, or any minimum royalty owed to the United States or an Indian tribe or an Indian allottee under any provision of a lease;

**(15)** "Secretary" means the Secretary of the Interior or his designee; and

**(16)** "State" means the several States of the Union, the District of Columbia, Puerto Rico, the territories and possessions of the United States, and the Trust Territory of the Pacific Islands.

(Pub.L. 97-451, § 3, Jan. 12, 1983, 96 Stat. 2448.)

(As amended Pub.L. 92-203, § 29(f)(1), as added Pub.L. 100-241, § 15, Feb. 3, 1988, 101 Stat. 1813.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in provision preceding par. (1), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

Section 3 of the Act of June 28, 1906 (34 Stat. 539), referred to in par. (3), is not classified to the Code.

"Outer Continental Shelf" as provided in the Outer Continental Shelf Lands Act (Public Law 95-372), referred to in par. (10), is defined in section 1331(a) of Title 43, Public Lands.

**1988 Amendment.** Pars. (3), (4). Pub.L. 100-241 substituted in pars. (3) and (4) "Federal restriction against alienation or which is administered by the United States pursuant to section 1613(g) of Title 43" for "Federal restriction against alienation".

**Effective Date of 1988 Amendment.** Section 29(f)(2) of Pub.L. 92-203, as added Pub.L. 100-241, § 15, Feb. 3, 1988, 101 Stat. 1813, provided that: "The amendment made by paragraph (1) [amending pars. (3) and (4) of this section] shall be effective as if originally included in section 3 of Pub.L. 97-451 [which enacted this section]."

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

News, p. 4268.

For legislative history and purpose of Pub.L. 100-203, see 1987 U.S.Code Cong. and Adm.News, p. 2313-1.

**WEST'S FEDERAL PRACTICE MANUAL**

1986 Main Volume West's Federal Practice Manual

Minerals on federal lands, see § 5301 et seq.

**30** U. S. C. A. § **1702**

**30** USCA § **1702**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1711**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1711.** Duties of Secretary

(a) Establishment of inspection, collection, and accounting and auditing system

The Secretary shall establish a comprehensive inspection, collection and fiscal and production accounting and auditing system to provide the capability to accurately determine oil and gas royalties, interest, fines, penalties, fees, deposits, and other payments owed, and to collect and account for such amounts in a timely manner.

(b) Annual inspection of lease sites; training

The Secretary shall--

**(1)** establish procedures to ensure that authorized and properly identified representatives of the Secretary will inspect at least once annually each lease site producing or expected to produce significant quantities of oil or gas in any year or which has a history of noncompliance with applicable provisions of law or regulations; and

**(2)** establish and maintain adequate programs providing for the training of all such authorized representatives in methods and techniques of inspection and accounting that will be used in the implementation of this chapter.

(c) Audit and reconciliation of lease accounts; contracts with certified public accountants; availability of books, accounts, records, etc., necessary for audit

**(1)** The Secretary shall audit and reconcile, to the extent practicable, all current and past lease accounts for leases of oil or gas and take appropriate actions to make additional collections or refunds as warranted. The Secretary shall conduct audits and reconciliations of lease accounts in conformity with the business practices and recordkeeping systems which were required of the lessee by the Secretary for the period covered by the audit. The Secretary shall give priority to auditing those lease accounts identified by a State or Indian tribe as having significant potential for underpayment. The Secretary may also audit accounts and records of selected lessees and operators.

**(2)** The Secretary may enter into contracts or other appropriate arrangements with independent certified public accountants to undertake audits of accounts and records of any lessee or operator relating to the lease of oil or gas. Selection of such independent certified public accountants shall be by competitive bidding in accordance with the Federal Property and Administrative Services Act of 1949 (41 U.S.C. 252), except that the Secretary may not enter into a contract or other arrangement with any independent certified public accountant to audit any lessee or operator where such lessee or operator is a primary audit client of such certified public accountant.

**(3)** All books, accounts, financial records, reports, files, and other papers of the Secretary, or used by the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Secretary, which are reasonably necessary to facilitate the audits required under this section shall be made available to any person or governmental entity conducting audits under this chapter.

(Pub.L. 97-451, Title I, § 101, Jan. 12, 1983, 96 Stat. 2449.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsecs. (b)(2) and (c)(3), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

The Federal Property and Administrative Services Act of 1949, referred to in subsec. (c)(2), is Act June **30**, 1949, c. 288, 63 Stat. 377, as amended. Provisions of the Act relating to contracts are classified generally to subchapter IV (section 251 et seq.) of chapter 4 of Title 41, Public Contracts. For complete classification of this Act to the Code, see Short Title note set out under section 471 of Title 40, Public Buildings, Property, and Works, and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Contracts with non-Federal Government inspectors, auditors, etc., see section 1751 of this title.

**30** U. S. C. A. § **1711**

**30** USCA § **1711**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1712**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1712.** Duties of lessees, operators, and motor vehicle transporters

(a) Payments by lessees; notification to Secretary of assignment of obligation to make payment

A lessee--

**(1)** who is required to make any royalty or other payment under a lease or under the mineral leasing laws, shall make such payments in the time and manner as may be specified by the Secretary; and

**(2)** shall notify the Secretary, in the time and manner as may be specified by the Secretary, of any assignment the lessee may have made of the obligation to make any royalty or other payment under a lease or under the mineral leasing laws.

(b) Development of and compliance with site security plan and minimum site security measures by operators; notification to Secretary of well production

An operator shall--

**(1)** develop and comply with a site security plan designed to protect the oil or gas produced or stored on an onshore lease site from theft, which plan shall conform with such minimum standards as the Secretary may prescribe by rule, taking into account the variety of circumstances at lease sites;

**(2)** develop and comply with such minimum site security measures as the Secretary deems appropriate to protect oil or gas produced or stored on a lease site or on the Outer Continental Shelf from theft; and

**(3)** not later than the 5th business day after any well begins production anywhere on a lease site or allocated to a lease site, or resumes production in the case of a well which has been off of production for more than 90 days, notify the Secretary, in the manner prescribed by the Secretary, of the date on which such production has begun or resumed.

(c) Possession of documentation by transporters of oil or gas by motor vehicle or pipeline

**(1)** Any person engaged in transporting by motor vehicle any oil from any lease site, or allocated to any such lease site, shall carry, on his person, in his vehicle, or in his immediate control, documentation showing, at a minimum, the amount, origin, and intended first destination of the oil.

**(2)** Any person engaged in transporting any oil or gas by pipeline from any lease site, or allocated to any lease site, on Federal or Indian lands shall maintain documentation showing, at a minimum, amount, origin, and intended first

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1712**

destination of such oil or gas.

(Pub.L. 97-451, Title I, § 102, Jan. 12, 1983, 96 Stat. 2450.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Civil penalties for violations of this section, see section 1719 of this title.

**30** U. S. C. A. § **1712**

**30** USCA § **1712**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1713**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1713.** Required recordkeeping

(a) Maintenance and availability of records, reports, and information for inspection and duplication

A lessee, operator, or other person directly involved in developing, producing, transporting, purchasing, or selling oil or gas subject to this chapter through the point of first sale or the point of royalty computation, whichever is later, shall establish and maintain any records, make any reports, and provide any information that the Secretary may, by rule, reasonably require for the purposes of implementing this chapter or determining compliance with rules or orders under this chapter. Upon the request of any officer or employee duly designated by the Secretary or any State or Indian tribe conducting an audit or investigation pursuant to this chapter, the appropriate records, reports, or information which may be required by this section shall be made available for inspection and duplication by such officer or employee, State, or Indian tribe.

(b) Length of time maintenance required

Records required by the Secretary with respect to oil and gas leases from Federal or Indian lands or the Outer Continental Shelf shall be maintained for 6 years after the records are generated unless the Secretary notifies the record holder that he has initiated an audit or investigation involving such records and that such records must be maintained for a longer period. In any case when an audit or investigation is underway, records shall be maintained until the Secretary releases the record holder of the obligation to maintain such records.

(Pub.L. 97-451, Title I, § 103, Jan. 12, 1983, 96 Stat. 2451.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsec. (a), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1713**

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

## NOTES OF DECISIONS

### 1. Computation of royalties

Federal Minerals Management Service orders directing oil and gas lessee to use net back method for computing gas royalties payable to federal, state and local parties were within agency's authority under applicable statutes and regulations, and neither violated nor were inconsistent with provisions of oil and gas leases which, by their express terms, provided for a royalty to be paid on production removed or sold from lease lands computed in accordance with oil and gas regulating operations. Marathon Oil Co. v. U.S., D.C.Alaska 1985, 604 F.Supp. 1375, affirmed 807 F.2d 759, certiorari denied 107 S.Ct. 1593, 480 U.S. 940, 94 L.Ed.2d 782.

**30** U. S. C. A. § **1713**

**30** USCA § **1713**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1714**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1714.** Deposit of royalty funds to Indian accounts

Deposits of any royalty funds derived from the production of oil or gas from, or allocated to, Indian lands shall be made by the Secretary to the appropriate Indian account at the earliest practicable date after such funds are received by the Secretary but in no case later than the last business day of the month in which such funds are received.

(Pub.L. 97-451, Title I, § 104(b), Jan. 12, 1983, 96 Stat. 2452.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section 104(c) of Pub.L. 97-451 provided that: "The provisions of this section [enacting this section and amending section 191 of this title] shall apply with respect to payments received by the Secretary after October 1, 1983, unless the Secretary, by rule, prescribes an earlier effective date."

Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Computation of interest charges on late deposits, see section 1721 of this title.

**30** U. S. C. A. § **1714**

**30** USCA § **1714**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1715**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1715.** Explanation of payments

(a) Description, period, source, etc., of payments to States or Indians

When any payment (including amounts due from receipt of any royalty, bonus, interest charge, fine, or rental) is made by the United States to a State with respect to any oil or gas lease on Federal lands or is deposited in the appropriate Indian account on behalf of an Indian tribe or Indian allottee with respect to any oil and gas lease on Indian lands, there shall be provided, together with such payment, a description of the type of payment being made, the period covered by such payment, the source of such payment, production amounts, the royalty rate, unit value and such other information as may be agreed upon by the Secretary and the recipient State, Indian tribe, or Indian allottee.

(b) Effective date

This section shall take effect with respect to payments made after October 1, 1983, unless the Secretary, by rule, prescribes an earlier effective date.

(Pub.L. 97-451, Title I, § 105, Jan. 12, 1983, 96 Stat. 2452.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1715**

**30** USCA § **1715**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1716**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1716.** Liabilities and bonding

A person (including any agent or employee of the United States and any independent contractor) authorized to collect, receive, account for, or otherwise handle any moneys payable to, or received by, the Department of the Interior which are derived from the sale, lease, or other disposal of any oil or gas shall be--

**(1)** liable to the United States for any losses caused by any intentional or reckless action or inaction of such individual with respect to such moneys; and

**(2)** in the case of an independent contractor, required as the Secretary deems necessary to maintain a bond commensurate with the amount of money for which such individual could be liable to the United States.

(Pub.L. 97-451, Title I, § 106, Jan. 12, 1983, 96 Stat. 2452.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**WEST'S FEDERAL FORMS**

1986 Main Volume West's Federal Forms

Bonds and undertakings, see §§ 1521 to 1524.

**30** U. S. C. A. § **1716**

**30** USCA § **1716**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1717**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1717.** Hearings and investigations

(a) Authorization; affidavits, oaths, subpenas, testimony, and payment of witnesses

In carrying out his duties under this chapter the Secretary may conduct any investigation or other inquiry necessary and appropriate and may conduct, after notice, any hearing or audit, necessary and appropriate to carrying out his duties under this chapter. In connection with any such hearings, inquiry, investigation, or audit, the Secretary is also authorized where reasonably necessary--

**(1)** to require by special or general order, any person to submit in writing such affidavits and answers to questions as the Secretary may reasonably prescribe, which submission shall be made within such reasonable period and under oath or otherwise, as may be necessary;

**(2)** to administer oaths;

**(3)** to require by subpena the attendance and testimony of witnesses and the production of all books, papers, production and financial records, documents, matter, and materials, as the Secretary may request;

**(4)** to order testimony to be taken by deposition before any person who is designated by the Secretary and who has the power to administer oaths, and to compel testimony and the production of evidence in the same manner as authorized under paragraph (3) of this subsection; and

**(5)** to pay witnesses the same fees and mileage as are paid in like circumstances in the courts of the United States.

(b) Refusal to obey subpena

In case of refusal to obey a subpena served upon any person under this section, the district court of the United States for any district in which such person is found, resides, or transacts business, upon application by the Attorney General at the request of the Secretary and after notice to such person, shall have jurisdiction to issue an order requiring such person to appear and give testimony before the Secretary or to appear and produce documents before the Secretary. Any failure to obey such order of the court may be punished by such court as contempt thereof and subject to a penalty of up to $10,000 a day.

(Pub.L. 97-451, Title I, § 107, Jan. 12, 1983, 96 Stat. 2452.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1717**

**References in Text.** This chapter, referred to in subsec. (a), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**WEST'S FEDERAL FORMS**

1986 Main Volume West's Federal Forms

Administrative subpenas, enforcement of, see § 6004 et seq.

Affidavits, see § 1469 et seq.

Contempt proceedings, see § 5651 et seq.

Depositions, matters pertaining to, see § 3271 et seq.

Jurisdiction and venue in district courts, matters pertaining to, see § 1003 et seq.

Proceedings to compel discovery and enforcement of penalties for refusal to make discovery, see § 3681 et seq.

Production of documents, motions and orders pertaining to, see § 3551 et seq.

Subpenas, see § 3981 et seq.

**30** U. S. C. A. § **1717**

**30** USCA § **1717**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1718**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1718.** Inspections

(a) Motor vehicles on lease sites; vehicles not on lease site

**(1)** On any lease site on Federal or Indian lands, any authorized and properly identified representative of the Secretary may stop and inspect any motor vehicle that he has probable cause to believe is carrying oil from a lease site on Federal or Indian lands or allocated to such a lease site, for the purpose of determining whether the driver of such vehicle has documentation related to such oil as required by law.

**(2)** Any authorized and properly identified representative of the Secretary, accompanied by any appropriate law enforcement officer, or an appropriate law enforcement officer alone, may stop and inspect any motor vehicle which is not on a lease site if he has probable cause to believe the vehicle is carrying oil from a lease site on Federal or Indian lands or allocated to such a lease site. Such inspection shall be for the purpose of determining whether the driver of such vehicle has the documentation required by law.

(b) Inspection of lease sites for compliance with mineral leasing laws and this chapter.

Authorized and properly identified representatives of the Secretary may without advance notice, enter upon, travel across and inspect lease sites on Federal or Indian lands and may obtain from the operator immediate access to secured facilities on such lease sites, for the purpose of making any inspection or investigation for determining whether there is compliance with the requirements of the mineral leasing laws and this chapter. The Secretary shall develop guidelines setting forth the coverage and the frequency of such inspections.

(c) Right of Secretary to enter upon and travel across lease sites

For the purpose of making any inspection or investigation under this chapter, the Secretary shall have the same right to enter upon or travel across any lease site as the lessee or operator has acquired by purchase, condemnation, or otherwise.

(Pub.L. 97-451, Title I, § 108, Jan. 12, 1983, 96 Stat. 2453.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsecs. (b) and (c), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

## CROSS REFERENCES

Civil penalties for violations of this section, see section 1719 of this title.

Cooperative agreements for carrying out activities described in this section, see section 1732 of this title.

**30** U. S. C. A. § **1718**

**30** USCA § **1718**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1719**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1719.** Civil penalties

(a) Failure to comply with applicable law, to permit inspection, or to notify Secretary of assignment; exceptions to application of penalty

Any person who--

**(1)** after due notice of violation or after such violation has been reported under subparagraph (A), fails or refuses to comply with any requirements of this chapter or any mineral leasing law, any rule or regulation thereunder, or the terms of any lease or permit issued thereunder; or

**(2)** fails to permit inspection authorized in section 1718 of this title or fails to notify the Secretary of any assignment under section 1712(a)(2) of this title

shall be liable for a penalty of up to $500 per violation for each day such violation continues, dating from the date of such notice or report. A penalty under this subsection may not be applied to any person who is otherwise liable for a violation of paragraph (1) if:

**(A)** the violation was discovered and reported to the Secretary or his authorized representative by the liable person and corrected within 20 days after such report or such longer time as the Secretary may agree to; or

**(B)** after the due notice of violation required in paragraph (1) has been given to such person by the Secretary or his authorized representative, such person has corrected the violation within 20 days of such notification or such longer time as the Secretary may agree to.

(b) Failure to take corrective action

If corrective action is not taken within 40 days or a longer period as the Secretary may agree to, after due notice or the report referred to in subsection (a)(1) of this section, such person shall be liable for a civil penalty of not more than $5,000 per violation for each day such violation continues, dating from the date of such notice or report.

(c) Failure to make royalty payment; failure to permit lawful entry, inspection, or audit; failure to notify Secretary of well production

Any person who--

**(1)** knowingly or willfully fails to make any royalty payment by the date as specified by statute, regulation, order or terms of the lease;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1719**

**(2)** fails or refuses to permit lawful entry, inspection, or audit; or

**(3)** knowingly or willfully fails or refuses to comply with section 1712(b)(3) of this title,

shall be liable for a penalty of up to $10,000 per violation for each day such violation continues.

(d) False information; unauthorized removal, etc., of oil or gas; purchase, sale, etc., of stolen oil or gas

Any person who--

**(1)** knowingly or willfully prepares, maintains, or submits false, inaccurate, or misleading reports, notices, affidavits, records, data, or other written information;

**(2)** knowingly or willfully takes or removes, transports, uses or diverts any oil or gas from any lease site without having valid legal authority to do so; or

**(3)** purchases, accepts, sells, transports, or conveys to another, any oil or gas knowing or having reason to know that such oil or gas was stolen or unlawfully removed or diverted,

shall be liable for a penalty of up to $25,000 per violation for each day such violation continues.

(e) Hearing

No penalty under this section shall be assessed until the person charged with a violation has been given the opportunity for a hearing on the record.

(f) Deduction of penalty from sums owed by United States

The amount of any penalty under this section, as finally determined [FN1MV] may be deducted from any sums owing by the United States to the person charged.

(g) Compromise or reduction of penalties

On a case-by-case basis the Secretary may compromise or reduce civil penalties under this section.

(h) Notice

Notice under this subsection (a) of this section shall be by personal service by an authorized representative of the Secretary or by registered mail. Any person may, in the manner prescribed by the Secretary, designate a representative to receive any notice under this subsection.

(i) Reasons on record for amount of penalty

In determining the amount of such penalty, or whether it should be remitted or reduced, and in what amount, the Secretary shall state on the record the reasons for his determinations.

(j) Review

Any person who has requested a hearing in accordance with subsection (e) of this section within the time the Secretary has prescribed for such a hearing and who is aggrieved by a final order of the Secretary under this section may seek review of such order in the United States district court for the judicial district in which the violation

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

allegedly took place. Review by the district court shall be only on the administrative record and not de novo. Such an action shall be barred unless filed within 90 days after the Secretary's final order.

(k) Failure to pay penalty

If any person fails to pay an assessment of a civil penalty under this chapter--

**(1)** after the order making the assessment has become a final order and if such person does not file a petition for judicial review of the order in accordance with subsection (j) of this section, or

**(2)** after a court in an action brought under subsection (j) of this section has entered a final judgment in favor of the Secretary,

the court shall have jurisdiction to award the amount assessed plus interest from the date of the expiration of the 90-day period referred to in subsection (j) of this section. Judgment by the court shall include an order to pay.

(l) Nonliability for leases automatically terminated

No person shall be liable for a civil penalty under subsection (a) or (b) of this section for failure to pay any rental for any lease automatically terminated pursuant to section 188 of this title.

(Pub.L. 97-451, Title I, § 109, Jan. 12, 1983, 96 Stat. 2454.)

[FN1MV] So in original. Probably should be followed by a comma.

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsecs. (a)(1) and (k), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S.Code Cong. and Adm.News, p. 4268.

**CROSS REFERENCES**

Criminal penalties for certain acts enumerated in this section, see section 1720 of this title.

Shared civil penalties, see section 1736 of this title.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1720**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1720.** Criminal penalties

Any person who commits an act for which a civil penalty is provided in section 1719(d) of this title shall, upon conviction, be punished by a fine of not more than $50,000, or by imprisonment for not more than 2 years, or both.

(Pub.L. 97-451, Title I, § 110, Jan. 12, 1983, 96 Stat. 2455.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S.Code Cong. and Adm.News, p. 4268.

**WEST'S FEDERAL FORMS**

1986 Main Volume West's Federal Forms

Sentence and fine, see § 7531 et seq.

**30** U. S. C. A. § **1720**

**30** USCA § **1720**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1721**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1721.** Royalty interest, penalties, and payments

(a) Charge on late royalty payment or royalty payment deficiency

In the case of oil and gas leases where royalty payments are not received by the Secretary on the date that such payments are due, or are less than the amount due, the Secretary shall charge interest on such late payments or underpayments at the rate applicable under section 6621 of Title 26. In the case of an underpayment or partial payment, interest shall be computed and charged only on the amount of the deficiency and not on the total amount due.

(b) Charge on late payment made by Secretary to States

Any payment made by the Secretary to a State under section 191 of this title and any other payment made by the Secretary to a State from any oil or gas royalty received by the Secretary which is not paid on the date required under section 191 of this title shall include an interest charge computed at the rate applicable under section 6621 of Title 26.

(c) Deposit in royalty accounts of charges on royalties due and owing Indians

All interest charges collected under this chapter or under other applicable laws because of nonpayment, late payment or underpayment of royalties due and owing an Indian tribe or an Indian allottee shall be deposited to the same account as the royalty with respect to which such interest is paid.

(d) Charge on late deposit of royalty fund to an Indian account

Any deposit of royalty funds made by the Secretary to an Indian account which is not made by the date required under section 1714 of this title shall include an interest charge computed at the rate applicable under section 6621 of Title 26.

(e) Nonliability of States for Secretary's failure to comply with the Emergency Petroleum Allocation Act of 1973 or regulations thereunder

Notwithstanding any other provision of law, no State will be assessed for any interest or penalties found to be due against the Secretary for failure to comply with the Emergency Petroleum Allocation Act of 1973 [15 U.S.C.A. § 751 et seq.] or regulation of the Secretary of Energy thereunder concerning crude oil certification or pricing with respect to crude oil taken by the Secretary in kind as royalty. Any State share of an overcharge, resulting from such failure to comply, shall be assessed against moneys found to be due and owing to such State as a result of audits of royalty accounts for transactions which took place prior to January 12, 1983, except that if after the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

completion of such audits, sufficient moneys have not been found due and owing to any State, the State shall be assessed the balance of that State's share of the overcharge.

(f) Limitation on interest charged

Interest shall be charged under this section only for the number of days a payment is late.

(Pub.L. 97-451, Title I, § 111(a)-(f), Jan. 12, 1983, 96 Stat. 2455.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsec. (c), was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

The Emergency Petroleum Allocation Act of 1973, referred to in subsec. (e), is Pub. L. 93-159, Nov. 27, 1973, 87 Stat. 628, as amended, which is classified generally to chapter 16A (section 751 et seq.) of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 751 of Title 15 and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1721**

**30** USCA § **1721**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1722**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1722.** Injunction and specific enforcement authority

(a) Civil action by Attorney General

In addition to any other remedy under this chapter or any mineral leasing law, the Attorney General of the United States or his designee may bring a civil action in a district court of the United States, which shall have jurisdiction over such actions--

**(1)** to restrain any violation of this chapter; or

**(2)** to compel the taking of any action required by or under this chapter or any mineral leasing law of the United States.

(b) Venue

A civil action described in subsection (a) of this section may be brought only in the United States district court for the judicial district wherein the act, omission, or transaction constituting a violation under this chapter or any other mineral leasing law occurred, or wherein the defendant is found or transacts business.

(Pub.L. 97-451, Title I, § 112, Jan. 12, 1983, 96 Stat. 2456.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1722**

**WEST'S FEDERAL FORMS**

1986 Main Volume West's Federal Forms

Jurisdiction and venue in district courts, matters pertaining to, see § 1003 et seq.

Preliminary injunctions and temporary restraining orders, matters pertaining to, see § 5271 et seq.

**30** U. S. C. A. § **1722**

**30** USCA § **1722**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1723**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER I--FEDERAL ROYALTY MANAGEMENT AND ENFORCEMENT**

§ **1723.** Rewards

Where amounts representing royalty or other payments owed to the United States with respect to any oil and gas lease on Federal lands or the Outer Continental Shelf are recovered pursuant to any action taken by the Secretary under this chapter as a result of information provided to the Secretary by any person, the Secretary is authorized to pay to such person an amount equal to not more than 10 percent of such recovered amounts. The preceding sentence shall not apply to information provided by an officer or employee of the United States, an officer or employee of a State or Indian tribe acting pursuant to a cooperative agreement or delegation under this chapter, or any person acting pursuant to a contract authorized by this chapter.

(Pub.L. 97-451, Title I, § 113, Jan. 12, 1983, 96 Stat. 2456.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1723**

**30** USCA § **1723**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

50 App. U.S.C.A. § **1724**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 50 APPENDIX. WAR AND NATIONAL DEFENSE**
**ADMIRAL IN THE COAST GUARD**
**ACT MAR. 21, 1945, C. 30**, 59 STAT. 37

Repealed

§§ 1721 to 1725. Repealed. Pub.L. 101-225, Title III, § 307(15), Dec. 12, 1989, 103 Stat. 1925

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

Section 1721, Act Mar. 21, 1945, c. **30**, § 1, 59 Stat. 37, established the grade and rank of Admiral in the Coast Guard and provided for the appointment of the Commandant of the Coast Guard thereto.

Section 1722, Act Mar. 21, 1945, c. **30**, § 2, 59 Stat. 37, related to appointment without examination, tenure and effect on permanent or temporary status.

Section 1723, Act Mar. 21, 1945, c. **30**, § 3, 59 Stat. 37, related to pay and allowances of appointees under sections 1721 to 1725 of this Appendix.

Section **1724,** Act Mar. 21, 1945, c. **30**, § 4, 59 Stat. 37, related to rank and pay on retirement of appointees under sections 1721 to 1725 of this Appendix.

Section 1725, Act Mar. 21, 1945, c. **30**, § 5, 59 Stat. 37, provided for the termination of sections 1721 to 1725 of this Appendix six months after the termination of the wars in which the United States was engaged as proclaimed by the President or such earlier date as Congress, by concurrent resolution, might fix. Cessation of hostilities of World War II, eff. twelve o'clock noon, Dec. 31, 1946, was proclaimed by the President in Proc. No. 2714, Dec. 31, 1946, 12 F.R. 1. The Treaty of Peace with Japan, signed at San Francisco on Sept. 8, 1951, was ratified by the United States Senate on Mar. 20, 1952 and came into force on Apr. 28, 1952. See Termination of State of War notes set out preceding section 1 of this Appendix.

Effective Date of Repeal

Sections repealed effective Dec. 12, 1989, see section 309 of Pub.L. 101-225, set out as a note under section 12101 of Title 46, Shipping.

**Permanent Appointment**

Section 3 of Act Mar. 3, 1946, c. 112, 60 Stat. 60, provided for the permanent appointment in the grade of Admiral in the Coast Guard of Admiral Russell R. Waesche. Section also provided for full pay upon retirement.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1731**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER II--STATES AND INDIAN TRIBES**

§ **1731.** Application of subchapter

This subchapter shall apply only with respect to oil and gas leases on Federal lands or Indian lands. Nothing in this subchapter shall be construed to apply to any lease on the Outer Continental Shelf.

(Pub.L. 97-451, Title II, § 201, Jan. 12, 1983, 96 Stat. 2457.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Outer Continental Shelf lands--
Oil and gas leases, see section 1331 et seq. of Title 43, Public Lands.
Resource management, see section 1801 et seq. of Title 43.

**30** U. S. C. A. § **1731**

**30** USCA § **1731**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1732**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER II--STATES AND INDIAN TRIBES**

§ **1732.** Cooperative agreements

(a) Authorization of Secretary; permission of Indian tribe required for activities on Indian lands

The Secretary is authorized to enter into a cooperative agreement or agreements with any State or Indian tribe to share oil or gas royalty management information, to carry out inspection, auditing, investigation or enforcement (not including the collection of royalties, civil or criminal penalties or other payments) activities under this chapter in cooperation with the Secretary, and to carry out any other activity described in section 1718 of this title. The Secretary shall not enter into any such cooperative agreement with a State with respect to any such activities on Indian lands, except with the permission of the Indian tribe involved.

(b) Access to royalty accounting information

Except as provided in section 1733 of this title, and pursuant to a cooperative agreement--

**(1)** each State shall, upon request, have access to all royalty accounting information in the possession of the Secretary respecting the production, removal, or sale of oil or gas from leases on Federal lands within the State; and

**(2)** each Indian tribe shall, upon request, have access to all royalty accounting information in the possession of the Secretary respecting the production, removal, or sale of oil or gas from leases on Indian lands under the jurisdiction of such tribe.

Information shall be made available under paragraphs (1) and (2) as soon as practicable after it comes into the possession of the Secretary. Effective October 1, 1983, such information shall be made available under paragraphs (1) and (2) not later than **30** days after such information comes into the possession of the Secretary.

(c) Agreements in accordance with chapter 63 of Title 31; terms and conditions

Any cooperative agreement entered into pursuant to this section shall be in accordance with the provisions of chapter 63 of Title 31, and shall contain such terms and conditions as the Secretary deems appropriate and consistent with the purposes of this chapter, including, but not limited to, a limitation on the use of Federal assistance to those costs which are directly required to carry out the agreed upon activities.

(Pub.L. 97-451, Title II, § 202, Jan. 12, 1983, 96 Stat. 2457.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1732**

**References in Text.** This chapter, referred to in subsecs. (a) and (c), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Codification.** In subsec. (c), "chapter 63 of Title 31" was substituted for "the Federal Grant and Cooperative Agreement Act of 1977 [41 U.S.C.A. § 501 et seq.]" on authority of Pub.L. 97-258, § 4(b), Sept. 13, 1982, 96 Stat. 1067, the first section of which enacted Title 31, Money and Finance.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

## CROSS REFERENCES

Sharing of civil penalties resulting from activities pursuant to cooperative agreement under this section, see section 1736 of this title.

**30** U. S. C. A. § **1732**

**30** USCA § **1732**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1733**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER II--STATES AND INDIAN TRIBES**

§ **1733.** Information

(a) Availability of confidential information by Secretary pursuant to cooperative agreements; conditions

Trade secrets, proprietary and other confidential information shall be made available by the Secretary, pursuant to a cooperative agreement, to a State or Indian tribe upon request only if--

**(1)** such State or Indian tribe consents in writing to restrict the dissemination of the information to those who are directly involved in an audit or investigation under this chapter and who have a need to know;

**(2)** such State or tribe accepts liability for wrongful disclosure;

**(3)** in the case of a State, such State demonstrates that such information is essential to the conduct of an audit or investigation or to litigation under section 1734 of this title; and

**(4)** in the case of an Indian tribe, such tribe demonstrates that such information is essential to the conduct of an audit or investigation and waives sovereign immunity by express consent for wrongful disclosure by such tribe.

(b) Nonliability of United States for wrongful disclosure

The United States shall not be liable for the wrongful disclosure by any individual, State, or Indian tribe of any information provided to such individual, State, or Indian tribe pursuant to any cooperative agreement or a delegation, authorized by this chapter.

(c) Law governing disclosure

Whenever any individual, State, or Indian tribe has obtained possession of information pursuant to a cooperative agreement authorized by this section, or any individual or State has obtained possession of information pursuant to a delegation under section 1735 of this title, the individual shall be subject to the same provisions of law with respect to the disclosure of such information as would apply to an officer or employee of the United States or of any department or agency thereof and the State or Indian tribe shall be subject to the same provisions of law with respect to the disclosure of such information as would apply to the United States or any department or agency thereof. No State or State officer or employee who receives trade secrets, proprietary information, or other confidential information under this chapter may be required to disclose such information under State law.

(Pub.L. 97-451, Title II, § 203, Jan. 12, 1983, 96 Stat. 2458.)

HISTORICAL NOTES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1733**

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsecs. (a)(1), (b), and (c), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Access to royalty accounting information, see section 1732 of this title.

**30** U. S. C. A. § **1733**

**30** USCA § **1733**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1734**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER II--STATES AND INDIAN TRIBES**

§ **1734.** State suits under Federal law

(a) Action for royalty, interest, or civil penalty; limitations; notice of suit; award of costs and fees

**(1)** A State may commence a civil action under this section against any person to recover any royalty, interest, or civil penalty which the State believes is due, based upon credible evidence, with respect to any oil and gas lease on Federal lands located within the State.

**(2)(A)** No action may be commenced under paragraph (1) prior to 90 days after the State has given notice in writing to the Secretary of the payment required. Such 90-day limitation may be waived by the Secretary on a case-by-case basis.

**(B)** If, within the 90-day period specified in subparagraph (A), the Secretary issues a demand for the payment concerned, no action may be commenced under paragraph (1) with respect to such payment during a 45-day period after issuance of such demand. If, during such 45-day period, the Secretary receives payment in full, no action may be commenced under paragraph (1).

**(C)** If the Secretary refers the case to the Attorney General of the United States within the 45-day period referred to in subparagraph (B) or within 10 business days after the expiration of such 45-day period, no action may be commenced under paragraph (1) if the Attorney General, within 45 days after the date of such referral, commences, and thereafter diligently prosecutes, a civil action in a court of the United States with respect to the payment concerned.

**(3)** The State shall notify the Secretary and the Attorney General of the United States of any suit filed by the State under this section.

**(4)** A court in issuing any final order in any action brought under paragraph (1) may award costs of litigation including reasonable attorney and expert witness fees, to any party in such action if the court determines such an award is appropriate.

(b) Venue; jurisdiction of district court

An action brought under subsection (a) of this section may be brought only in a United States district court for the judicial district in which the lease site or the leasing activity complained of is located. Such district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to require compliance or order payment in any such action.

(c) Recovery of civil penalty by State; deposit of rent, royalty, or interest recovery in Treasury of the United States

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1734**

**(1)** Notwithstanding any other provision of law, any civil penalty recovered by a State under subsection (a) of this section shall be retained by the State and may be expended in such manner and for such purposes as the State deems appropriate.

**(2)** Any rent, royalty, or interest recovered by a State under subsection (a) of this section shall be deposited in the Treasury of the United States in the same manner, and subject to the same requirements, as are applicable in the case of any rent, royalty, or interest collected by an officer or employee of the United States, except that such amounts shall be deposited in the Treasury not later than 10 days after receipt by the State.

(Pub.L. 97-451, Title II, § 204, Jan. 12, 1983, 96 Stat. 2458.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub.L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Cooperative agreements for disclosure of confidential information by Secretary to States for use in litigation under this section, see section 1733 of this title.

Statute of limitations in action to recover penalties, see section 1755 of this title.

**WEST'S FEDERAL FORMS**

1986 Main Volume West's Federal Forms

Judgment and costs, see § 4491 et seq.

Jurisdiction and venue in district courts, matters pertaining to, see § 1003 et seq.

Taxation of costs, see §§ 4612 to 4632.

**30** U. S. C. A. § **1734**

**30** USCA § **1734**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1735**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER II--STATES AND INDIAN TRIBES**

§ **1735.** Delegation to States

(a) Authorization of Secretary; permission of Indian tribe required with respect to Indian lands

Upon written request of any State, the Secretary is authorized to delegate, in accordance with the provisions of this section, all or part of the authorities and responsibilities of the Secretary under this chapter to conduct inspections, audits, and investigations to any State with respect to all Federal lands or Indian lands within the State; except that the Secretary may not undertake such a delegation with respect to any Indian lands, except with the permission of the Indian tribe allottee involved.

(b) Prerequisites

After notice and opportunity for a hearing, the Secretary is authorized to delegate such authorities and responsibilities granted under this section as the State has requested, if the Secretary finds that--

**(1)** it is likely that the State will provide adequate resources to achieve the purposes of this chapter;

**(2)** the State has demonstrated that it will effectively and faithfully administer the rules and regulations of the Secretary under this chapter in accordance with the requirements of subsections (c) and (d) of this section; and

**(3)** such delegation will not create an unreasonable burden on any lessee,

with respect to the Federal lands and Indian lands within the State.

(c) Promulgation of regulations defining joint functions

The Secretary shall promulgate regulations which defined those functions, if any, which must be carried out jointly in order to avoid duplication of effort, and any delegation to any State must be made in accordance with those requirements.

(d) Promulgation of standards and regulations with respect to delegation

The Secretary shall by rule promulgate standards and regulations, pertaining to the authorities and responsibilities under subsection (a) of this section, including standards and regulations pertaining to:

**(1)** audits performed;

**(2)** records and accounts to be maintained; and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1735**

**(3)** reporting procedures to be required by States under this section.

Such standards and regulations shall be designed to provide reasonable assurance that a uniform and effective royalty management system will prevail among the States. The records and accounts under paragraph (2) shall be sufficient to allow the Secretary to monitor the performance of any State under this section.

(e) Revocation

If, after notice and opportunity for a hearing, the Secretary finds that any State to which any authority or responsibility of the Secretary has been delegated under this section is in violation of any requirement of this section or any rule thereunder, or that an affirmative finding by the Secretary under subsection (b) of this section can no longer be made, the Secretary may revoke such delegation.

(f) Compensation to State for costs of delegation

The Secretary shall compensate any State for those costs which may be necessary to carry out the delegated activities under this section. Payment shall be made no less than every quarter during the fiscal year.

(Pub.L. 97-451, Title II, § 205, Jan. 12, 1983, 96 Stat. 2459.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsecs. (a) and (b)(1), (2), was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Laws governing disclosure of information obtained by State pursuant to delegation under this section, see section 1733 of this title.

Sharing of civil penalties resulting from activities pursuant to delegation under this section, see section 1736 of this title.

**30** U. S. C. A. § **1735**

**30** USCA § **1735**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1736**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER II--STATES AND INDIAN TRIBES**

§ **1736.** Shared civil penalties

An amount equal to 50 per centum of any civil penalty collected by the Federal Government under this chapter resulting from activities conducted by a State or Indian tribe pursuant to a cooperative agreement under section 1732 of this title or a State under a delegation under section 1735 of this title, shall be payable to such State or tribe. Such amount shall be deducted from any compensation due such State or Indian tribe under section 1732 of this title or such State under section 1735 of this title.

(Pub. L. 97-451, Title II, § 206, Jan. 12, 1983, 96 Stat. 2460.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub.L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**CROSS REFERENCES**

Civil penalties, see section 1719 of this title.

**30** U. S. C. A. § **1736**

**30** USCA § **1736**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1751**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1751.** Secretarial authority

(a) Prescription of rules and regulations

The Secretary shall prescribe such rules and regulations as he deems reasonably necessary to carry out this chapter.

(b) Conformity with rulemaking provisions

Rules and regulations issued to implement this chapter shall be issued in conformity with section 553 of Title 5, notwithstanding section 553(a)(2) of that title.

(c) Contracts with non-Federal Government inspectors, auditors, etc.; coordination of auditing and enforcement functions

In addition to entering into cooperative agreements or delegation of authority authorized under this chapter, the Secretary may contract with such non-Federal Government inspectors, auditors, and other persons as he deems necessary to aid in carrying out his functions under this chapter and its implementation. With respect to his auditing and enforcement functions under this chapter, the Secretary shall coordinate such functions so as to avoid to the maximum extent practicable, subjecting lessees, operators, or other persons to audits or investigations of the same subject matter by more than one auditing or investigating entity at the same time.

(Pub.L. 97-451, Title III, § 301, Jan. 12, 1983, 96 Stat. 2460.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1751**

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

## CROSS REFERENCES

Contracts for certified public accountants in connection with audit and reconciliation of lease accounts, see section 1711 of this title.

**30** U. S. C. A. § **1751**

**30** USCA § **1751**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1752**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1752.** Reports

(a) Submission of annual report to Congress; contents

The Secretary shall submit to the Congress an annual report on the implementation of this chapter. The information to be included in the report and the format of the report shall be developed by the Secretary after consulting with the Committees on Interior and Insular Affairs of the House of Representatives and on Energy and Natural Resources of the Senate. The Secretary shall also report on the progress of the Department in reconciling account balances.

(b) Biennial audit of Federal royalty management system; submission to Secretary and Congress

Commencing with fiscal year 1984, the Inspector General of the Department of the Interior shall conduct a biennial audit of the Federal royalty management system. The Inspector General shall submit the results of such audit to the Secretary and to the Congress.

(Pub.L. 97-451, Title III, § 302, Jan. 12, 1983, 96 Stat. 2461.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in subsec. (a), was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and **1752** of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Study of the Adequacy of Royalty Management for Minerals on Federal and Indian** Lands. **Section 303 of Pub. L. 97-451 provided that:**

"(a) The Secretary shall study the question of the adequacy of royalty management for coal, uranium and other energy and nonenergy minerals on Federal and Indian lands. The study shall include proposed legislation if the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Secretary determines that such legislation is necessary to ensure prompt and proper collection of revenues owed to the United States, the States and Indian tribes or Indian allottees from the sale, lease or other disposal of such minerals.

"(b) The study required by subsection (a) of this section shall be submitted to Congress not later than one year from the date of the enactment of this Act [Jan. 12, 1983]."

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

## CROSS REFERENCES

Authority and responsibilities of Inspector General, see section 1753 of this title.

**30** U. S. C. A. § **1752**

**30** USCA § **1752**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1753**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1753.** Relation to other laws

(a) Supplemental nature of chapter

The penalties and authorities provided in this chapter are supplemental to, and not in derogation of, any penalties or authorities contained in any other provision of law.

(b) Responsibilities of Secretary related to minerals on Federal and Indian lands

Nothing in this chapter shall be construed to reduce the responsibilities of the Secretary to ensure prompt and proper collection of revenues from coal, uranium and other energy and nonenergy minerals on Federal and Indian lands, or to restrain the Secretary from entering into cooperative agreements or other appropriate arrangements with States and Indian tribes to share royalty management responsibilities and activities for such minerals under existing authorities.

(c) Authority and responsibilities of Inspector General and Comptroller General unaffected

Except as expressly provided in section 1752 (b) of this title, nothing in this chapter shall be construed to enlarge, diminish, or otherwise affect the authority or responsibility of the Inspector General of the Department of the Interior or of the Comptroller General of the United States.

(d) Lands and land interests entrusted to Tennessee Valley Authority unaffected

No provision of this chapter impairs or affects lands and interests in land entrusted to the Tennessee Valley Authority.

(Pub.L. 97-451, Title III, § 304, Jan. 12, 1983, 96 Stat. 2461.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1753**

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1753**

**30** USCA § **1753**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1754**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1754.** Funding

Effective October 1, 1983, there are hereby authorized to be appropriated such sums as may be necessary to carry out the provisions of this chapter, including such sums as may be necessary for the cooperative agreements, contracts, and delegations authorized by this chapter: Provided, That nothing in this chapter shall be construed to affect or impair any authority to enter into contracts or make payments under any other provision of law.

(Pub.L. 97-451, Title III, § 306, Jan. 12, 1983, 96 Stat. 2462.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451 see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1754**

**30** USCA § **1754**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1755**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1755.** Statute of limitations

Except in the case of fraud, any action to recover penalties under this chapter shall be barred unless the action is commenced within 6 years after the date of the act or omission which is the basis for the action.

(Pub.L. 97-451, Title III, § 307, Jan. 12, 1983, 96 Stat. 2462.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**WEST'S FEDERAL FORMS**

1986 Main Volume West's Federal Forms

Affirmative defenses, statute of limitations, see § 2112 et seq.

**30** U. S. C. A. § **1755**

**30** USCA § **1755**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**30** U.S.C.A. § **1756**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1756.** Expanded royalty obligations

Any lessee is liable for royalty payments on oil or gas lost or wasted from a lease site when such loss or waste is due to negligence on the part of the operator of the lease, or due to the failure to comply with any rule or regulation, order or citation issued under this chapter or any mineral leasing law.

(Pub.L. 97-451, Title III, § 308, Jan. 12, 1983, 96 Stat. 2462.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1756**

**30** USCA § **1756**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.



**30** U.S.C.A. § **1757**

**UNITED STATES CODE ANNOTATED**

COPR. © WEST 1990 No Claim to Orig. Govt. Works

**TITLE 30**. MINERAL LANDS AND MINING
**CHAPTER 29--OIL AND GAS ROYALTY MANAGEMENT**
**SUBCHAPTER III--GENERAL PROVISIONS**

§ **1757.** Severability

If any provision of this chapter or the applicability thereof to any person or circumstances is held invalid, the remainder of this chapter and the application of such provision to other persons or circumstances shall not be affected thereby.

(Pub.L. 97-451, Title III, § 309, Jan. 12, 1983, 96 Stat. 2462.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**References in Text.** This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 97-451, Jan. 12, 1983, 96 Stat. 2447, known as the Federal Oil and Gas Royalty Management Act of 1982, which enacted this chapter, amended sections 188 and 191 of this title, and enacted provisions set out as notes under sections 1701, 1714, and 1752 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 1701 of this title and Tables volume.

**Effective Date.** Section applicable to oil and gas leases issued before, on, or after Jan. 12, 1983, except that in the case of a lease issued before such date, no provision of this section or any rule or regulation prescribed under this section to alter the express and specific provisions of such lease, see section 305 of Pub.L. 97-451, set out as a note under section 1701 of this title.

**Legislative History.** For legislative history and purpose of Pub. L. 97-451, see 1982 U.S. Code Cong. and Adm. News, p. 4268.

**30** U. S. C. A. § **1757**

**30** USCA § **1757**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.