25 C.F.R. s 162.1

(1993)

CODE OF FEDERAL REGULATIONS
TITLE 25--INDIANS
CHAPTER 1--BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF THE INTERIOR
SUBCHAPTER H--LAND AND WATER
PART 162--LEASING AND PERMITTING

s 162.1 Definitions.

As used in this part:
(a) "Secretary" means the Secretary of the Interior or his authorized representative acting under delegated authority.
(b) "Individually owned land" means land or any interest therein held in trust by the United States for the benefit of individual Indians and land or any interest therein held by individual Indians subject to Federal restrictions against alienation or encumbrance.
(c) "Tribal land" means land or any interest therein held by the United States in trust for a tribe, band, community, group or pueblo of Indians, and land that is held by a tribe, band, community, group or pueblo of Indians subject to Federal restrictions against alienation or encumbrances, and includes such land reserved for Indian Bureau administrative purposes when it is not immediately needed for such purposes. The term also includes lands held by the United States in trust for an Indian corporation chartered under section 17 of the Act of June 18, 1934 (48 Stat. 984; 25 U.S.C. 476). This term also includes assignments of tribal land. Unless the terms of the assignment provide for the leasing of the land by the holder of the assignment, the tribe must join with the assignee in the grant of a lease.
(d) "Government land" means land, other than tribal land, acquired or reserved by the United States for Indian Bureau administrative purposes which are not immediately needed for the purposes for which they were acquired or reserved and land transferred to or placed under the jurisdiction of the Bureau of Indian Affairs.
(e) "Permit" means a privilege revocable at will in the discretion of the Secretary and not assignable, to enter on and use a specified tract of land for a specified purpose. The terms "lease", "lessor", and "lessee", when used in this part include, when applicable, "permit", "permitter", and "permittee", respectively.

PART 162--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; 25 U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; 25 U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s 162.2 Grants of leases by Secretary.

(a) The Secretary may grant leases on individually owned land on behalf of: (1) Persons who are non compos mentis; (2) orphaned minors; (3) the undetermined heirs of a decedent's estate; (4) the heirs or devisees to individually owned land who have not been able to agree upon a lease

during the three-month period immediately following the date on which a lease may be entered into; provided, that the land is not in use by any of the heirs or devisees; and (5) Indians who have given the Secretary written authority to execute leases on their behalf.
(b) The Secretary may grant leases on the individually owned land of an adult Indian whose whereabouts is unknown, on such terms as are necessary to protect and preserve such property.
(c) The Secretary may grant permits on Government land.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.3 Grants of leases by owners or their representatives.

The following may grant leases: (1) Adults, other than those non compos mentis, (2) adults other than those non compos mentis, on behalf of their minor children, and on behalf of minor children to whom they stand in loco parentis when such children do not have a legal representative, (3) the guardian, conservator or other fiduciary, appointed by a state court or by a tribal court operating under an approved constitution or law and order code, of a minor or persons who are non compos mentis or are otherwise under legal disability, (4) tribes or tribal corporations acting through their appropriate officials.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.4 Use of land of minors.

The natural or legal guardian, or other person standing in loco parentis of minor children who have the care and custody of such children may use the individually owned land of such children during the period of minority without charge for the use of the land if such use will enable such person to engage in a business or other enterprise which will be beneficial to such minor children.
PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.5 Special requirements and provisions.

(a) All leases made pursuant to the regulations in this part shall be in the form approved by the Secretary and subject to his written approval.
(b) Except as otherwise provided in this part no lease shall be approved or granted at less than the present fair annual rental.
(1) An adult Indian owner of trust or restricted land may lease his land for religious, educational, recreational or other public purposes to religious organizations or to agencies of the Federal, State or local government at a nominal rental. Such adult Indian may lease land to members of his immediate family with or without rental consideration. For purposes of this section, "immediate family" is defined as the Indian's spouse, brothers, sisters, lineal ancestors, or descendants.
(2) In the discretion of the Secretary, tribal land may be leased at a nominal rental for religious, education, recreational, or other public purposes to religious organizations or to agencies of Federal, State, or local governments; for purposes of subsidization for the benefit of the tribe; and for homesite purposes to tribal members provided the land is not commercial or industrial in character.
(3) Leases may be granted or approved by the Secretary at less than the fair annual rental when in his judgment such action would be in the best interest of the landowners.
(c) Unless otherwise provided by the Secretary a satisfactory surety bond will be required in an amount that will reasonably assure performance of the contractual obligations under the lease. Such bond may be for the purpose of guaranteeing:
(1) Not less than one year's rental unless the lease contract provides that the annual rental shall be paid in advance.
(2) The estimated construction cost of any improvement to be placed on the land by the lessee.
(3) An amount estimated to be adequate to insure compliance with any additional contractual obligations.
(d) The lessee may be required to provide insurance in an amount adequate to protect any improvements on the leased premises; the lessee may also be required to furnish appropriate liability insurance, and such other insurance as may be necessary to protect the lessor's interest.
(e) No lease shall provide the lessee a preference right to future leases nor shall any lease contain provisions for renewal, except as otherwise provided in this part. No lease shall be entered into more than 12 months prior to the commencement of the term of the lease. Except with the approval of the Secretary no lease shall provide for payment of rent in advance of the beginning of the annual use period for which such rent is paid. The lease contract shall contain provisions as to the dates rents shall become due and payable.
(f) Leases granted or approved under this part shall contain provisions as to whether payment of rentals is to be made direct to the owner of the land or his representative or to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises.
(g) All leases issued under this part shall contain the following provisions:
(1) While the leased premises are in trust or restricted status, all of the lessee's obligations under this lease, and the obligations of his sureties, are to the United States as well as to the owner of the land.
(2) Nothing contained in this lease shall operate to delay or prevent a termination of Federal trust responsibilities with respect to the land by the issuance of a fee patent or otherwise during the term

of the lease; however, such termination shall not serve to abrogate the lease. The owners of the land and the lessee and his surety or sureties shall be notified of any such change in the status of the land.
(3) The lessee agrees that he will not use or cause to be used any part of the leased premises for any unlawful conduct or purpose.
(h) Leases granted or approved under this part on individually owned lands which provide for payment of rental direct to the owner or his representative shall contain the following provisions:
(1) In the event of the death of the owner during the term of this lease and while the leased premises are in trust or restricted status, all rentals remaining due or payable to the decedent or his representative under the provisions of the lease shall be paid to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises.
(2) While the leased premises are in trust or restricted status, the Secretary may in his discretion suspend the direct rental payment provisions of this lease in which event the rentals shall be paid to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.6 Negotiation of leases.

(a) Leases of individually owned land or tribal land may be negotiated by those owners or their representatives who may execute leases pursuant to s **162**.3.
(b) Where the owners of a majority interest, or their representatives, who may grant leases under s **162**.3, have negotiated a lease satisfactory to the Secretary he may join in the execution of the lease and thereby commit the interests of those persons in whose behalf he is authorized to grant leases under s **162**.2(a)(1), (2), (3), and (5).
(c) Where the Secretary may grant leases under s **162**.2 he may negotiate leases when in his judgment the fair annual rental can thus be obtained.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.7 Advertisement.

Except as otherwise provided in this part, prior to granting a lease or permit as authorized under s **162**.2 the Secretary shall advertise the land for lease. Advertisements will call for sealed bids and will not offer preference rights.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.8 Duration of leases.

Leases granted or approved under this part shall be limited to the minimum duration, commensurate with the purpose of the lease, that will allow the highest economic return to the owner consistent with prudent management and conservation practices, and except as otherwise provided in this part shall not exceed the number of years provided for in this section. Except for those leases authorized by s **162**.5(b)(1) and (2), unless the consideration for the lease is based primarily on percentages of income produced by the land, the lease shall provide for periodic review, at not less than five-year intervals, of the equities involved. Such review shall give consideration to the economic conditions at the time, exclusive of improvement or development required by the contract or the contribution value of such improvements. Any adjustments of rental resulting from such review may be made by the Secretary where he has the authority to grant leases, otherwise the adjustment must be made with the written concurrence of the owners and the approval of the Secretary.
(a) Leases for public, religious, educational, recreational, residential, or business purposes shall not exceed 25 years but may include provisions authorizing a renewal or an extension for one additional term of not to exceed 25 years, except such leases of land on the Hollywood (formerly Dania) Reservation, Fla.; the Navajo Reservation, Ariz.; N. Mex., and Utah; the Palm Springs Reservation, Calif.; the Southern Ute Reservation, Colo.; the Fort Mohave Reservation, Calif., Ariz., and Nev.; the Pyramid Lake Reservation, Nev.; the Gila River Reservation, Ariz.; the San Carlos Apache Reservation, Ariz.; the Spokane Reservation, Wash.; the Hualapai Reservation, Ariz.; the Swinomish Reservation, Wash.; the Pueblos of Cochiti, Pojoaque, Tesuque, and Zuni, N. Mex.; and land on the Colorado River Reservation, Ariz., and Calif., as stated in s **162**.18; which leases may be made for terms of not to exceed 99 years.
(b) Leases may be made for **25** years for those farming purposes which require the making of a substantial investment in the improvement of the land for the production of specialized crops. To determine whether a long term lease is justified, it is necessary to give consideration to the nature of the crop to be grown, including the feasibility of growing the proposed crop. The amount or substantiality of the investment, as well as the necessity of such an investment in order to grow the proposed crop, are also elements to consider in evaluating the term of the proposed lease.
(c) Farming leases not granted for the purpose of growing specialized crops shall not exceed five years for dry-farming land or ten years for irrigable land.
(d) Grazing leases which require substantial development or improvement of the land shall not exceed ten years.

(e) Leases granted by the Secretary pursuant to s **162**.2(a)(3) shall be for a term of not to exceed two years except as otherwise provided in s **162**.6(b).

[26 FR 10966, Nov. 23, 1961, as amended at 29 FR 2542, Feb. 18, 1964; 34 FR 3686, Mar. 1, 1969. Redesignated at 47 FR 13327, Mar. 30, 1982]

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; 25 U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.9 Ownership of improvements.

Improvements placed on the leased land shall become the property of the lessor unless specifically excepted therefrom under the terms of the lease. The lease shall specify the maximum time allowed for removal of any improvements so excepted.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.10 Unitization for leasing.

Where it appears advantageous to the owners and advantageous to the operation of the land a single lease contract may include more than one parcel of land in separate ownerships, tribal or individual, provided the statutory authorities and other applicable requirements of this part are observed.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended,

751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.11 Conservation and land use requirement.

Farming and grazing operations conducted under leases granted or approved under this part shall be conducted in accordance with recognized principles of good practice and prudent management. Land use stipulations or conservation plans necessary to define such use shall be incorporated in and made a part of the lease.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.12 Subleases and assignments.

(a) Except as provided in paragraphs (b), (c), and (d) of this section, a sublease, assignment, amendment or encumbrance of any lease or permit issued under this part may be made only with the approval of the Secretary and the written consent of all parties to such lease or permit, including the surety or sureties.
(b) With the consent of the Secretary, the lease may contain a provision authorizing the lessee to sublease the premises, in whole or in part, without further approval. Subleases so made shall not serve to relieve the sublessor from any liability nor diminish any supervisory authority of the Secretary provided for under the approved lease.
(c) With the consent of the Secretary, the lease may contain provisions authorizing the lessee to encumber his leasehold interest in the premises for the purpose of borrowing capital for the development and improvement of the leased premises. The encumbrance instrument, must be approved by the Secretary. If a sale or foreclosure under the approved encumbrance occurs and the encumbrancer is the purchaser, he may assign the leasehold without the approval of the Secretary or the consent of the other parties to the lease, provided, however, that the assignee accepts and agrees in writing to be bound by all the terms and conditions of the lease. If the purchaser is a party other than the encumbrancer, approval by the Secretary of any assignment will be required, and such purchaser will be bound by the terms of the lease and will assume in writing all the obligations thereunder.
(d) With the consent of the Secretary, leases of tribal land to individual members of the tribe or to tribal housing authorities may contain provisions permitting the assignment of the lease without

further consent or approval where a lending institution or an agency of the United States makes, insures or guarantees a loan to an individual member of the tribe or to a tribal housing authority for the purpose of providing funds for the construction of housing for Indians on the leased premises; provided, the leasehold has been pledged as security for the loan and the lender has obtained the leasehold by foreclosure or otherwise. Such leases may with the consent of the Secretary also contain provisions permitting the lessee to assign the lease without further consent or approval.

[26 FR 10966, Nov. 23, 1961, as amended at 29 FR 2542, Feb. 18, 1964. Redesignated at 47 FR 13327, Mar. 30, 1982]

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.13 Payment of fees and drainage and irrigation charges.

(a) Except as provided in Part 174 of this chapter, any lease covering lands within an irrigation project or drainage district shall require the lessee to pay annually on or before the due date, during the term of the lease and in the amounts determined, all charges assessed against such lands. Such charges shall be in addition to the rental payments prescribed in the lease. All payments of such charges and penalties shall be made to the official designated in the lease to receive such payments.
(b) Unless otherwise provided in this part or by the Secretary, fees based upon the annual rental payable under the lease shall be collected on each lease, sublease, assignment, transfer, renewal, extension, modification, or other instrument issued in connection with the leasing or permitting of restricted lands under the regulations in this part.
(1) Except where all or any part of the expenses of the work are paid from tribal funds, in which event an additional or alternate schedule of fees may be established subject to the approval of the Secretary, the fee to be paid shall be as follows:
Rental Percent
On the first $500 3
On the next $4,500 2
On all rental above $5,000 1
In no event shall the fee be less than $2.00 nor exceed $250.
(2) In the case of percentage rental leases, the fee shall be calculated on the basis of the guaranteed minimum rental. Where rental consists of a stated annual cash rental in addition to a percentage rental, the estimated revenue anticipated from the percentage rental shall be mutually agreed upon solely for the purpose of fixing the fee. The fee to be collected in case of crop-share or other special consideration leases or permits shall be based on an estimate of the cash rental value of the acreage, or the estimated value of the lessor's share of the crops. No fees so collected shall be refunded.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162.**14 Violation of lease.

Upon a showing satisfactory to the Secretary that there has been a violation of the lease or the regulations in this part, the lessee shall be served with written notice setting forth in detail the nature of the alleged violation and allowing him ten days from the date of receipt of notice in which to show cause why the lease should not be cancelled. The surety or sureties shall be sent a copy of each such notice. If within the ten-day period, it is determined that the breach may be corrected and the lessee agrees to take the necessary corrective measures, he will be given an opportunity to carry out such measures and shall be given a reasonable time within which to take corrective action to cure the breach. If the lessee fails within such reasonable time to correct the breach or to furnish satisfactory reasons why the lease should not be cancelled, the lessee shall forthwith be notified in writing of the cancellation of the lease and demands shall be made for payment of all obligations and for possession of the premises. The notice of cancellation shall inform the lessee of his right to appeal pursuant to Part 2 of this chapter. Where breach of contract can be satisfied by the payment of damages, the Secretary may approve the damage settlement between the parties to the lease, or where the Secretary has granted the lease, he may accept the damage settlement. With the consent of the Secretary, leases of tribal land to individual members of the tribe or to tribal housing authorities for the purpose of providing lands on which housing for Indians is to be constructed, may contain a provision prohibiting the cancellation or termination of the lease during the period that a loan, loan insurance, or loan guarantee is in effect without the approval of the lender or the agency of the United States which has made, insured or guaranteed the loan for the construction of housing on the leased premises.

[29 FR 2542, Feb. 18, 1964. Redesignated at 47 FR 13327, Mar. 30, 1982]

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162.**15 Crow Reservation.

(a) Notwithstanding the regulations in other sections of this Part **162,** Crow Indians classified as

competent under the Act of June 4, 1920 (41 Stat. 751), as amended, may lease their trust lands and the trust lands of their minor children for farming or grazing purposes without the approval of the Secretary pursuant to the Act of May 26, 1926 (44 Stat. 658), as amended by the Act of March 15, 1948 (62 Stat. 80). However, at their election Crow Indians classified as competent may authorize the Secretary to lease, or assist in the leasing of such lands, and an appropriate notice of such action shall be made a matter of record. When this prerogative is exercised, the general regulations contained in this Part **162** shall be applicable. Approval of the Secretary is required on leases signed by Crow Indians not classified as competent or made on inherited or devised trust lands owned by more than five competent devisees or heirs.

(b) The Act of May 26, 1926 (44 Stat. 658), as amended by the Act of March 15, 1948 (62 Stat. 80), provides that no lease for farming or grazing purposes shall be made for a period longer than five years, except irrigable lands under the Big Horn Canal; which may be leased for periods of ten years. No such lease shall provide the lessee a preference right to future leases which, if exercised, would thereby extend the total period of encumbrance beyond the five or ten years authorized by law.

(c) All leases entered into by Crow Indians classified as competent, under the above-cited special statutes, must be recorded at the Crow Agency. Such recording shall constitute notice to all persons. Under these special statutes, Crow Indians classified as competent are free to lease their property within certain limitations. The five-year (ten-year in the case of lands under the Big Horn Canal) limitation is intended to afford a protection to the Indians. The essence of this protection is the right to deal with the property free, clear, and unencumbered at intervals at least as frequent as those provided by law. If lessees are able to obtain new leases long before the termination of existing leases, they are in a position to set their own terms. In these circumstances lessees could perpetuate their leaseholds and the protection of the statutory limitations as to terms would be destroyed. Therefore, in implementation of the foregoing interpretation, any lease which, on its face, is in violation of statutory limitations or requirements, and any grazing lease executed more than 12 months, and any farming lease executed more than 18 months, prior to the commencement of the term thereof or any lease which purports to cancel an existing lease with the same lessee as of a future date and take effect upon such cancellation will not be recorded. Under a Crow tribal program, approved by the Department of the Interior, competent Crow Indians may, under certain circumstances, enter into agreements which require that, for a specified term, their leases be approved. Information concerning whether a competent Crow Indian has executed such an instrument is available at the office of the Superintendent of the Crow Agency, Bureau of Indian Affairs, Crow Agency, Montana. Any lease entered into with a competent Crow Indian during the time such instrument is in effect and which is not in accordance with such instrument will be returned without recordation.

(d) Where any of the following conditions are found to exist, leases will be recorded but the lessee and lessor will be notified upon discovery of the condition: (1) The lease in single or counterpart form has not been executed by all owners of the land described in the lease, (2) there is, of record, a lease on the land for all or a part of the same term, (3) the lease does not contain stipulations requiring sound land utilization plans and conservation practices, or (4) there are other deficiencies such as, but not limited to, erroneous land descriptions, and alterations which are not clearly endorsed by the lessor.

(e) Any adult Crow Indian classified as competent shall have the full responsibility for obtaining compliance with the terms of any lease made by him pursuant to this section. This shall not preclude action by the Secretary to assure conservation and protection of these trust lands.

(f) Leases made by competent Crow Indians shall be subject to the right to issue permits and leases to prospect for, develop, and mine oil, gas, and other minerals, and to grant rights-of-way and easements, in accordance with applicable law and regulations. In the issuance or granting of such permits, leases, rights-of-way or easements due consideration will be given to the interests of lessees and to the adjustment of any damages to such interests. In the event of a dispute as to the amount of such damage, the matter will be referred to the Secretary whose determination will be final as to the amount of said damage.

[29 FR 473, Jan. 18, 1964. Redesignated at 47 FR 13327, Mar. 30, 1982]

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.16 Fort Belknap Reservation.

Not to exceed 20,000 acres of allotted and tribal lands (nonirrigable as well as irrigable) on the Fort Belknap Reservation in Montana may be leased for the culture of sugar beets and other crops in rotation for terms not exceeding 10 years.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.17 Cabazon, Augustine, and Torres-Martinez Reservations, California.

(a) Upon a determination by the Secretary that the owner or owners are not making beneficial use thereof, restricted lands on the Cabazon, Augustine, and Torres-Martinez Indian Reservations which are or may be irrigated from distribution facilities administered by the Coachella Valley County Water District in Riverside County, California, may be leased by the Secretary in accordance with the regulations in this part for the benefit of the owner or owners.
(b) All leases granted or approved on restricted lands of the Cabazon, Augustine, and Torres-Martinez Indian Reservations shall be filed for record in the office of the county recorder of the county in which the land is located, the cost thereof to be paid by the lessee. A copy of each such lease shall be filed by the lessee with the Coachella Valley County Water District or such other irrigation or water district within which the leased lands are located. All such leases shall include a provision that the lessee, in addition to the rentals provided for in the lease, shall pay all irrigation charges properly assessed against the land which became payable during the term of the lease. Act of August **25**, 1950 (64 Stat. 470); Act of August 28, 1958 (72 Stat. 968).

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.18 Colorado River Reservation.

The Act of April 30, 1964 (78 Stat. 188), fixed the beneficial ownership of the Colorado River Reservation in the Colorado River Indian Tribes of the Colorado River Reservation and authorized the Secretary of the Interior to approve leases of said lands for such uses and terms as are authorized by the Act of August 9, 1955 (69 Stat. 539), as amended (**25** U.S.C. 415, et seq.), including the same uses and terms as are permitted thereby on the Agua Caliente (Palm Springs), Dania, Navajo, and Southern Ute Reservations. Regulations in this Part **162** govern leasing under the Act of August 9, 1955. Therefore, Part **162** shall also govern the leasing of lands on the Colorado River Reservation: Provided, however, That application of this Part **162** shall not extend to any lands lying west of the present course of the Colorado River and south of sec. 12 of T. 5 S., R. 23 E., San Bernardino base and meridian in California and shall not be construed to affect the resolution of any controversy over the location of the boundary of the Colorado River Reservation; Provided further, That any of the described lands in California shall be subject to the provisions of this Part **162** when and if determined to be within the reservation.

[30 FR 14156, Nov. 10, 1965, as amended at 35 FR 18051, Nov. **25**, 1970. Redesignated at 47 FR 13327, Mar. 30, 1982]

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.19 Grazing units excepted.

Tribal or individually owned lands within range units established pursuant to Part 166 of this chapter, general grazing regulations, shall not be leased and permits respecting such lands shall not be issued under this part.

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; **25** U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.

s **162**.20 San Xavier and Salt River Pima-Maricopa Reservations.

(a) Purpose and scope. The Act of November 2, 1966 (80 Stat. 1112), provides statutory authority for long-term leasing on the San Xavier and Salt River Pima-Maricopa Reservations, Ariz., in addition to that contained in the Act of August 9, 1955 (69 Stat. 539), as amended (**25** U.S.C. 415). When leases are made under the 1955 Act on the San Xavier or Salt River Pima-Maricopa Reservations, the regulations in ss **162**.1 through **162**.14 and in s **162**.19 apply. The purpose of this s **162**.20 is to provide regulations for implementation of the 1966 Act. The 1966 Act does not apply to leases made for purposes that are subject to the laws governing mining leases on Indian lands.
(b) Duration of leases. Leases made under the 1966 Act for public, religious, educational, recreational, residential, or business purposes may be made for terms of not to exceed 99 years. The terms of a grazing lease shall not exceed 10 years; the term of a farming lease that does not require the making of a substantial investment in the improvement of the land shall not exceed 10 years; and the term of a farming lease that requires the making of a substantial investment in the improvement of the land shall not exceed 40 years. No lease shall contain an option to renew which extends the total term beyond the maximum term permitted by this section.
(c) Required covenant and enforcement thereof. Every lease under the 1966 Act shall contain a covenant on the part of the lessee that he will not commit or permit on the leased land any act that causes waste or a nuisance or which creates a hazard to health of persons or to property wherever such persons or property may be.
(d) Notification regarding leasing proposals. If the Secretary determines that a proposed lease to be made under the 1966 Act for public, religious, educational, recreational, residential, or business purposes will substantially affect the governmental interests of a municipality contiguous to the San Xavier Reservation or the Salt River Pima-Maricopa Reservation, as the case may be, he shall notify the appropriate authority of such municipality of the pendency of the proposed lease. The Secretary may, in his discretion, furnish such municipality with an outline of the major provisions of the lease which affect its governmental interests and shall consider any comments on the terms of the lease affecting the municipality or on the absence of such terms from the lease that the authorities may offer. The notice to the authorities of the municipality shall set forth a reasonable period, not to exceed 30 days, within which any such comments shall be submitted.
(e) Applicability of other regulations. The regulations of ss **162**.1 through **162**.14 and in s **162**.19 shall apply to leases made under the 1966 Act except where such regulations are inconsistent with this s **162**.20.
(f) Mission San Xavier del Bac. Nothing in the 1966 Act authorizes development that would detract from the scenic, historic, and religious values of the Mission San Xavier del Bac owned by the Franciscan Order of Friars Minor and located on the San Xavier Reservation.

[33 FR 14641, Oct. 1, 1968. Redesignated at 47 FR 13327, Mar. 30, 1982]

PART **162**--LEASING AND PERMITTING

AUTHORITY: 5 U.S.C. 301, R.S. 463 and 465; **25** U.S.C. 2 and 9. Interpret or apply sec. 3, 26 Stat. 795, sec. 1, 28 Stat. 305, secs. 1, 2, 31 Stat. 229, 246, secs. 7, 12, 34 Stat. 545, 34 Stat. 1015, 1034, 35 Stat. 70, 95, 97, sec. 4, 36 Stat. 856, sec. 1, 39 Stat. 128, 41 Stat. 415, as amended, 751, 1232, sec. 17, 43 Stat. 636, 641, 44 Stat. 658, as amended, 894, 1365, as amended, 47 Stat. 1417, sec. 17, 48 Stat. 984, 988, 49 Stat. 115, 1135, sec. 55, 49 Stat. 781. sec. 3, 49 Stat. 1967, 54 Stat. 745, 1057, 60 Stat. 308, secs. 1, 2, 60 Stat. 962, sec. 5, 64 Stat. 46, secs. 1, 2, 4, 5, 6, 64 Stat. 470, 69 Stat. 539, 540, 72 Stat. 968; 25 U.S.C. 380, 393, 393a, 394, 395, 397, 402, 402a, 403, 403a, 403b, 403c, 413, 415, 415a, 415b, 415c, 415d, 477, 635.

SOURCE: 26 FR 10966, Nov. 23, 1961, unless otherwise noted. Redesignated at 47 FR 13327, Mar. 30, 1982.