Code of Federal Regulations Currentness
Title 25. Indians
Chapter I. Bureau of Indian Affairs, Department of the Interior
Subchapter I. Energy and Minerals
→ Part 212. Leasing of Allotted Lands for Mineral Development (Refs & Annos)
Subpart A. General

**§ 212.1 Purpose and scope.**

(a) The regulations in this part govern leases for the development of individual Indian oil and gas, geothermal and solid mineral resources. These regulations are applicable to lands or interests in lands the title to which is held, for any individual Indian, in trust by the United States or is subject to restriction against alienation imposed by the United States. These regulations are intended to ensure that Indian mineral owners desiring to have their resources developed are assured that they will be developed in a manner that maximizes their best economic interests and minimizes any adverse environmental impacts or cultural impacts resulting from such development.

(b) The regulations in this part shall be subject to amendment at any time by the Secretary of the Interior. No regulation that becomes effective after the date of approval of any lease or permit shall operate to affect the duration of the lease or permit, rate of royalty, rental, or acreage unless agreed to by all parties to the lease or permit.

(c) Nothing in the regulations in this part is intended to prevent Indian tribes from exercising their lawful governmental authority to regulate the conduct of persons, businesses, operations or mining within their territorial jurisdiction.

(d) The regulations of the Bureau of Land Management, the Office of Surface Mining Reclamation and Enforcement, and the Minerals Management Service that are referenced in §§ 212.4, 212.5, and 212.6 of this part are supplemental to these regulations, and apply to parties holding leases or permits for development of Indian mineral resources unless specifically stated otherwise in this part or in such other Federal regulations.

(e) The regulations in this part do not apply to leasing and development governed by regulations in 25 CFR part 213 (Members of the Five Civilized Tribes of Oklahoma), 226 (Osage), or 227 (Wind River Reservation).

**§ 212.2 Information collection.**

The information collection requirements contained in this part do not require a review by the Office of Management and Budget under the Paperwork Reduction Act (44 U.S.C. 3501; et seq.).

**§ 212.3 Definitions.**

As used in this part, the following words and phrases have the specified meaning except where otherwise indicated:

Applicant means any person seeking a permit, lease, or an assignment from the superintendent or area director.

Approving official means the Bureau of Indian Affairs official with delegated authority to approve a lease or permit.

Area director means the Bureau of Indian Affairs official in charge of an area office.

Authorized officer means any employee of the Bureau of Land Management authorized by law or by lawful delegation of authority to perform the duties described herein and in 43 CFR parts 3160, 3180, 3260, 3280, 3480, and 3590.

Cooperative agreement means a binding arrangement between two or more parties purporting to the act of agreeing or of coming to a mutual arrangement that is accepted by all parties to a transaction (e.g., communitization and unitization).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Director's representative means the Office of Surface Mining Reclamation and Enforcement director's representative authorized by law or lawful delegation of authority to perform the duties described in 30 CFR part 750.

Gas means any fluid, either combustible or non-combustible, that is produced in a natural state from the earth and that maintains a gaseous or rarefied state at ordinary temperature and pressure conditions.

Geological and geophysical permit means a written authorization to conduct on-site surveys to locate potential deposits of oil and gas, geothermal or solid mineral resources on the lands.

Geothermal resources means:

(1) All products of geothermal processes, including indigenous steam, hot water and hot brines;

(2) Steam and other gases, hot water, and hot brines, resulting from water, gas or other fluids artificially introduced into geothermal formations;

(3) Heat or other associated energy found in geothermal formations; and

(4) Any by-product derived therefrom.

In the best interest of the Indian mineral owner refers to the standards to be applied by the Secretary in considering whether to take an administrative action affecting the interests of an Indian mineral owner. In considering whether it is "in the best interest of the Indian mineral owner" to take a certain action (such as approval of a lease, permit, unitization or communitization agreement), the Secretary shall consider any relevant factor, including, but not limited to: economic considerations, such as date of lease expiration; probable financial effect on the Indian mineral owner; leasability of land concerned; need for change in the terms of the existing lease; marketability; and potential environmental, social, and cultural effects.

Indian lands means any lands owned by any individual Indian or Alaska Native, Indian tribe, band, nation, pueblo, community, rancheria, colony, or other tribal group which owns lands or interest in the minerals, the title to which is held in trust by the United States or is subject to restriction against alienation imposed by the United States.

Indian mineral owner means any individual Indian or Alaska Native who owns mineral interests in oil and gas, geothermal, or solid mineral resources, title to which is held in trust by the United States, or is subject to the restriction against alienation imposed by the United States.

Indian surface owner means any individual Indian or Indian tribe whose surface estate is held in trust by the United States, or is subject to restriction against alienation imposed by the United States.

Lease means any contract, approved by the Secretary of the Interior under the Act of March 3, 1909 (35 Stat. 783)(25 U.S.C. 396), as amended, and the Act of May 11, 1938 (52 Stat. 347) (25 U.S.C. 396a-396g), as amended, that authorize exploration for, extraction of, or removal of any minerals.

Lessee means a natural person, proprietorship, partnership, corporation, or other entity which has entered into a lease with an Indian mineral owner, or who has been assigned an obligation to make royalty or other payments required by the lease.

Lessor means an Indian mineral owner who is a party to a lease.

Minerals includes both metalliferous and non-metalliferous minerals; all hydrocarbons, including oil, gas, coal and lignite of all ranks; geothermal resources; and includes but is not limited to, sand, gravel, pumice, cinders, granite, building stone, limestone, clay, silt, or any other energy or non-energy mineral.

Minerals Management Service official means any employee of the Minerals Management Service (MMS) authorized by law or by lawful delegation of authority to perform the duties described in 30 CFR chapter II, subchapters A and C.

Mining means the science, technique, and business of mineral development including, but not limited to: opencast work, underground work, and in-situ leaching directed to severance and treatment of minerals; Provided, when sand, gravel, pumice,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cinders, granite, building stone, limestone, clay or silt is the subject mineral, an enterprise is considered "mining" only if the extraction of such a mineral exceeds 5,000 cubic yards in any given year.

Oil means all nongaseous hydrocarbon substances other than those substances leasable as coal, oil shale, or gilsonite (including all vein-type solid hydrocarbons). Oil includes liquefiable hydrocarbon substances such as drip gasoline and other natural condensates recovered or recoverable in a liquid state from produced gas without resorting to a manufacturing process.

Permit means any contract issued by the superintendent and/or area director to conduct exploration on; or removal of less than 5,000 cubic yards per year of common varieties of minerals from Indian lands.

Permittee means a person holding or required by this part to hold a permit to conduct exploration operations on; or remove less than 5,000 cubic yards per year of common varieties of minerals from Indian lands.

Secretary means the Secretary of the Interior or an authorized representative.

Solid minerals means all minerals excluding oil and gas and geothermal resources.

Superintendent means the Bureau of Indian Affairs official in charge of the agency office having jurisdiction over the minerals subject to leasing under this part.

**§ 212.4 Authority and responsibility of the Bureau of Land Management (BLM).**

The functions of the Bureau of Land Management are found in 43 CFR part 3160--Onshore Oil and Gas Operations, 43 CFR part 3180--Onshore Oil and Gas Unit Agreements: Unproven Area, 43 CFR part 3260--Geothermal Resources Operations, 43 CFR part 3280--Geothermal Resources Unit Agreements: Unproven Areas, 43 CFR part 3480--Coal Exploration and Mining Operations, and 43 CFR part 3590--Solid Minerals (Other Than Coal) Exploration and Mining Operations, and currently include, but are not limited to, resource evaluation, approval of drilling permits, mining and reclamation, production plans, mineral appraisals, inspection and enforcement, and production verification. Those regulations, apply to leases or permits issued under this part.

**§ 212.5 Authority and responsibility of the Office of Surface Mining Reclamation and Enforcement (OSM).**

The OSM is the regulatory authority for surface coal mining and reclamation operations on Indian lands pursuant to the Surface Mining Control and Reclamation Act of 1977 (30 U.S.C. 1201 et seq.). The relevant regulations for surface coal mining and reclamation operations are found in 30 CFR part 750. Those regulations apply to mining and reclamation on leases issued under this part.

**§ 212.6 Authority and responsibility of the Minerals Management Service (MMS).**

The functions of the MMS for reporting, accounting, and auditing are found in 30 CFR chapter II, subchapters A and C, which apply to leases approved under this part. To the extent the parties to a lease or permit are able to provide reasonable provisions satisfactorily addressing the functions governed by MMS regulations, the Secretary may approve alternate provisions in a lease or permit.

**§ 212.7 Environmental studies.**

The provisions of § 211.7 of this subchapter, as amended, are applicable to leases under this part.

**§ 212.8 Government employees cannot acquire leases.**

U.S. Government employees are prevented from acquiring leases or interests in leases by the provisions of 25 CFR part 140 and 43 CFR part 20 pertaining to conflicts of interest and ownership of an interest in trust land.

**Subpart B. How to Acquire Leases**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**§ 212.20 Leasing procedures.**

(a) Application for leases shall be made to the superintendent having jurisdiction over the lands.

(b) Indian mineral owners may request the Secretary to prepare, advertise and negotiate mineral leases on their behalf. Leases for minerals shall be advertised for bids as prescribed in this section unless one or more of the Indian mineral owners of a tract sought for lease request the Secretary to negotiate for a lease on their behalf without advertising. Unless the Secretary decides that negotiation of a mineral lease is in the best interests of the Indian mineral owners, he shall use the following procedure for leasing:

(1) Leases shall be advertised to receive optimum competition for bonus consideration, under sealed bid, oral auction, or a combination of both. Notice of such advertisement shall be published in at least one local newspaper and in one trade publication at least thirty (30) days in advance of sale. If applicable, such notice must identify the reservation within which the tracts to be leased are found. No specific description of the tracts to be leased need be published. Specific description of such tracts shall be available at the office of the superintendent and/or area director upon request. The complete text of the advertisement, including a specific description, shall be mailed to each person listed on the appropriate agency or area mailing list. Individuals and companies interested in receiving advertisements on lease sales should send their mailing information to the appropriate agency or area office for future reference.

(2) The advertisement shall offer the tracts to a responsible bidder offering the highest bonus. The Secretary shall establish the rental and royalty rates which shall be stated in the advertisement and will not be subject to negotiation. The advertisement shall provide that the Secretary reserves the right to reject any or all bids, and that acceptance of the lease bid by or on behalf of the Indian mineral owner is required. The requirements under § 212.21 are applicable to the acceptance of a lease bid.

(3) Each sealed bid must be accompanied by a cashier's check, certified check or postal money order, or any combination thereof, payable to the payee designated in the advertisement, in an amount not less than 25 percent of the bonus bid, which shall be returned if that bid is not accepted.

(4) A successful oral auction bidder will be allowed five (5) working days to remit the required 25 percent deposit of the bonus bid.

(5) A successful bidder shall, within thirty (30) days after notification of the bid award, remit to the Secretary the balance of the bonus, the first year's rental, a $75 filing fee, its prorated share of the advertising costs as determined by the Bureau of Indian Affairs, and file with the Secretary all required bonds. The successful bidder shall also file the lease in completed form, signed by the Indian mineral owner(s), at that time. However, for good reasons, the Secretary may grant extensions of time in thirty (30) day increments for filing of the lease and all required bonds, provided that additional extension requests are submitted and approved prior to the expiration of the original thirty (30) days or the previously granted extension. Failure on the part of the bidder to take all reasonable actions necessary to comply with the foregoing shall result in forfeiture of the required payment of 25 percent of any bonus bid for the use and benefit of the Indian mineral owner.

(6) If no satisfactory bid is received, or if the accepted bidder fails to complete all requirements necessary for approval of the lease, or if the Secretary determines that it is not in the best interest of the Indian mineral owner to accept any of the bids the Secretary may re-advertise the tract for sale, or subject to the consent of the Indian mineral owner, a lease may be let through private negotiations.

(c) The Secretary shall advise the Indian mineral owner of the results of the bidding, and shall not approve the lease until the consent of the Indian mineral owner has been obtained. The requirements under § 212.21 are applicable to the approval of a mineral lease.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**§ 212.21 Execution of leases.**

(a) The Secretary shall not execute a mineral lease on behalf of an Indian mineral owner, except when such owner is deceased and the heirs to or devisee of the estate have not been determined, or if determined, some or all of them cannot be located. Leases involving such interests may be executed by the Secretary, provided that the mineral interest shall have been offered for sale under the provisions of section 212.20(b)(1) through (6).

(b) The Secretary may execute leases on behalf of minors and persons who are incompetent by reason of mental incapacity; Provided, that there is no parent, guardian, conservator, or other person who has lawful authority to execute a lease on behalf of the minor or person with mental incapacity.

(c) If an owner is a life tenant, the procedures set forth in 25 CFR part 179 (Life Estates and Future Interests), shall apply.

**§ 212.22 Leases for subsurface storage of oil or gas.**

The provisions of § 211.22 of this subchapter are applicable to leases under this part.

**§ 212.23 Corporate qualifications and requests for information.**

The provisions of § 211.23 of this subchapter are applicable to leases under this part.

**§ 212.24 Bonds.**

The provisions of § 211.24 of this subchapter are applicable to leases under this part.

**§ 212.25 Acreage limitation.**

The provisions of § 211.25 of this subchapter are applicable to leases under this part.

**§ 212.26 [Reserved]**

**§ 212.27 Duration of leases.**

The provisions of § 211.27 of this subchapter are applicable to leases under this part.

**§ 212.28 Unitization and communitization agreements, and well spacing.**

(a) For the purpose of promoting conservation and efficient utilization of minerals, the Secretary may approve a cooperative unit, drilling or other development plan on any leased area upon a determination that approval is advisable and in the best interest of the Indian mineral owner. For the purposes of this section, a cooperative unit, drilling or other development plan means an agreement for the development or operation of a specifically designated area as a single unit without regard to separate ownership of the land included in the agreement. Such cooperative agreements include, but are not limited to, unit agreements, communitization agreements and other types of agreements that allocate costs and benefits.

(b) The consent of the Indian mineral owner to such unit or cooperative agreement shall not be required unless such consent is specifically required in the lease.

(c) Requests for approval of cooperative agreements which comply with the requirements of all applicable rules and regulations shall be filed with the superintendent or area director.

(d) All Indian mineral owners of any right, title or interest in the mineral resources to be included in a cooperative agreement must be notified by the lessee at the time the agreement is submitted to the superintendent or area director. An affidavit from the lessee stating that a notice was mailed to each mineral owner of record for whom the superintendent or area director has an address will satisfy this notice requirement.

(e) A request for approval of a proposed cooperative agreement, and all documents incident to such agreement, must be filed with the superintendent or area director at least ninety (90) days prior to the first expiration date of any of the Indian leases in the area proposed to be covered by the cooperative agreement.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(f) Unless otherwise provided in the cooperative agreement, approval of the agreement commits each lease to the unit in the area covered by the agreement on the date approved by the Secretary or the date of first production, whichever is earlier, as long as the agreement is approved before the lease expiration date.

(g) Any lease committed in part to any such cooperative agreement shall be segregated into a separate lease or leases as to the lands committed and lands not committed to the agreement. Segregation shall be effective on the date the agreement is effective.

(h) Wells shall be drilled in conformity with a well spacing program approved by the authorized officer.

**§ 212.29 [Reserved]**

**§ 212.30 Removal of restrictions.**

(a) Notwithstanding the provisions of any mineral lease to the contrary, the removal of all restrictions against alienation shall operate to divest the Secretary of all supervisory authority and responsibility with respect to the lease. Thereafter, all payments required to be made under the lease shall be made directly to the owner(s).

(b) In the event restrictions are removed from a part of the land included in any lease approved by the Secretary, the entire lease shall continue to be subject to the supervision of the Secretary until such times as the holder of the lease and the unrestricted Indian owner submits to the Secretary satisfactory evidence that adequate arrangements have been made to account for the mineral resources of the restricted land separately from those of the unrestricted. Thereafter, the unrestricted portion shall be relieved from the supervision of the Secretary, the lease, the regulations of this part, and all other applicable laws and regulations.

**§§ 212.31, 212.32 [Reserved]**

**§§ 212.31, 212.32 [Reserved]**

**§ 212.33 Terms applying after relinquishment.**

All leases for individual Indian lands approved by the Secretary under this part shall contain provisions for the relinquishment of supervision and provide for operations of the lease after such relinquishment. These leases shall contain provisions that address the following issues:

(a) Provisions of relinquishment. If the Secretary relinquishes supervision at any time during the life of the lease instrument as to all or part of the acreage subject to the lease, the Secretary shall give the Indian mineral owner and the lessee thirty (30) days written notice prior to the termination of supervision. After notice of relinquishment has been given to the lessee, the lease shall be subject to the following conditions:

(1) All rentals and royalties thereafter accruing shall be paid directly to the lessor or the lessor's successors in title, or to a trustee appointed under the provisions of paragraph (b) of this section.

(2) If, at the time supervision is relinquished by the Secretary, the lessee has made all payments then due and has fully performed all obligations on the lessee's part to be performed up to the time of such relinquishment, the bond given to secure the performance of the lease, on file in the appropriate agency or area office, shall be of no further force or effect.

(3) Should relinquishment affect only part of the lease, then the lessee may continue to conduct operations on the land covered by the lease as an entirety; Provided, that the lessee shall pay, in the manner prescribed by the lease and regulations for the benefit of lessor, the same proportion of all rentals and royalties due under the provisions of this part as the acreage retained under the supervision of the Secretary bears to the entire acreage of the lessee, and shall pay the remainder of the rentals and royalties directly to the remaining lessors or successors in title or said trustee as the case may be, as provided in paragraph (a)(1) of this section.

(b) Division of fee. If, after the execution of the lease and after the Secretary relinquishes

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

supervision thereof, the fee of the leased land is divided into separate parcels held by different owners, or if the rental or royalty interest is divided in ownership, the obligations of the lessee shall not be modified in any manner except as specifically provided by the provisions of the lease. Notwithstanding such separate ownership, the lessee may continue to conduct operations on said premises as an entirety. Each separate owner shall receive such proportion of all rental and royalties accruing after the vesting of its title as the acreage of the fee, or rental or royalty interest, bears to the entire acreage covered by the lease; or to the entire rental or royalty interest as the case may be. If at any time after departmental supervision of the lease is relinquished, in whole or in part, to rentals and royalties, whether said parties are so entitled by virtue of undivided interest or by virtue of ownership of separate parcels of the land covered, the lessee may elect to withhold the payment of further rentals or royalties (except as the portion due the Indian lessor while under restriction), until all of said parties shall agree upon and designate a trustee in writing and in a recordable instrument to receive all payments due thereunder on behalf of said parties and their respective successors in title. Payments to said trustee shall constitute lawful payments, and the sole risk of an improper or unlawful distribution of said funds by said trustee shall rest upon the parties naming said trustee and their said respective successors in title.

**§ 212.34 Individual tribal assignments excluded.**

The reference in this part to Indian mineral owners does not include assignments of tribal lands made pursuant to tribal constitutions or ordinances for the use of individual Indians and assignees of such lands.

**Subpart C. Rents, Royalties, Cancellations, and Appeals**

**§ 212.40 Manner of payments.**

The provisions of § 211.40 of this subchapter are applicable to leases under this part.

**§ 212.41 Rentals and production royalty on oil and gas leases.**

(a) A lessee shall pay, in advance, beginning with the effective date of the lease, an annual rental of $2.00 per acre or fraction of an acre or such other greater amount as prescribed in the lease. This rental shall not be credited against production royalty nor shall the rental be prorated or refunded because of surrender or cancellation.

(b) The Secretary shall not approve leases with a royalty rate less than 16 2/3 percent of the amount or value of production produced and sold from the lease unless a lower royalty rate is agreed to by the Indian mineral owner and is found to be in the best interest of the Indian mineral owner. Such approval may only be granted by the area director if the approving official is the superintendent and the Assistant Secretary for Indian Affairs if the approving official is the area director.

(c) Value of lease production for royalty purposes shall be determined in accordance with applicable lease provisions and regulations in 30 CFR chapter II, subchapters A and C. If the valuation provisions in the lease are inconsistent with the regulations in 30 CFR chapter II, subchapters A and C, the lease provisions shall govern.

**§ 212.42 Annual rentals and expenditures for development on leases other than oil and gas, and geothermal resources.**

The provisions of § 211.42 of this subchapter are applicable to leases under this part.

**§ 212.43 Royalty rates for minerals other than oil and gas.**

The provisions of § 211.43 of this subchapter are applicable to leases under this part.

**§ 212.44 Suspension of operations.**

The provisions of § 211.44 of this subchapter are applicable to leases under this part.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**§ 212.45 [Reserved]**

**§ 212.46 Inspection of premises, books, and accounts.**

The provisions of § 211.46 of this subchapter are applicable to leases under this part.

**§ 212.47 Diligence, drainage and prevention of waste.**

The provisions of § 211.47 of this subchapter are applicable to leases under this part.

**§ 212.48 Permission to start operations.**

The provisions of § 211.48 of this subchapter are applicable to leases under this part.

**§ 212.49 Restrictions on operations.**

The provisions of § 211.49 of this subchapter are applicable to leases under this part.

**§ 212.50 [Reserved]**

**§ 212.51 Surrender of leases.**

The provisions of § 211.51 of this subchapter are applicable to leases under this part.

**§ 212.52 Fees.**

The provisions of § 211.52 of this subchapter are applicable to leases under this part.

**§ 212.53 Assignments, overriding royalties, and operating agreements.**

The provisions of § 211.53 of this subchapter are applicable to leases under this part.

**§ 212.54 Lease or permit cancellation; Bureau of Indian Affairs notice of noncompliance.**

The provisions of § 211.54 of this subchapter are applicable to leases under this part.

**§ 212.55 Penalties.**

The provisions of § 211.55 of this subchapter are applicable to this part.

**§ 212.56 Geological and geophysical permits.**

(a) Permits to conduct geological and geophysical operations on Indian lands which do not conflict with any mineral lease entered into pursuant to this part may be approved by the Secretary with the consent of the Indian owner under the following conditions:

(1) The permit must describe the area to be explored, the duration and the consideration to be paid the Indian owner;

(2) The permit may not grant the permittee any option or preference rights to a lease or other development contract, authorize the production of, or removal of oil and gas, or geothermal resources, or other minerals except samples for assay and experimental purposes, unless specifically so stated in the permit; and

(3) Copies of all data collected pursuant to operations conducted under the permit shall be forwarded to the Secretary and made available to the Indian mineral owner, unless otherwise provided in the permit. Data collected under a permit shall be held by the Secretary as privileged and proprietary information for the time prescribed in the permit. Where no time period is prescribed in the permit, the Secretary may, in the discretion of the Secretary, release such information after six (6) years.

(b) A permit may be granted by the Secretary without 100 percent consent of the individual mineral owners if:

(1) The minerals are owned by more than one person, and the owners of a majority of the interest therein consent to the permit;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(2) The whereabouts of one or more owners of the minerals or an interest therein is unknown, and all the remaining owners of the interests consent to the permit;

(3) The heirs or devisee of a deceased owner of the land or an interest therein have not been determined, and the Secretary finds that the permit activity will cause no substantial injury to the land or any owner thereof; or

(4) The owners of interests in the land are so numerous that the Secretary finds it would be impractical to obtain their consent, and also finds that the permit activity will cause no substantial injury to the land or any owner thereof.

(c) A lessee does not need a permit to conduct geological and geophysical operations on Indian lands, if provided for in the lessee's mineral lease, where the Indian mineral owner is also the surface land owner. In instances where the Indian mineral owner is not the surface owner, the lessee must obtain any additional necessary permits or rights of ingress or egress from the surface occupant.

**§ 212.57 Forms.**

The provisions of § 211.57 of this subchapter are applicable to leases under this part.

**§ 212.58 Appeals.**

The provisions of § 211.58 of this subchapter are applicable to leases under this part.

Current through June 22, 2006; 71 FR 35994
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.