the purchase of coal production.

(c)(1) The value of coal from leases subject to this section and which is not sold pursuant to an arm's-length contract shall be determined in accordance with this section.

(2) If the value of the coal cannot be determined pursuant to paragraph (b) of this section, then the value shall be determined through application of other valuation criteria. The criteria shall be considered in the following order, and the value shall be based upon the first applicable criterion:

(i) The gross proceeds accruing to the lessee pursuant to a sale under its non-arm's-length contract (or other disposition of produced coal by other than an arm's-length contract), provided that those gross proceeds are within the range of the gross proceeds derived from, or paid under, comparable arm's-length contracts between buyers and sellers neither of whom is affiliated with the lessee for sales, purchases, or other dispositions of like-quality coal produced in the area. In evaluating the comparability of arm's-length contracts for the purposes of these regulations, the following factors shall be considered: price, time of execution, duration, market or markets served, terms, quality of coal, quantity, and such other factors as may be appropriate to reflect the value of the coal;

(ii) Prices reported for that coal to a public utility commission;

(iii) Prices reported for that coal to the Energy Information Administration of the Department of Energy;

(iv) Other relevant matters including, but not limited to, published or publicly available spot market prices, or information submitted by the lessee concerning circumstances unique to a particular lease operation or the salability of certain types of coal;

(v) If a reasonable value cannot be determined using paragraphs (c)(2)(i), (c)(2)(ii), (c)(2)(iii), or (c)(2)(iv) of this section, then a net-back method or any other reasonable method shall be used to determine value.

(3) When the value of coal is determined pursuant to paragraph (c)(2) of this section, that value determination shall be consistent with the provisions contained in paragraph (b)(5) of this section.

(d)(1) Where the value is determined pursuant to paragraph (c) of this section, that value does not require MMS' prior approval. However, the lessee shall retain all data relevant to the determination of royalty value. Such data shall be subject to review and audit, and MMS will direct a lessee to use a different value if it determines that the reported value is inconsistent with the requirements of these regulations.

(2) An Indian lessee will make available upon request to the authorized MMS or Indian representatives, or to the Inspector General of the Department of the Interior or other persons authorized to receive such information, arm's-length sales and sales quantity data for like-quality coal sold, purchased, or otherwise obtained by the lessee from the area.

(3) A lessee shall notify MMS if it has determined value pursuant to paragraphs (c)(2)(ii), (c)(2)(iii), (c)(2)(iv), or (c)(2)(v) of this section. The notification shall be by letter to the Associate Director for Minerals Revenue Management or his/her designee. The letter shall identify the valuation method to be used and contain a brief description of the procedure to be followed. The notification required by this section is a one-time notification due no later than the month the lessee first reports royalties on the Form MMS-4430 using a valuation method authorized by paragraphs (c)(2)(ii), (c)(2)(iii), (c)(2)(iv), or (c)(2)(v) of this section, and each time there is a change in a method under paragraphs (c)(2)(iv) or (c)(2)(v) of this section.

(e) If MMS determines that a lessee has not properly determined value, the lessee shall be liable for the difference, if any, between royalty payments made based upon the value it has used and the royalty payments that are due based upon the value established by MMS. The lessee shall also be liable

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.