Westlaw.



**Effective: May 12, 2006**

UNITED STATES CODE ANNOTATED
TITLE 25. INDIANS
**CHAPTER 12--LEASE, SALE, OR SURRENDER OF ALLOTTED OR UNALLOTTED LANDS**
**→§ 415. Leases of restricted lands**

(a) Authorized purposes; term; approval by Secretary

Any restricted Indian lands, whether tribally, or individually owned, may be leased by the Indian owners, with the approval of the Secretary of the Interior, for public, religious, educational, recreational, residential, or business purposes, including the development or utilization of natural resources in connection with operations under such leases, for grazing purposes, and for those farming purposes which require the making of a substantial investment in the improvement of the land for the production of specialized crops as determined by said Secretary. All leases so granted shall be for a term of not to exceed twenty-five years, except leases of land located outside the boundaries of Indian reservations in the State of New Mexico, leases of land on the Agua Caliente (Palm Springs) Reservation, the Dania Reservation, the Pueblo of Santa Ana (with the exception of the lands known as the "Santa Ana Pueblo Spanish Grant"), the reservation of the Confederated Tribes of the Warm Springs Reservation of Oregon, the Moapa Indian Reservation, the Swinomish Indian Reservation, the Southern Ute Reservation, the Fort Mojave Reservation, the Confederated Tribes of the Umatilla Indian Reservation, the Burns Paiute Reservation, the Coeur d'Alene Indian Reservation, the Kalispel Indian Reservation, the pueblo of Cochiti, the pueblo of Pojoaque, the pueblo of Tesuque, the pueblo of Zuni, the Hualapai Reservation, the Spokane Reservation, the San Carlos Apache Reservation, the Yavapai-Prescott Community Reservation, the Pyramid Lake Reservation, the Gila River Reservation, the Soboba Indian Reservation, the Viejas Indian Reservation, the Tulalip Indian Reservation, the Navajo Reservation, the Cabazon Indian Reservation, the Muckleshoot Indian Reservation and land held in trust for the Muckleshoot Indian Tribe, the Mille Lacs Indian Reservation with respect to a lease between an entity established by the Mille Lacs Band of Chippewa Indians and the Minnesota Historical Society, leases of the the [FN1] lands comprising the Moses Allotment Numbered 8 and the Moses Allotment Numbered 10, Chelan County, Washington, and lands held in trust for the Las Vegas Paiute Tribe of Indians, and lands held in trust for the Twenty-nine Palms Band of Luiseno Mission Indians, and lands held in trust for the Reno Sparks Indian Colony, lands held in trust for the Torres Martinez Desert Cahuilla Indians, lands held in trust for the Guidiville Band of Pomo Indians of the Guidiville Indian Rancheria, lands held in trust for the Confederated Tribes of the Umatilla Indian Reservation, lands held in trust for the Confederated Tribes of the Warm Springs Reservation of Oregon, land held in trust for the Prairie Band Potawatomi Nation, lands held in trust for the Cherokee Nation of Oklahoma, land held in trust for the Fallon Paiute Shoshone Tribes, lands held in trust for the Pueblo of Santa Clara, land held in trust for the Yurok Tribe, land held in trust for the Hopland Band of Pomo Indians of the Hopland Rancheria, [FN1] lands held in trust for the Yurok Tribe, lands held in trust for the Hopland Band of Pomo Indians of the Hopland Rancheria, lands held in trust for the Confederated Tribes of the Colville Reservation, lands held in trust for the Cahuilla Band of Indians of California, lands held in trust for the Confederated Tribes of the Grand Ronde Community of Oregon, and the lands held in trust for the Confederated Salish and Kootenai Tribes of the Flathead Reservation, Montana, and leases to the Devils Lake Sioux Tribe, or any organization of such tribe, of land on the Devils Lake Sioux Reservation, which may be for a term of not to exceed ninety-nine years, and except leases of land for grazing purposes which may be for a term of not to exceed ten years. Leases for public, religious, educational, recreational, residential, or business purposes (except leases the initial term of which extends for more than seventy-four years) with the consent of both parties may include provisions authorizing their renewal for one

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

additional term of not to exceed twenty-five years, and all leases and renewals shall be made under such terms and regulations as may be prescribed by the Secretary of the Interior. Prior to approval of any lease or extension of an existing lease pursuant to this section, the Secretary of the Interior shall first satisfy himself that adequate consideration has been given to the relationship between the use of the leased lands and the use of neighboring lands; the height, quality, and safety of any structures or other facilities to be constructed on such lands; the availability of police and fire protection and other services; the availability of judicial forums for all criminal and civil causes arising on the leased lands; and the effect on the environment of the uses to which the leased lands will be subject.

(b) Leases involving Tulalip Tribes

Any lease by the Tulalip Tribes under subsection (a) of this section, except a lease for the exploitation of any natural resource, shall not require the approval of the Secretary of the Interior (1) if the term of the lease does not exceed fifteen years, with no option to renew, (2) if the term of the lease does not exceed thirty years, with no option to renew, and the lease is executed pursuant to tribal regulations previously approved by the Secretary of the Interior, or (3) if the term does not exceed seventy-five years (including options to renew), and the lease is executed under tribal regulations approved by the Secretary under this clause (3).

(c) Leases involving Hopi Tribe and Hopi partitioned lands accommodation agreement

Notwithstanding subsection (a) of this section, a lease of land by the Hopi Tribe to Navajo Indians on the Hopi Partitioned Lands may be for a term of 75 years, and may be extended at the conclusion of the term of the lease.

(d) Definitions

For purposes of this section--

(1) the term "Hopi Partitioned Lands" means lands located in the Hopi Partitioned Area, as defined in section 168.1(g) of title 25, Code of Federal Regulations (as in effect on October 11, 1996);

(2) the term "Navajo Indians" means members of the Navajo Tribe;

(3) the term "individually owned Navajo Indian allotted land" means a single parcel of land that--

(A) is located within the jurisdiction of the Navajo Nation;

(B) is held in trust or restricted status by the United States for the benefit of Navajo Indians or members of another Indian tribe; and

(C) was--

(i) allotted to a Navajo Indian; or

(ii) taken into trust or restricted status by the United States for an individual Indian;

(4) the term "interested party" means an Indian or non-Indian individual or corporation, or tribal or non-tribal government whose interests could be adversely affected by a tribal trust land leasing decision made by the Navajo Nation;

(5) the term "Navajo Nation" means the Navajo Nation government that is in existence on August 9, 1955, or its successor;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(6) the term "petition" means a written request submitted to the Secretary for the review of an action (or inaction) of the Navajo Nation that is claimed to be in violation of the approved tribal leasing regulations;

(7) the term "Secretary" means the Secretary of the Interior; and

(8) the term "tribal regulations" means the Navajo Nation regulations enacted in accordance with Navajo Nation law and approved by the Secretary.

(e) Leases of restricted lands for the Navajo Nation

(1) Any leases by the navajo Nation for purposes authorized under subsection (a) of this section, and any amendments thereto, except a lease for the exploration, development, or extraction of any mineral resources, shall not require the approval of the Secretary if the lease is executed under the tribal regulations approved by the Secretary under this subsection and the term of the lease does not exceed

(A) in the case of a business or agricultural lease, 25 years, except that any such lease may include an option to renew for up to two additional terms, each of which may not exceed 25 years; and

(B) in the case of a lease for public, religious, educational, recreational, or residential purposes, 75 years if such a term is provided for by the Navajo Nation through the promulgation of regulations.

(2) Paragraph (1) shall not apply to individually owned Navajo Indian allotted land.

(3) The Secretary shall have the authority to approve or disapprove tribal regulations referred to under paragraph (1). The Secretary shall approve such tribal regulations if such regulations are consistent with the regulations of the Secretary under subsection (a) of this section, and any amendments thereto, and provide for an environmental review process. The Secretary shall review and approve or disapprove the regulations of the Navajo Nation within 120 days of the submission of such regulations to the Secretary. Any disapproval of such regulations by the Secretary shall be accompanied by written documentation that sets forth the basis for the disapproval. Such 120-day period may be extended by the Secretary after consultation with the Navajo Nation.

(4) If the Navajo Nation has executed a lease pursuant to tribal regulations under paragraph (1), the Navajo Nation shall provide the Secretary with--

(A) a copy of the lease and all amendments and renewals thereto; and

(B) in the case of regulations or a lease that permits payment to be made directly to the Navajo Nation, documentation of the lease payments sufficient to enable the Secretary to discharge the trust responsibility of the United States under paragraph (5).

(5) The United States shall not be liable for losses sustained by any party to a lease executed pursuant to tribal regulations under paragraph (1), including the Navajo Nation. Nothing in this paragraph shall be construed to diminish the authority of the Secretary to take appropriate actions, including the cancellation of a lease, in furtherance of the trust obligation of the United States to the Navajo Nation.

(6)(A) An interested party may, after exhaustion of tribal remedies, submit, in a timely manner, a petition to the Secretary to review the compliance of the Navajo Nation with any regulations approved under this subsection. If upon such review the Secretary determines that the regulations were violated, the Secretary may take such action as may be necessary to remedy the violation, including rescinding the approval of the tribal regulations and reassuming responsibility for the approval of leases for Navajo Nation tribal trust lands.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(B)** If the Secretary seeks to remedy a violation described in subparagraph (A), the Secretary shall--

**(i)** make a written determination with respect to the regulations that have been violated;

**(ii)** provide the Navajo Nation with a written notice of the alleged violation together with such written determination; and

**(iii)** prior to the exercise of any remedy or the rescission of the approval of the regulation involved and the reassumption of the lease approval responsibility, provide the Navajo Nation with a hearing on the record and a reasonable opportunity to cure the alleged violation.

**(f)** Any contract, including a lease, affecting land within the Gila River Indian Community Reservation may contain a provision for the binding arbitration of disputes arising out of such contract. Such contracts shall be considered within the meaning of "commerce" as defined and subject to the provisions of section 1 of Title 9. Any refusal to submit to arbitration pursuant to a binding agreement for arbitration or the exercise of any right conferred by Title 9 to abide by the outcome of arbitration pursuant to the provisions of chapter 1 of Title 9, sections 1 through 14, shall be deemed to be a civil action arising under the Constitution, laws or treaties of the United States within the meaning of section 1331 of Title 28.

(g) Lease of tribally-owned land by Assiniboine and Sioux Tribes of the Fort Peck Reservation

(1) In general

Notwithstanding subsection (a) of this section and any regulations under part 162 of Title 25, Code of Federal Regulations (or any successor regulation), subject to paragraph (2), the Assiniboine and Sioux Tribes of the Fort Peck Reservation may lease to the Northern Border Pipeline Company tribally-owned land on the Fort Peck Indian Reservation for 1 or more interstate gas pipelines.

(2) Conditions

A lease entered into under paragraph (1)--

**(A)** shall commence during fiscal year 2011 for an initial term of 25 years;

**(B)** may be renewed for an additional term of 25 years; and

**(C)** shall specify in the terms of the lease an annual rental rate--

**(i)** which rate shall be increased by 3 percent per year on a cumulative basis for each 5-year period; and

**(ii)** the adjustment of which in accordance with clause (i) shall be considered to satisfy any review requirement under part 162 of Title 25, Code of Federal Regulations (or any successor regulation).

[FN1] So in original.

Current through P.L. 109-237 (excluding P.L. 109-233, 109-234) approved 06-23-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
Title 25. Indians
Chapter 12. Lease, Sale, or Surrender of Allotted or Unallotted Lands

**→§ 415a. Lease of lands of deceased Indians for benefit of heirs or devisees**

Restricted lands of deceased Indians may be leased under sections 415 to 415d of this title, for the benefit of their heirs or devisees, in the circumstances and by the persons prescribed in section 380 of this title: *Provided*, That if the authority of the Secretary under this section is delegated to any subordinate official, then any heir or devisee shall have the right to appeal the action of any such official to the Secretary under such rules and regulations as he may prescribe.

CREDIT(S)

(Aug. 9, 1955, c. 615, § 2, 69 Stat. 539.)

CROSS REFERENCES

Land or natural resources within Passamaquoddy or Penobscot Indian Territory or held in trust for Houlton Band of Maliseet Indians leased in accordance with this section, see 25 USCA § 1724.

CODE OF FEDERAL REGULATIONS

General grazing regulations, see 25 CFR § 166.1 et seq.

Leasing and permitting, see 25 CFR § 162.1 et seq.

RESEARCH REFERENCES

Encyclopedias

Am. Jur. 2d Indians § 72, Generally; Indian Mineral Leasing Act.

Forms

Federal Procedural Forms § 41:34, Allegation in United States Court of Federal Claims Petition-Wrongful Withholding of Rental Payments by Secretary of Interior...

NOTES OF DECISIONS

**Immunity 1**
**Indispensable parties 2**
**Joinder of parties 3**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1. Immunity

A class action by members of Indian tribe for cancellation of a 99-year lease between the tribe and a developer against named federal officials was in reality an unconsented suit against the United States and hence was barred by doctrine of sovereign immunity, as against contention that doctrine did not bar the action because the officials acted beyond scope of their authority in approving the lease, since the discretionary acts of the officials exercised were within the outer perimeter of their authority. Tewa Tesuque v. Morton, C.A.10 (N.M.) 1974, 498 F.2d 240, certiorari denied 95 S.Ct. 1353, 420 U.S. 962, 43 L.Ed.2d 440. United States ⚷ 125(32)

Sovereign immunity was not unavailable as a defense to action by members of Indian tribe seeking to cancel 99-year lease which had been approved by federal officials on ground that the Administrative Procedure Act, §§ 551 et seq. and 701 et seq. of Title 5, applied, where the plaintiffs did not demonstrate that they were suffering legal wrong in view of fact that the tribe through its tribal council could have voluntarily filed suit had it determined that the lease should be cancelled. Tewa Tesuque v. Morton, C.A.10 (N.M.) 1974, 498 F.2d 240, certiorari denied 95 S.Ct. 1353, 420 U.S. 962, 43 L.Ed.2d 440. Indians ⚷ 16(5)

2. Indispensable parties

In class action by members of Indian tribe for cancellation of a 99-year lease between the tribe and a developer, the tribe was an indispensable party since it would be affected if lease were cancelled. Tewa Tesuque v. Morton, C.A.10 (N.M.) 1974, 498 F.2d 240, certiorari denied 95 S.Ct. 1353, 420 U.S. 962, 43 L.Ed.2d 440. Federal Civil Procedure ⚷ 211

A class action by members of Indian tribe for cancellation of a 99-year lease between the tribe and a developer was properly dismissed for failure to join the tribe as an indispensable party. Tewa Tesuque v. Morton, C.A.10 (N.M.) 1974, 498 F.2d 240, certiorari denied 95 S.Ct. 1353, 420 U.S. 962, 43 L.Ed.2d 440. Federal Civil Procedure ⚷ 1748

3. Joinder of parties

In class action by members of Indian tribe for cancellation of a 99-year lease between tribe and a developer, the tribe could not be joined without its consent or consent of Congress in light of tribe's quasi-sovereign status. Tewa Tesuque v. Morton, C.A.10 (N.M.) 1974, 498 F.2d 240, certiorari denied 95 S.Ct. 1353, 420 U.S. 962, 43 L.Ed.2d 440. Indians ⚷ 16(5)

25 U.S.C.A. § 415a, 25 USCA § 415a

Current through P.L. 109-237 (excluding P.L. 109-233, 109-234) approved 06-23-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
Title 25. Indians
Chapter 12. Lease, Sale, or Surrender of Allotted or Unallotted Lands

**→§ 415b. Advance payment of rent or other consideration**

No rent or other consideration for the use of land leased under sections 415 to 415d of this title shall be paid or collected more than one year in advance, unless so provided in the lease.

CREDIT(S)

(Aug. 9, 1955, c. 615, § 4, 69 Stat. 540.)

CROSS REFERENCES

Land or natural resources within Passamaquoddy or Penobscot Indian Territory or held in trust for Houlton Band of Maliseet Indians leased in accordance with this section, see 25 USCA § 1724.

CODE OF FEDERAL REGULATIONS

General grazing regulations, see 25 CFR § 166.1 et seq.

Leasing and permitting, see 25 CFR § 162.1 et seq.

25 U.S.C.A. § 415b, 25 USCA § 415b

Current through P.L. 109-237 (excluding P.L. 109-233, 109-234) approved 06-23-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
Title 25. Indians
Chapter 12. Lease, Sale, or Surrender of Allotted or Unallotted Lands

**→§ 415c. Approval of leases**

The Secretary of the Interior shall approve no lease pursuant to sections 415 to 415d of this title that contains any provision that will prevent or delay a termination of Federal trust responsibilities with respect to the land during the term of the lease.

CREDIT(S)

(Aug. 9, 1955, c. 615, § 5, 69 Stat. 540.)

CROSS REFERENCES

Land or natural resources within Passamaquoddy or Penobscot Indian Territory or held in trust for Houlton Band of Maliseet Indians leased in accordance with this section, see 25 USCA § 1724.

CODE OF FEDERAL REGULATIONS

General grazing regulations, see 25 CFR § 166.1 et seq.

Leasing and permitting, see 25 CFR § 162.1 et seq.

25 U.S.C.A. § 415c, 25 USCA § 415c

Current through P.L. 109-237 (excluding P.L. 109-233, 109-234) approved 06-23-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

C

**Effective: [See Text Amendments]**

United States Code Annotated Currentness
Title 25. Indians
Chapter 12. Lease, Sale, or Surrender of Allotted or Unallotted Lands

**→§ 415d. Lease of restricted lands under other laws unaffected**

Nothing contained in sections 415 to 415d of this title shall be construed to repeal any authority to lease restricted Indian lands conferred by or pursuant to any other provision of law.

CREDIT(S)

(Aug. 9, 1955, c. 615, § 6, 69 Stat. 540.)

CROSS REFERENCES

Land or natural resources within Passamaquoddy or Penobscot Indian Territory or held in trust for Houlton Band of Maliseet Indians leased in accordance with this section, see 25 USCA § 1724.

CODE OF FEDERAL REGULATIONS

General grazing regulations, see 25 CFR § 166.1 et seq.

Leasing and permitting, see 25 CFR § 162.1 et seq.

25 U.S.C.A. § 415d, 25 USCA § 415d

Current through P.L. 109-237 (excluding P.L. 109-233, 109-234) approved 06-23-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT