**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA,** | ) | **No. 06-4911 L**<br>**Chief Judge Edward Damich** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | **OENGAS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** |
| **Defendant, and** | ) | |
| **BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC. and FOREST OIL CORPPRATION,** | ) | |
| **Defendant Intervenors.** | ) | |

**OENGAS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

# TABLE OF CONTENTS

Page


TABLE OF CASES AND AUTHORITIES .......... ii

I. GOVERNING RULES AND REGULATIONS .......... 1

II. QUESTION PRESENTED .......... 4

III. FACTS .......... 4

IV. SUMMARY OF ARGUMENT .......... 6

V. ARGUMENT .......... 6

A. Applicable Standards .......... 6

B. Requested Documents Relevant to Claim Two .......... 8

C. Requested Documents Relevant to US's Motion to Dismiss/For Summary Judgment .......... 10

1. US Position On Motion to Dismiss/Summary Judgment. .......... 10

2. Do Royalty Payments At Comparable Sites Need To Be Considered In Setting "Present Fair Annual Rental?" .......... 11

3. Are Rental Adjustments Required By 25 CFR Part 162 Required To Be Set By Royalty In Circumstances Such As This? .......... 12

VI. CONCLUSION .......... 14

# TABLE OF CASES AND AUTHORITIES

**Cases**

*Brown v. United States*, 863 F.3d 1554, 1562 (Fed. Cir. 1996)........ 9
*Exigent Technology,Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301 (CA Fed. 2006)........ 8
*Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353 (CA Fed. 2005)........ 8

**Rules**

25 CFR 162.5........ 10
25 CFR 162.8........ 9
Federal Rule of Evidence 401........ 8
Rules of the Court of Federal Claims 26(b)........ passim
Rules of the Court of Federal Claims 37(a)........ 1
Rules of the Court of Federal Claims 56(f)........ 1, 2, 4, 8

**Regulations**

25 CFR § 162.101........ 3
25 CFR § 162.107........ 3
25 CFR § 162.5........ 2
25 CFR § 162.604........ 3
25 CFR § 162.607........ 3, 9
25 CFR § 162.8........ 2, 9
25 CFR § 212.41(b)........ 12
25 CFR Part 162........ passim
Federal Register, Vol. 66, No. 14 dated January 22, 2001........ 1

## I. GOVERNING RULES AND REGULATIONS

The rules and regulations governing this Motion to Compel are the applicable Rules of the Court of Federal Claims (RCFC) and the federal regulations which form the substantive basis of Claim 2 of the Plaintiffs' Complaint. They are RCFC 37(a) (motion to compel), RCFC 26(b) (scope of discovery) RCFC 56(f) (summary judgment affidavit unavailable) and 25 CFR Part 162 (governing leasing of allotted Native lands). These regulations were amended in the last year applicable to this suit, so both the old and new versions are addressed. *See* Federal Register, Vol. 66, No. 14 dated January 22, 2001 amending regulations. The specific applicable provisions of the rules and regulations are:

**RCFC 37**

> **Rule 37. Failure to Make Disclosure or Cooperate in Discovery; Sanctions**
> **(a) Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
> ...
> **(2) Motion.**
> ...
> **(B)** ... If a party, in response to a request for inspection submitted under RCFC 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

**RCFC 26**

> **Rule 26. General Provisions Governing Discovery; Duty of Disclosure**
> **(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> **(1) In General.** <u>Parties may obtain discovery regarding any matter, not</u>

privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by RCFC 26(b)(2)(i), (ii), and (iii).

**(2) Limitations.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under RCFC 30. By order, the court may also limit the number of requests under RCFC 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. (Emphasis added).

**RCFC 56(f)**

**Rule 56(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**25 CFR Part 162 – Pre-January 21, 2001**

**§ 162.5 Special requirements and provisions.**
**(a)** All leases made pursuant to the regulation in this part shall be in the form approved by the Secretary and subject to his written approval.
**(b)** Except as otherwise provided in this part no lease shall be approved or granted at less than the present fair annual rental. (Emphasis added).

**§ 162.8 Duration of leases.**
Leases granted or approved under this part shall … allow the highest economic return to the owner consistent with prudent management and conservation

practices … Except for those leases authorized by s 162.5(b)(1) and (2), unless the consideration for the lease is based primarily on percentages of income produced by the land, the lease shall provide for periodic review, at not less than five-year intervals, of the equities involved. Such review shall give consideration to the economic conditions at the time, exclusive of improvement or development required by the contract or the contribution value of such improvements. (Emphasis added).

**25 CFR Part 162 – Post-January 21, 2001**

**§ 162.101 What key terms do I need to know?**
… Fair annual rental means the amount of rental income that a leased tract of Indian land would most probably command in an open and competitive market. (Emphasis added).

**§ 162.107 What are BIA's objectives in granting or approving leases?**
(a) … In granting a lease on the landowners' behalf, we will obtain a fair annual rental and attempt to ensure (through proper notice) that the use of the land is consistent with the landowners' wishes. (Emphasis added).

**§ 162.604 Special requirements and provisions.**
(a) All leases made pursuant to the regulations in this part shall be in the form approved by the Secretary and subject to his written approval.
(b) Except as otherwise provided in this part no lease shall be approved or granted at less than the present fair annual rental. (Emphasis added).

**§ 162.607 Duration of leases.**
Leases granted or approved under this part shall … allow the highest economic return to the owner consistent with prudent management and conservation practices. … Except for those leases authorized by § 162.604(b)(1) and (2) of this subpart, unless the consideration for the lease is based primarily on percentages of income produced by the land, the lease shall provide for periodic review, at not less than five-year intervals, of the equities involved. Such review shall give consideration to the economic conditions at the time, exclusive of improvement or development required by the contract or the contribution value of such improvements. (Emphasis added).

## II. QUESTION PRESENTED

The Question Presented by this Motion to Compel can be stated as follows:

> When documents have been properly requested through discovery from an Intervening Party, and are claimed in a Rule 56(f) filing to be necessary to fully respond to a Motion to Dismiss and/or Summary Judgment, in a case raising the issue of the "present fair annual rental" due on the lease of a Native allotment subject to 25 CFR Part 162, should the Intervening Party be compelled to produce, subject to Protective Order, the documents in its possession, that relate to compensation paid for the lease of a Third Party's similar surface interest in land, at a neighboring oil field which, like the property at issue in the subject case, is used as the site for a facility to produce oil and gas from subsurface leases, in which the Intervening Party holds an interest?

## III. FACTS

This Motion seeks an Order compelling the inspection/production of certain documents relating to the lease of a similar Native surface interest at a neighboring oil field on the North Slope of Alaska used as a site for oil production pads.

The documents were properly sought through discovery from ConocoPhillips, which is both an Intervenor in this action and involved at the neighboring oil field, the Colville River Unit. Intervenor ConocoPhillips objected to the discovery and refused to produce the documents. *See* discovery response attached as Appendix 1. Counsel conferred twice in an effort to resolve the matter without Court action, but these efforts were unsuccessful. *See* Certification of Givens. Plaintiffs stipulated to and sought a most restrictive Protective Order. *See* Docket 44. Plaintiffs have asserted that they cannot fully respond to the United States' Motion to Dismiss/Summary Judgment regarding Claim 2 without these documents. *See* Motion and Declaration of Morse.

The documents relate to the lease of surface interests owned by the Kuukpik Village Corporation (an Alaska Native entity) by ConocoPhillips or its predecessors, for use as the site for an oil and natural gas production facility at the Colville River Unit. The leased land in question is approximately 75 miles west of the leased Oengas' Heald Point allotment in the Prudhoe Bay Unit. *See* Map attached to Declaration of Morse.

The rent paid under these Agreements is apparently based on a royalty of the value of the production. *See* Alaska Department of Natural Resources (DNR) Findings and Decision attached to the Declaration of Morse. Some of the requested Agreements provide for a royalty of up to 2%. Others may provide for a greater or lesser royalty. *See* discussion at pp. 5-9 of the Alaska Department of Natural Resources Findings and Decision attached to the Declaration of Morse about DNR not having a particular Surface Use Agreement.

Review of documents such as the ones subject to this Motion relating to royalties paid for the lease of neighboring surface interests used as the site for oil and gas production facilities is essential to the proper valuation of similarly used property such as the Oengas'. *See* Declaration of Morse. The reason is that consideration of such comparable lease agreements, even if using a royalty approach, is essential to determining the value of the Oenga property. As discussed in the Declaration of Morse and the following Argument section, this makes the documents relevant to both the case in general and to the United States' Motion to Dismiss or in the Alternative for Summary Judgment. Docket 42.

## IV. SUMMARY OF ARGUMENT

The requested documents are relevant to the issues of Claim 2 of this case and are thus discoverable. They are also relevant to the United States' Motion to Dismiss/for Summary Judgment, regardless of how the United States' Motion is viewed. If the United States' Motion is viewed broadly as claiming that royalty rent payments can never be considered in adjusting "present fair annual rental" under 25 CFR Part 162, the documents are relevant and thus discoverable because they should be taken into consideration in setting the rent due by determining the value of the property, specifically the value of its location given its actual use. If the United States' Motion is viewed narrowly, as only claiming that 25 CFR Part 162 does not require rent to be set by royalty, then the documents are relevant to the regulations as applied in this situation because a royalty-based rental payment may be required to satisfy the various provisions of the regulations as a whole. The documents requested are relevant and discoverable.

## V. ARGUMENT

### A. Applicable Standards

The initial standard controlling discoverability is that the requested material be relevant to the claim. RCFC 26(b)(1) The material need not be admissible, but rather only reasonably calculated to lead to admissible evidence. *Id.* ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim … [which] appears reasonably calculated to lead to the discovery of admissible evidence.") The relevance of the requested material is addressed in the next section.

Even though the requested material may be relevant, its discovery may be limited by the three factors of RCFC 26(b)(2)(i), (ii), and (iii). RCFC 26(b)(2)(i) limits cumulative or duplicative discovery or that which can be obtained from a more convenient source. RCFC 26(b)(2)(ii) limits discovery where a party has failed to timely seek discovery. RCFC 26(b)(2)(iii) limits discovery where the burden or cost outweighs the benefit or when the requested material is not very important.

None of these three factors are applicable to the discovery sought in this case. The RCFC 26(b)(2)(i) limitation is not applicable because the requested material is neither cumulative nor duplicative. Reference to some of the requested documents in the Alaska Department of Natural Resources Order attached to the Declaration of Morse does not make the discovery request cumulative or duplicative. Although the amount of the royalty to be paid under some of the agreements is known to be a up to a 2% royalty, the royalty set in the 1997 Surface Use Agreement is unknown. Plaintiffs know of no other place where the documents can be obtained.

The RCFC 26(b)(2)(ii) limitation is not applicable because Plaintiffs sought discovery of the material at the earliest opportunity under FRCP 26(d) – immediately following the conference of counsel regarding the Joint Preliminary Status Report. *See* Court's Appendix A ¶ 3.

The RCFC 26(b)(2)(iii) limitation is not applicable because the burden of production in no way outweighs the benefit to the Plaintiffs. There can be no unreasonable burden or expense to ConocoPhillips producing documents in their possession, especially since the documents would be subject to a Protective Order. The information in these documents is certainly important to Plaintiffs' case. It addresses rent paid for a similar surface estate leased for a similar

production pad purpose. This goes to the central question of Plaintiffs' Claim Two, the "fair annual rental" due for the lease of such land. 25 CFR Part 162.

Since none of the limitations of RCFC 26(b)(2)(i), (ii), or (iii) are applicable, the standards applicable to this Motion to Compel are that the requested material be relevant to Plaintiffs' claim and need be only reasonably calculated to lead to the discovery of admissible evidence.

As set out in *Exigent Technology,Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1310 (CA Fed. 2006) an RCFC 56(f) motion must demonstrate the facts hoped to be discovered and show how these facts will raise a genuine issue of fact. This is set out in the Motion.

The District Court is afforded discretion in discovery matters. *Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363 (CA Fed. 2005).

### B. Requested Documents Relevant to Claim Two

Since the test of discoverability begins with the material's relevance, the definition of relevant evidence is a logical starting point.

> **Definition of "Relevant Evidence"** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> Federal Rule of Evidence (FRE) 401.

The discovery standard of RCFC 26(b)(1) is even more lenient than FRE 401. RCFC 26(b) allows discovery even if the relevant evidence is not admissible, so long as it "appears reasonably calculated to lead to admissible evidence." *Id.*

In this case, the central question of Claim Two is whether the United States has collected

"fair annual rental" for the leased property. 25 CFR Part 162. More specifically, the question is whether the periodic rental adjustments, required by 25 CFR § 162.8 (1982), § 162.607 (2001), and ¶ 5 of the Lease, correctly determined the value of the property in setting the "present fair annual rental," or whether that determination should have considered the property's actual use and the value of the property's location for that use (proximity to both oil pool and transportation pipeline). The requested documents are relevant to the value analysis because they show the rent paid at a comparable site with the same location characteristics used in the same way. The fact that the requested documents use a royalty approach does not diminish in any way the relevance of the documents. *See* Declaration of Morse, ¶ 7.

The regulations also require that the rent be "the highest economic return to the owner consistent with prudent management and conservative practices ... [and] give consideration to economic conditions at the time ..." 25 CFR 162.8 (1982) *cf Brown v. United States*, 863 F.3d 1554, 1562 (Fed. Cir. 1996) (discussing these requirements of same regulations in finding they create fiduciary duty on the part of the Secretary of the Interior). Any material, such as the requested documents, concerning rent paid at a comparable site used for the same purpose would certainly be relevant to the "fair annual rental" and "highest economic return" standards set out in these regulations. 25 CFR Part 162.

In his Declaration, Mr. Morse explains why the requested documents are important in determining the value of the Oenga property and setting the proper rent.

> Rentals of lands that are being used for a similar use as the subject Oenga property, even if they have some differing characteristics, are still the best rental comparables and are needed for an analysis of the subject's rental potential. Regardless of whether the lease is a cash rent, or a royalty lease, it would not diminish its importance for comparison purposes, and the terms and conditions of

> the lease agreement are needed to determine, and adjust for its comparability to the subject property. There is no known verifiable alternate source for this market rental information. This rental data is important and directly related to the rental rates in this dispute because the rental comparables that were used by the BIA were sites that were not used for the same use as the subject property; which is a directional drilling site at the end of a peninsula extending into an oilfield.
>
> Declaration of Morse, p. 3, ¶ 7. (Emphasis added).

The requested documents are without question relevant to the Plaintiffs' Claim 2 regarding the collection of "present fair annual rental." 25 CFR 162.5(b). They are properly discoverable at this time.

### C. Requested Documents Relevant to US's Motion to Dismiss/For Summary Judgment

It has been suggested that discovery not be compelled because the requested documents would address only issues of damages, not issues raised by the United States' Motion To Dismiss, Or In The Alternative For Summary Judgment. Docket 42 (Motion to Dismiss/for Summary Judgment). To the contrary, the documents are needed by Plaintiffs to fully defend against the United States' Motion to Dismiss/for Summary Judgment and to fully evaluate what cross motions the Plaintiffs should file at this time.

1. US Position On Motion to Dismiss/Summary Judgment.

The United States asked in its Motion to Dismiss/for Summary Judgment that Claim 2 be dismissed, or that summary judgment be granted "because the BIA had no obligation to measure the lease rental adjustments by using royalty rates paid to owners of allegedly 'comparable' properties." US Motion, Docket 42, p. 12 (page 2 of Motion). In its briefing, the United States argues that the regulations "make[s] no mention of the use of oil royalties to calculate lease rental adjustments." US Motion, Docket 42, p. 38 (p. 26 of Brief). However, the United States

concedes that "Part 162 define[s] the term 'fair annual rental' as the 'amount of rental income that a leased track of Indian land would most probably command on an open and competitive market.' *Id.* The US also argues that neither Lease ¶ 5 regarding Lease Rental Adjustments nor Lease ¶ 9 regarding Reappraisal Procedures "requires the Secretary of the Interior or the Bureau of Indian Affairs (BIA) to use royalties (alleged by Plaintiffs to have been paid to other owners/lessors of other properties which supposedly consist solely of surface rights) as a basis for calculating the required rental adjustment. In short, the government had no obligation to use royalties to calculate lease adjustments for Parcel B." Memorandum supporting United States' Motion to Dismiss/for Summary Judgment, Docket 42, p. 39 (labeled p. 27).

It is unclear from the words of the United States whether its position is that royalties need not be considered for <u>any purpose</u> in the adjustment of rent due, or whether its position is a narrower one, that the regulations do not require the rent be set as a royalty. Each possible position will be addressed in turn.

2. <u>Do Royalty Payments At Comparable Sites Need To Be Considered In Setting "Present Fair Annual Rental</u>?"

The United States' Motion to Dismiss/for Summary Judgment and briefing discussed above can be read as asserting the position that royalty payments at comparable sites need not be considered in any way when determining "present fair annual rental" adjustments under 25 CFR Part 162. If this is the United States' position, then the proper inquiry in this Motion to Compel is to determine whether royalty payment at a neighboring site, for a similar interest in land used for the same purpose has <u>any relevance</u> to the determination of "present fair annual rental" under 25 CFR Part 162. The relevance of documents relating to the rent collected at comparable locations

used for the same purpose as the Oengas' property is well shown by the above-quoted portion of the Declaration of Morse. As he explains, consideration of comparable situations is important regardless of whether the rent is set as a royalty or is set by some other means.

The true value of the property's location for the actual use must be taken into consideration to fully comply with the regulatory requirement. This is especially true in light of the 25 CFR Part 162 requirements that the "present fair annual rental" reflect what the property "would most probably command in an open and competitive market" and "allow the highest economic return to the owner," and that the periodic review is to "give consideration to the economic conditions at the time." Documents relating to rents at comparable sites used for the same purpose are relevant and discoverable, regardless of whether the rental adjustment of "present fair annual rental" is set by royalty or a fixed annual rate. The requested documents are relevant to the question of the proper rent ("present fair annual rental"). 25 CFR Part 162. They are not precluded by any of the limitations of RCFC 26(b)(2). They are discoverable.

3. Are Rental Adjustments Required By 25 CFR Part 162 Required To Be Set By Royalty In Circumstances Such As This?

Even if the United States' Motion to Dismiss/for Summary Judgment is viewed narrowly, as one claiming the regulations do not require a "fair annual rental" be set as a royalty, the requested documents are still relevant and discoverable.

It is undisputed that 25 CFR Part 162, on its face, does not require the use of a royalty.[1] However, if a royalty would be required to satisfy the regulatory scheme as a whole, then the regulations as applied could be found to require the use of a royalty. The Declaration of Morse

[1] In contrast, 25 CFR Part 212, the regulations applicable to Claim One, does require the use of royalties. *See* 25 CFR § 212.41(b).

explains the importance of using proper comparables, even if they apply a royalty.

The portions of 25 CFR Part 162 quoted in the above sections require "present fair annual rental" be set at the "highest economic return," and at the "amount of rental income that a leased track of Indian land would most probably command on an open and competitive market." *Id.* If the only proper comparable rents were set by royalty, it could certainly be that the only way to comply with 25 CFR Part 162 as a whole would be to set the lease rates by royalty. That may be the situation in this case, but one cannot tell until the requested documents have been reviewed.

Even if the United States' Motion to Dismiss/for Summary Judgment is read as only asserting that the regulations do not require rental adjustments be set as a royalty, the documents requested are still relevant because the regulations as applied may require that "present fair annual rental" be set by royalty in situations like this. Consequently, the requested documents are relevant and discoverable.

In summary, the Plaintiffs' Motion to Compel should be granted for the above reasons. The requested documents addressing royalty payments for the lease of similar lands are relevant to the issues presented in Claim Two and to the US's Motion to Dismiss/Summary Judgment. *See* Declaration of Morse. This is true regardless of whether the US's Motion is viewed as one arguing that royalties are not to be considered for any purpose in the adjustment of rents or whether its Motion is viewed as only asserting that rents are not required to be set as a royalty. They are needed to properly respond to the US's Motion. The documents are relevant and discoverable. It is appropriate that the Motion to Compel be granted.

## VI. CONCLUSION

For the reasons above stated, it is requested that the Plaintiffs' Motion to Compel be granted.

Dated this 11th day of June, 2007.

RAYMOND C. GIVENS
Givens Law Firm
P.O. Box 400
912 E. Sherman Ave.
Coeur d'Alene, Idaho 83816-0400
Tel. (208) 676-1310
Fax: (208) 676-1296
E-mail: raygivens@givenslaw.com
Attorney for Plaintiffs

**Certificate of Service**

I hereby certify that on the 11th day of June, 2007, I electronically filed the foregoing Memorandum in Support of Motion to Compel using the CM/ECF System which will send notification of such filing to all parties of record.

JAMES M. UPTON
U. S. Department of Justice
Environment & Natural Resources Div.
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 305-0482
Fax: (202) 305-0506
E-mail: james.upton@usdoj.gov
Attorney for Defendant

LOUIS R. VEERMAN
GARY ZIPKIN
JOSEPH J. PERKINS, JR.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501
907.793.2200 (switchboard)
907.793.2299 (fax)
E:mail: d.veerman@guessrudd.com
gzipkin@guessrudd.com
jperkins@guessrudd.com
Attorneys for Intervenors

RAYMOND C. GIVENS
Givens Law Firm