APPENDIX 1 TO OENGAS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA, | |
| Plaintiffs, | Case No. 06-491 L<br>(ECF No. 1-06-cv-00491-EJD)<br>Chief Judge Edward J. Damich |
| vs. | |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXONMOBIL ALASKA PRODUCTION INC., CHEVRON U.S.A. INC., and FOREST OIL CORPORATION, | |
| Intervenors. | |

**RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION FROM INTERVENOR CONOCOPHILLIPS ALASKA, INC.**

Intervenor ConocoPhillips Alaska, Inc. ("CPAI") by and through its attorneys, Guess & Rudd P.C., hereby responds to plaintiff's first requests for production dated January 30, 2007, as follows:

REQUEST FOR PRODUCTION NO. 1: Please produce a true and correct copy of the 1997 Surface Use Agreement, and any amendments thereof, between ConocoPhillips and the Kuukpik Village Corporation regarding compensation paid for ConocoPhillips' use of Kuukpik Village Corporation's surface lands in the development of oil and gas resources at the Colville River Unit on the North Slope of Alaska.

RESPONSE: Objection. The request seeks a 1997 Surface Use Agreement between Kuukpik Corporation and ARCO Alaska, Inc. (later known as PHILLIPS Alaska, Inc. and then ConocoPhillips Alaska, Inc.) that contains proprietary information and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, CPAI is informed that Kuukpik Corporation considers the 1997 Surface Use Agreement competitively sensitive business information, the disclosure of which would seriously and irreparably harm Kuukpik Corporation. Plaintiffs' request ostensibly relates to their allegations respecting the determination of fair market value rent for a 40-acre Native allotment. The amount of land affected by the 1997 Surface Use Agreement exceeds 100,000 acres. In addition, the origins of title to the surface and subsurface estates in the lands covered by the 1997 Surface Use Agreement, the current ownership thereof, the parties to and the terms of the 1997 Surface Use Agreement, and the nature of the transaction in general are so different from the Native allotment and transactions involved in and at issue in this case as to make

the requested document irrelevant. In addition, the BIA could not have obtained this document to determine fair market value because for purposes of valuing Native allotments the BIA has no authority to subpoena information from private parties to a private transaction. Counsel for CPAI has been informed that Kuukpik Corporation will intervene to make its own case against Plaintiffs' efforts to obtain this document if Plaintiffs persist in pursuing production of this information.

REQUEST FOR PRODUCTION NO. 2: Please produce true and correct copies of any and all agreements or amendments thereto in ConocoPhillips' possession, regardless of the signatories thereof, regarding compensation paid to the Kuukpik Village Corporation for the right to conduct oil and gas activities on the Kuukpik Village Corporation's lands in the development of the Colville River Unit on the North Slope of Alaska, including but not limited to a 1994 Agreement between Kuukpik, Arctic Slope Regional Corporation (ASRC) and the State of Alaska, and a 1992 Settlement Agreement between ASRC and Kuukpik Village Corporation.

RESPONSE: Objection. CPAI has three documents responsive to this request:

(a) Settlement Agreement between ASRC and Kuukpik Corp. (1992);

(b) Lease Amendment among ARCO Alaska Inc., ASRC, et al. (1997); and

(c) 1431(o) Consent Agreement between ASRC and Kuukpik Corp. (1997),

but CPAI has these documents only in connection with the 1997 Surface Use Agreement. See Response to Request for Production No. 1 above. In addition, each of these documents contains proprietary information and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, CPAI is informed that Kuukpik Corporation considers such documents competitively sensitive business information, the disclosure of which would seriously and irreparably harm Kuukpik. Plaintiffs' request ostensibly relates to their allegations respecting the determination of fair market value rent for a 40-acre Native allotment. The amount of land affected by the 1997 Surface Use Agreement and the associated agreements described above exceeds 100,000 acres. In addition, the origins of title to the surface and subsurface estates in the lands covered by the 1997 Surface Use Agreement and the associated agreements, the current ownership thereof, the parties to and the terms of the 1997 Surface Use Agreement and the associated agreements, and the nature of the transaction in general are so different from the Native allotment and transactions involved in and at issue in this case as to make the requested documents irrelevant. In addition, the BIA could not have obtained these documents to determine fair market value because for purposes of valuing Native allotments the BIA has no authority to subpoena information from private parties to a private transaction. Counsel for CPAI has been informed that Kuukpik Corporation will intervene to make its own

case against Plaintiffs' efforts to obtain these documents if Plaintiffs persist in pursuing production of this information.

CPAI also has copies of two additional documents that, while not within the scope of Request for Production No. 2, are two of the several additional documents that are critical to an understanding of the origins of title to the surface and subsurface estates in the lands covered by the 1997 Surface Use Agreement and the associated agreements. These two additional documents are as follows:

(1) Agreement between ASRC and Kuukpik dated January 21, 1987 (a copy of which is attached to the 1991 State/ASRC Settlement Agreement described in (2) below);

(2) Settlement Agreement between ASRC and the State of Alaska dated December 17, 1991 (but effective as of May 27, 1992; see 1992 SLA ch. 41), recorded on June 11, 1992, at Book 63, Pages 567-698, Barrow Recording District, as amended by (a) that certain First Amendment dated December 22, 1992, and recorded on December 28, 1992, at Book 65, Pages 896-909, Barrow Recording District, and (b) that certain Second Amendment dated September 30, 1996, and recorded on November 6, 1996, at Book 86, Pages 738-745, Barrow Recording District.

You may wish to obtain copies of these recorded documents from the Barrow Recording District.

<u>REQUEST FOR PRODUCTION NO. 3</u>: Please produce all documents, relating in any way to contacts made and responses received in 1993 and 1994 by or on behalf of your predecessor ARCO Alaska, Inc. with any employee of the United States Department

of the Interior, Bureau of Indian Affairs or its contractor or agent regarding a desire to lease any portion of Native Allotment F-14632 Parcel B.

RESPONSE: To date CPAI has found no documents responsive to this request. A search for records responsive to this request is continuing and CPAI will provide a further response to Plaintiffs within the next 30 days.

Dated this 26th day of March, 2007.

Louis R. Veerman
Joseph J. Perkins, Jr.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907-793-2200
Fax: 907-793-2299
dveerman@guessrudd.com
jperkins@guessrudd.com
Attorneys for Defendant-Intervenors

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2007, a true and correct copy of the foregoing Responses To First Requests for Production from Intervenor ConocoPhillips Alaska, Inc. was sent electronically to the following counsel of record:

| | |
|---|---|
| James M. Upton<br>Attorney for Defendant United States<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, D.C. 20044-0663<br>Tel: 202-305-0482<br>Fax:202-305-0506<br>E-mail: james.upton@usdoj.gov | Raymond C. Givens<br>Givens Law Firm<br>P.O. Box 400<br>912 E. Sherman Avenue<br>Coeur d'Alene, ID 83816<br>Tel: 208-676-1310<br>Fax:208-676-1296<br>E-mail: raygivens@givenslaw.com |

Louis R. Veerman

F:\DATA\2432\225\PLEADING\FedCl\Drafts\42 Responses to 1st RFP (CPAI).doc