**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA,** | |
| **Plaintiffs,** | |
| **v.** | **No. 06-491 L**<br>**Chief Judge Edward Damich** |
| **THE UNITED STATES,** | |
| **Defendant, and** | |
| **BP EXPLORATION (ALASKA), INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC. and FOREST OIL CORPORATION,** | |
| **Defendant-Intervenors.** | |

**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs seek to compel ConocoPhillips to produce the "1997 Surface Use Agreement between the Kuukpik Village Corporation and ARCO Alaska Inc. . . . ." and several other documents (Motion to Compel at 2). Plaintiffs assert that they will use these documents . . .

> as evidence and to support an expert opinion which will create genuine issues of fact regarding the proper valuation of the property at issue in this case under the 'present fair annual rental' standard of 25 C.F.R Part 162, even though the rent set in the documents requested may be a royalty. Id.

For the reasons set out below in support of the United States' Opposition, the United

States opposes the Plaintiffs' Motion to Compel.

**ARGUMENT**

**A. Introduction**

On June 12, 2007, plaintiffs filed a motion to compel ConocoPhillips to produce a copy of the "1997 Surface Use Agreement between the Kuukpik [Native] Village Corporation and ARCO Alaska Inc. . . . " and several similar related documents. They argue that their use of these documents "as evidence . . . will create genuine issues of fact regarding the proper valuation of the property at issue in this case under the 'present fair annual rental' standard of 25 CFR Part 162, even though the rent set in the documents requested may be a royalty." (Pls. Mot. at 2). In their Memorandum, the plaintiffs also profess to be confused about the government's precise legal position on plaintiffs' Claim No. 2, as articulated in the government's memorandum in support of its motion to dismiss.

**B. The Government's Position On Plaintiffs' Claim No. 2 Is That There Is No Liability On This Claim.**

Plaintiffs states that they are unclear about the government's position on Claim No. 2 - - that is, whether the government's position is that " . . . royalties need not be considered for <u>any purpose</u> in the adjustment of rent due . . . . " or instead " . . . that the regulations do not require the rent to be set as a royalty." (emphasis supplied) (Pls. Memo at 11). The government's position is that neither the Indian Long-Term Leasing Act (25 U.S.C. § 415 (2007)) nor the regulations implementing the Act (25 C.F.R. Part 162 (2007)) impose any money mandating duty upon the United States to give any consideration to royalties paid for use of property allegedly comparable to Parcel B. <u>See</u> Memorandum in Support of United States' Motion to Dismiss, or, in the Alternative, for Summary Judgment at 25-26. Furthermore, Paragraph Nos. 5

and 9 of BIA Lease F-89-01 prescribe only two alternative methods of calculating the lease rental adjustments, neither of which includes royalties. (U.S. Memo at 27).

Neither Paragraph No. 5 nor Paragraph No. 9 require that the Government calculate lease rental adjustments by the use of oil royalties (paid under leases of allegedly similar properties) which are, in turn applied to the value of the oil produced on this other leased land which is being used as an oil production facility. Indeed, Paragraph No. 9 provides that “fair rental value” shall not be based upon “... any income the Lessee derives from the leased premises.” Arguably, the royalty income derived by a lessee of allegedly comparable property cannot be used to determine the “fair rental value” of Parcel B in this case.

We note that plaintiffs cite to various phrases of 25 C.F.R. Part 162 which relate to "present fair annual rental." (Pls. Memo at 12). None of the phrases requires the government to use royalties to calculate the "present fair annual rental." Indeed, plaintiffs concede that " . . . Part 162, on its face, does not require the use of a royalty." Id. But, nonetheless, they argue that a

royalty might be required " . . . to satisfy the regulatory scheme as a whole . . . . " Id. However, the statutory/regulatory scheme imposes no express obligation on the government to use oil royalties to calculate the required lease rental adjustments. See Pawnee v. United States, 830 F.2d 187, 191-192 (1987), cert. denied, 486 U.S. 1032 (1988) (held that neither IMLA nor 25 C.F.R. Part 212 required the government to calculate oil royalties by using the method advocated by the plaintiffs).

**C. The Documents Sought Do Not Address Liability.**

We submit that the documents which are the subject of plaintiffs' Motion to Compel do not go to the issue of liability. Even assuming the documents sought do require that lease rental adjustments must be made by using oil royalty rates, this does not somehow establish the government's liability on Claim No. 2, especially when BIA Lease F-89-01 contains no such requirement. If the United States were found liable on Claim No. 2, then these documents might be relevant to the issue of damages.

As plaintiffs note, review of the documents in question " . . . is essential to the proper valuation of similarly used property such as the Oengas'." Arguably, this language can be construed as addressing the question of damages. This interpretation finds support in the Declaration of Edward Morse (a real estate appraiser) attached to the plaintiffs' Memorandum. Mr. Morse's Declaration states that without the requested "surface use agreements" he is unable to " . . . render a thorough and complete opinion on their applicability as **comparables that could be used to properly appraise the rental values of the Oenga property** . . . . " (emphasis added) (Morse Declaration at 3-4). Indeed, the valuation opinion of a real estate appraiser in a resource management case, such as this case, typically goes to the issue of damages - - not liability.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Compel must be denied.

Dated this 19th day of June, 2007.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

s/ James M. Upton
JAMES M. UPTON
U.S. Department of Justice
Environment & Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Ph. (202) 305-0482
Fax: (202) 305-0506
E-mail address: james.upton@usdoj.gov

Attorneys for the United States

OF COUNSEL:

Roger Hudson, Esq.
U. S. Department of the Interior
Office of the Solicitor
Alaska Region
Anchorage, Alaska 99508-4626