IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA, | |
| Plaintiffs, | Case No. 06-491 L<br>(ECF No. 1-06-cv-00491-EJD)<br>Chief Judge Edward J. Damich |
| vs. | |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXONMOBIL ALASKA PRODUCTION INC., CHEVRON U.S.A. INC., and FOREST OIL CORPORATION, | |
| Defendant-Intervenors. | |

**DEFENDANT-INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendant-Intervenors, by and through their attorneys, Guess & Rudd P.C., hereby oppose Plaintiffs' Motion To Compel [Docket 46] at this time for the following reasons:

(1) Requested documents are not relevant to issues of liability: None of the documents requested by Plaintiffs is necessary at this time to allow the parties to argue, or to allow the court to decide,

(a) whether the United States was obligated as a matter of law to require Native allottee Andrew Oenga to negotiate for and to obtain—as part of the consideration to be paid to him under BIA Lease No. F-89-01 ("Oenga Lease")—the grant to him of an overriding royalty on some or all of the hydrocarbons produced through facilities to be built upon the lands subject to the Oenga Lease or

(b) whether the United States was or is obligated as a matter of law to consider—from time to time under the Oenga Lease when determining fair market surface rental value of the lands subject to the Oenga Lease—either

(i) the fact that certain other surface owners on the North Slope of Alaska or elsewhere may have negotiated for and been able to obtain grants of certain overriding royalties on some or all of the hydrocarbons produced through facilities situated on their lands or

(ii) the extent to which, if at all, such overriding royalties are reflective of or relevant to the determination of fair market surface rental value

in such instances or whether such overriding royalties were granted in consideration of other matters or in light of other circumstances.

(2) Requested documents are not likely to lead to discovery of other evidence relevant to issues of liability: None of the documents requested by Plaintiffs is likely to lead to the discovery of other evidence relevant to the court's ruling upon any of the foregoing.

(3) Other evidence is publicly available respecting the amounts of Kuukpik Corporation's overriding royalties: Other evidence of the overriding royalty interests obtained by Kuukpik Corporation on hydrocarbons produced from certain lands within the Colville River Unit Area is available (see Appendix attached hereto (Exhibit A to the Colville River Unit Agreement as of July 2004)) and sufficient at this time to inform the court that other surface owners in Alaska (in the case of Plaintiffs' motion to compel, Kuukpik Corporation, an Alaska Native village corporation established pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq., with respect to the lands of which the United States has no trust responsibility) sometimes are able and choose to negotiate for and obtain overriding royalty interests on hydrocarbons produced through facilities situated on their lands. The court needs no additional information at this time, however, to proceed to decide the pending motions to dismiss or for summary judgment.

Defendant-Intervenors acknowledge that the documents requested by Plaintiffs might be relevant to the issue of damages[1] or might lead to the discovery of other evidence that might be relevant to the issue of damages. Under the court's prior orders herein, however, the issue of damages is not a matter for which discovery at this time is necessary or appropriate.

RESPECTFULLY SUBMITTED this 19th day of June, 2007.

s/Joseph J. Perkins, Jr.
Joseph J. Perkins, Jr.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907-793-2200
Fax: 907-793-2299
jperkins@guessrudd.com
Attorney of record for Defendant-Intervenors

[1] Defendant-Intervenors hereby reserve both (a) the right to argue that all such documents requested by Plaintiffs in their Motion To Compel are irrelevant due to wholly or materially different facts, circumstances, and purposes and thus not admissible for purposes of establishing any damages that might be owing to Plaintiffs and (b) the right to argue that any such document that ultimately is determined to be admissible should be given little or no weight due to wholly or materially different facts, circumstances, and purposes.

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2007, a true and correct copy of the foregoing Defendant-Intervenors' Opposition to Plaintiffs' Motion to Compel was sent electronically to the following counsel of record:

James M. Upton
Attorney for Defendant United States
U.S. Department of Justice
Env. & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0482
Fax: 202-305-0506
E-mail: james.upton@usdoj.gov

Raymond C. Givens
Givens Law Firm
P.O. Box 400
912 E. Sherman Avenue
Coeur d'Alene, ID 83816
Tel: 208-676-1310
Fax: 208-676-1296
E-mail: raygivens@givenslaw.com

s/Joseph J. Perkins, Jr.
Joseph J. Perkins, Jr.