**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA,** | ) | **No. 06-491 L** **Chief Judge Edward Damich** |
| **Plaintiffs.** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant, and** | ) | |
| **BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC. and FOREST OIL CORPORATION,** | ) | |
| **Defendant Intervenors.** | ) | |

**KUUKPIK CORPORATION'S UNOPPOSED MOTION TO INTERVENE TO OPPOSE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF 1997 SURFACE USE AGREEMENT AND RELATED DOCUMENTS**

Comes now Kuukpik Corporation ("Kuukpik") by and through counsel and pursuant to RCFC 24(a)(2) moves this Court for an order permitting Kuukpik to intervene for the limited purpose of opposing Plaintiffs' motion to compel production of certain documents requested in discovery by Plaintiffs from Intervenor ConocoPhillips Alaska, Inc. ("CPAI"). See Docket 46.

RCFC 24(a)(2) permits intervention *as of right* upon timely application "when the applicant claims an interest relating to the property or transaction which is the subject of

the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties." Further, and when considering a motion to intervene, "the Court must construe the requirements for intervention in favor of intervention." *Armour of America v. United States*, 70 Fed. Cl. 240, 243 (2006); *see also Northrop Grumman Information Technology, Inc. v. United States*, 74 Fed. Cl. 407, 412 (2007)

Kuukpik's application is timely because it has been filed by the date set by the Court for seeking to intervene to oppose Plaintiffs' motion. See Docket 45.

Kuukpik's interest in the documents that are the subject of Plaintiffs' motion is serious and substantial in that they contain proprietary and competitively sensitive business information which Kuukpik regards as trade secrets. See Docket 46 , Appendix 1, pp. 3-4. It therefore claims an interest in the subject matter of the action sufficient to allow Kuukpik to intervene in the case. *See Armour of America, supra,* 70 Fed. Cl. at 244 (interest in "action" broadly construed to allow intervention to be heard on discovery issue).

Kuukpik's interest may, as a practical matter, be impaired by the relief Plaintiffs' motion seeks, *i.e.*, disclosure of Kuukpik's confidential information, even if subject to a protective order. *See Northrop Grumman, supra,* 74 Fed. Cl. at 415-17 (motion to intervene granted, the court rejecting opposing party's argument that protective order afforded proposed intervenor sufficient "practical" protection).

On the question of whether Kuukpik's interests are adequately protected by the existing parties, "[t]he burden of showing the inadequacy of representation clearly is 'minimal.'" *Id.* at 417. While CPAI objected to Plaintiffs' discovery requests, its responses make clear this was done largely at Kuukpik's urging and that CPAI expects Kuukpik to intervene and make its own case against Plaintiffs' efforts to obtain this information in the event of a motion to compel. See Docket 46, Appendix 1, pp. 3-4.

The Court's June 7, 2007 Scheduling Order indicates that none of the existing parties to this case oppose Kuukpik intervening for the limited purpose of opposing Plaintiffs' motion to compel. See Docket 45. The requirements of RCFC 24(a)(2) are satisfied, and Kuukpik's motion to intervene for this limited purpose should, accordingly, be granted. A proposed form of order accompanies this motion.

Dated this 19th day of June, 2007.

s/Bruce E. Falconer
BRUCE E. FALCONER
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
Telephone: (907) 272-8401
Fax: (907) 274-3698
bfalconer@bcf.us.com

**Certificate of Service**

I hereby certify that on the 19th day of June, 2007, I electronically filed the foregoing KUUKPIK CORPORATION'S UNOPPOSED MOTION TO INTERVENE TO OPPOSE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF 1997 SURFACE USE AGREEMENT AND RELATED DOCUMENTS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record.

RAYMOND C. GIVENS
Givens Law Firm
P.O. Box 400
912 E. Sherman Ave.
Coeur d'Alene, Idaho 83816-0400
Tel. (208) 676-1310
Fax: (208) 676-1296
E-mail: raygivens@givenslaw.com
Attorney for Plaintiffs

JAMES M. UPTON
U.S. Department of Justice
Environment & Natural Resources Div.
Natural Resources Section
P.O. Box 663
Washignton, D.C. 20044-0663
Tel. (202) 305-0482
Fax: (202) 305-0506
E-mail: james.upton@usdoj.gov
Attorney for Defendant

LOUIS R. VEERMAN
GARY ZIPKIN
JOSEPH J. PERKINS, JR.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 (switchboard)
(907) 793-2299 (fax)
E-mail: d.veerman@guessrudd.com
gzipkin@guessrudd.com
jperkins@guessrudd.com
Attorneys for Intervenors