# In the United States Court of Federal Claims

No. 06-491L
(Filed: June 21, 2007)

****************************************

**WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER and TRINITY DELIA,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant,

**and BP EXPLORATION (ALASKA), INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., AND FOREST OIL CORPORATION,**

Intervenor-Defendants,

**and KUUKPIK CORPORATION,**

Intervenor-Defendant.

****************************************

## PROTECTIVE ORDER

The Court hereby ORDERS the parties[1] to observe the terms of the following

[1] Kuukpik Corporation ("Kuukpik") was granted intervention in this case as an Intervenor-Defendant on June 20, 2007, for the limited purpose of opposing Plaintiffs' motion to compel discovery, filed on June 12, 2007. While Kuukpik was a non-party at the time the other parties submitted the "Stipulation re Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Intervenors," documents, data, and other materials Kuukpik produces, if any, shall likewise be governed by the terms set forth herein.

"Stipulation re Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Intervenors," submitted by the parties on June 1, 2007.

This Protective Order shall expire 90 days after the conclusion of this action (including all appeals and remands). All protected information will be unsealed upon expiration of the Protective Order, except that all classified documents shall remain under seal indefinitely. A party seeking to extend the Protective Order must, prior to its expiration, file a motion with the Court that addresses the following: the information the party believes should remain protected, the justification for protection, the requested duration for protection, and the specific harm that will be incurred if the motion is not granted. Any such motions and related filings (e.g. responses, replies, etc.) made by the parties that quote, paraphrase, or otherwise disclose protected information shall themselves be filed under seal and, thus, labeled accordingly.

***Stipulation re Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Intervenors***

WHEREAS the heirs of Andrew Oenga (collectively "Plaintiffs") have filed this case against the United States ("Defendant"), alleging various breaches of trust by the United States in connection with the granting and administration of a lease granted by Andrew Oenga (with the consent of the United States) of his Native allotment (the "Allotment") to intervenor BP Exploration (Alaska) Inc. ("BP"), and requesting various forms of relief, including monetary;

WHEREAS BP and the other intervenors (collectively "Intervenors") include all of the working interest owners under the Prudhoe Bay Unit Agreement ("PBUA") and, thus, all of the persons or entities (other than the State of Alaska) that own or are entitled to receive a share of the oil, gas, and associated substances produced from leases subject to the PBUA through facilities situated on the Allotment;

WHEREAS Intervenors have been permitted to intervene in this action to defend and protect their rights;

WHEREAS each of the Intervenors may be asked or required to provide either (1) Plaintiffs' attorney of record, as well as Plaintiffs' designated consultants or experts (collectively, together with Plaintiffs' attorney of record, "Plaintiffs' Designees"), or (2) Defendant's attorney of record, as well as Defendant's designated consultants or experts (collectively, together with Defendant's attorney of record, "Defendant's Designees"), with access to, or copies of, certain documents, data, and other materials within the possession, custody, or control of said Intervenors;

WHEREAS such documents, data, and other materials contain confidential business information, or may contain information that said Intervenors assert and designate as being confidential business information and therefore subject to protection from disclosure to Plaintiffs or Defendant generally, or from further disclosure by any of Plaintiffs' Designees or Defendant's Designees;

WHEREAS such documents, data, and other materials shall hereinafter be referred to as the "Confidential Materials" for purposes of this Joint Stipulation; and

WHEREAS the parties intend for this Joint Stipulation and Order to establish the procedures by which the Confidential Materials will be provided by Intervenors to Plaintiffs' Designees and to Defendant's Designees pursuant to the following discovery requests dated January 30, 2007, and received by Intervenors from Plaintiffs on February 5, 2007 ("First Discovery Requests"), but not any other discovery requests unless the provisions hereof formally are extended thereto:

(1) Plaintiffs' First Interrogatories to Intervenor BP Exploration (Alaska) Inc.;

(2) Plaintiffs' First Requests for Production to Intervenor BP Exploration (Alaska) Inc.; and

(3) Plaintiffs' First Requests for Production to Intervenor ConocoPhillips Alaska, Inc.,

and otherwise to govern Plaintiffs' Designees' handling and Defendant's Designees' handling of the Confidential Materials provided by Intervenors pursuant to said First Discovery Requests.

**THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:**

1. This Agreement governs the provision of Confidential Materials by Intervenors to Plaintiffs' Designees and to Defendant's Designees pursuant to the First Discovery Requests, regardless of the context (i.e., in the course of litigation, ADR, or informal settlement discussions) in which the provision occurs.

2. Neither Plaintiffs' Designees nor Defendant's Designees shall use the Confidential Materials, or their contents, for any purpose other than in connection with this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related litigation or administrative proceedings before the United States Department of the Interior. Any information contained in the Confidential Materials shall be kept strictly confidential by Plaintiffs' Designees and by Defendant's Designees, and the information contained therein shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Joint Stipulation or by such further Order that this Court may enter.

3. Any documents, data, or other materials made available by any Intervenor to Plaintiffs' Designees or to Defendant's Designees for inspection in this case shall be deemed

Confidential for purposes of the inspection. Any Confidential Materials that Plaintiffs' Designees or Defendant's Designees choose to have copied or otherwise imaged shall first be stamped "CONFIDENTIAL PER PROTECTIVE ORDER IN CASE NO. 06-491 L ." The parties may agree to forgo Intervenors' review to determine the confidentiality of the documents, data, and other materials chosen by Plaintiffs' Designees or Defendant's Designees for copying or imaging, in which case the producing Intervenor shall stamp "CONFIDENTIAL PER PROTECTIVE ORDER IN CASE NO. 06-491 L " on all of the documents, data, and other materials before providing them to Plaintiffs' Designees or Defendant's Designees. The documents, data, and other materials stamped in this manner shall be deemed Confidential Materials and protected as such under this Agreement. Intervenors and the requesting party shall share equally the costs of copying or imaging any documents, data, or other materials requested of any Intervenor. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of copying the requested documents.

4. Any notes, summaries, or dictation tapes that are made by anyone as part of their review of the Confidential Materials and that contain information regarding the Confidential Materials shall be stamped "CONFIDENTIAL PER PROTECTIVE ORDER IN CASE NO. 06-491 L " and shall be subject to the same provisions as copies or images of the Confidential Materials, themselves.

5. The Confidential Materials may be disclosed without further Court approval only to the following:

   (a) the Court or any settlement judge or mediator appointed, designated, or

selected to work with the parties in this case;

(b) Plaintiffs' Designees or Defendant's Designees in this case; and

(c) any attorney, paralegal, or support person in the office of any attorney of record in this case to whom disclosure is or may be necessary in the ordinary course of representing Plaintiff or Defendant herein.

Plaintiffs' Designees, Defendant's designees, and any attorney, paralegal, or support person in the office of any attorney of record in this case to whom disclosure is or may be necessary in the ordinary course of representing Plaintiff or Defendant herein may have access to the Confidential Materials, provided, however, that before receiving access to the Confidential Materials, the person receiving such access shall execute an "Agreement To Maintain Confidentiality" in the form attached hereto as Exhibit A and shall provide said Agreement to the attorney of record who is making the disclosure to such person. The executed Agreements To Maintain Confidentiality shall be maintained by such attorney of record.

6. Confidential Materials shall be filed under seal and maintained under seal by the Clerk of Court in the event that such materials are filed in the court as evidence or exhibits or for any other purpose. Except as otherwise ordered by the Court, the parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, summarizing, or paraphrasing any of the Confidential Materials or containing information obtained from the Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the

action, an indication of the nature of the contents of such sealed envelope or other container, the phrase "CONFIDENTIAL MATERIALS FILED UNDER SEAL" and a statement substantially in the following form:

> This envelope or container is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed, except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court or counsel of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

Any filing of documents under seal shall refer to the caption of this case, its civil docket or case number, and the docket numbers of this Joint Stipulation and associated Order.

7. It shall be the responsibility of each attorney of record herein, as well as any attorney(s) working with each attorney of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Joint Stipulation and associated Order, to control the duplication of, access to, and distribution of the Confidential Materials.

8. All individuals to whom documents or copies subject to this Agreement and the associated Order are disclosed shall return or destroy all documents, copies, images, notes, and tapes in their possession to counsel for Intervenors no later than 60 days following the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings before the Department of the Interior, whichever occurs later. The obligation to return or destroy shall apply to an individual or entity receiving the Confidential Materials, when that individual or entity is no longer a party herein or when an attorney or designee is no

longer retained to work on this case, whichever comes earlier. Individuals or entities returning or destroying documents, copies, images, notes, and tapes under any circumstance shall certify in writing that the documents, copies, images, notes, and tapes have been returned or destroyed. Each attorney of record shall maintain a copy of any aforementioned certification and provide a copy of such certification to counsel for Intervenors upon request.

9. If any party disputes an Intervenor's assertion and designation that a document, data, or information is/are entitled to confidentiality protection or disputes the restrictions on the use of such material claimed to be entitled to confidential protection, said party shall notify Intervenors in writing and state therein the grounds for disputing said Intervenor's assertion and designation of confidentiality. Within 30 days of Intervenors' receipt of such written notification (or a longer period of time if the parties so agree), the parties herein shall discuss and attempt to informally resolve the dispute. If the parties do not resolve the dispute within 30 days or an agreed upon extension thereof, the disputing party may file a motion to seek a ruling from the Court regarding the Intervenor's assertion and designation regarding confidentiality.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge

**EXHIBIT A**

**Agreement To Maintain Confidentiality**

WHEREAS, the undersigned has received a copy of the Stipulation Re Confidentiality of Certain Documents, Data, and Other Materials To Be Provided By Intervenors (hereinafter "the Joint Stipulation"), dated June 1 2007, and a copy of the Order of the court in Case No. 06-491 L approving the Joint Stipulation; and

WHEREAS, the undersigned has read said Joint Stipulation and said Order and also has received such advice and counsel regarding his or her obligations under this Agreement To Maintain Confidentiality as he or she considers necessary and appropriate under the circumstances; and

WHEREAS, the term "Confidential Materials" shall mean the same herein as in the Joint Stipulation,

NOW, THEREFORE, the undersigned hereby agrees, for the benefit of the owner of any Confidential Materials provided to me, to be bound to all of the provisions of the Joint Stipulation regarding nondisclosure, duplication, use, and return or destruction of Confidential Materials as fully as if I were a signatory to said Joint Stipulation.

___________________________________
[name of signatory]
Date:____________________

STATE OF ______________)
) ss.
COUNTY OF ______)

This certifies that on the _____ day of __________, 2007, the foregoing agreement was acknowledged before me by [name of signatory].

___________________________________
Notary Public for the State of __________