**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA,** | ) | |
| **Plaintiffs,** | ) | **No. 06-491 L** |
| **v.** | ) | **Chief Judge Edward J. Damich** |
| **THE UNITED STATES,** | ) | **MOTION TO AMEND** |
| **Defendant.** | ) | |

Comes now Plaintiffs, pursuant to RCFC 15(a) and the Court's Order of June 25, 2007, Docket 45, to seek leave of Court to amend its Complaint in this matter. A copy of the proposed Second Amended Complaint and proposed Order accompany this Motion. The amendment incorporates the Lisburne P.A. issue into Claim Three, which is unopposed, and updates the Complaint in other minor ways in keeping with Plaintiffs' present understanding of applicable facts and law.

The leave to amend standard is set out in RCFC 15(a), and is that "...leave is to be freely given when justice so requires." *First Interstate Bank of Billings v. United States,* 61 F. 3rd 876, 881 (Fed Cir 1995) (applying standard); *Te-Moak Band v. United States,* 948 F. 2d 1258, 1260 (Fed Cir 1991) (applying U.S. Supreme Court's interpretation of similar FRCP 15(a) to predecessor court's rules, holding that leave to

amend is only to be denied when amendment involves "under delay, bad faith, dilatory motive, failure to correct deficiencies which could have been cured earlier [or] under prejudice to the non-moving party…")

None of these reasons for denying leave to amend are applicable in this case. The amendment of regarding the Lisburne P.A. in Claim Three is unopposed and the facts regarding that amendment were only recently learned through discovery. The other changes simply updated the allegations as a result of the better understanding of the facts and law gained through discovery and over the last year since the original Complaint was filed. They are not the result of any bad faith or dilatory motive. This case is still in the most preliminary stages and the amendments will cause no undue delay or under prejudice. To the contrary, it more precisely states Plaintiffs' claims.

It is requested that leave to amend be granted.

DATED this 22nd day of June 2007.

Respectfully submitted,

s/ Raymond G. Givens
Raymond C. Givens
Givens Law Firm
Attorney for Plaintiffs
P.O. Box 400
912 East Sherman Avenue
Coeur d'Alene, ID 83816-0400
Telephone: 208-676-1310
Fax: 208-676-1296
raygivens@givenslaw.com