# APPENDIX A TO KUUKPIK CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

# AS 45.50.940

**Sec. 45.50.940. Definitions.** In AS 45.50.910 — 45.50.945, unless the context otherwise requires,

(1) "improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means;

(2) "misappropriation" means

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(B) disclosure or use of a trade secret of another without express or implied consent by a person who

(i) used improper means to acquire knowledge of the trade secret; or

(ii) at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it or who owed a duty to the person seeking relief to maintain its secrecy or limit its use, or was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(iii) before a material change of the person's position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake;

(3) "trade secret" means information that

(A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. (§ 1 ch 103 SLA 1988)

**Sec. 45.50.945. Short title.** AS 45.50.910 — 45.50.945 may be cited as the Alaska Uniform Trade Secrets Act. (§ 1 ch 103 SLA 1988)

# ANCSA (14(f)

(f) When the Secretary issues a patent to a Village Corporation for the surface estate in lands pursuant to subsections (a) and (b), he shall issue to the Regional Corporation for the region in which the lands are located a patent to the subsurface estate in such lands, except lands located in the National Wildlife Refuge System and lands withdrawn or reserved for national defense purposes, including Naval Petroleum Reserve Numbered 4, for which in lieu rights are provided for in subsection 12(a)(1): Provided, That the right to explore, develop, or remove minerals from the subsurface estate in the lands within the boundaries of any Native village shall be subject to the consent of the Village Corporation.

# ANILCA 1431 (o)

(o) Future Opinion To Exchange, etc.—(1) Whenever, at any time within forty years after the date of enactment of this Act, public lands in the National Petroleum Reserve—Alaska or in the Arctic National Wildlife Range, within seventy-five miles of lands selected by a Village Corporation pursuant to the provisions of § 12(a)(1) of the Alaska Native Claims Settlement Act, are opened for purposes of commercial development (rather than exploration) of oil or gas, Arctic Slope Regional Corporation shall be entitled, at its option, within five years of the date of such opening, to consolidate lands by exchanging the in-lieu subsurface lands which it selected pursuant to the provisions of § 12(a)(1) of the Act for an equal acreage of the subsurface estate, identified by Arctic Slope Regional Corporation, beneath the lands selected by the Village Corporation. Prior to the exercise of such option, Arctic Slope Regional Corporation shall obtain the concurrence of the affected Village Corporation. The subsurface estate identified for receipt by Arctic Slope Regional Corporation pursuant to this subsection shall be contiguous and in reasonably compact tracts, except as separated by lands which are unavailable for selection, and shall be in whole sections and, wherever feasible, in units of not less than five thousand seven hundred and sixty acres.

(2) Arctic Slope Regional Corporation shall not be entitled to exchange, pursuant to the provisions of paragraph (1) of this subsection, any in-lieu subsurface estate which the corporation has developed for purposes of commercial extraction of subsurface resources; unless the Secretary determines such an exchange to be in the national interest.

(3) The Secretary shall take such steps as may be necessary to effectuate an exchange sought by Arctic Slope Regional Corporation in accordance with the provisions of paragraph (1).

(4) With regard to subsurface estates acquired by Arctic Slope Regional Corporation pursuant to this subsection, the Secretary may promulgate such regulations as may be necessary to protect the environmental values of the Reserve or Range and consistent with the regulations governing the development of those lands within the Reserve or Range which have been opened for purposes of development, including, but not limited to, regulations issued pursuant to § 22(g) of the Alaska Native Claims Settlement Act.