IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA, | ) | No. 06-491 L<br>Chief Judge Edward Damich |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant, and | ) | PLAINTIFFS' REPLY BRIEF RE: MOTION TO COMPEL |
| BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC. and FOREST OIL CORPORATION, | ) | |
| Defendant Intervenors. | ) | |

## I. INTRODUCTION

Plaintiffs' herein reply regarding the opposition to its Motion to Compel production of certain documents in the possession of Intervenor ConocoPhillips Alaska Inc., (ConocoPhillips). Plaintiffs' ask that production be compelled because the documents are relevant, and reasonably calculated to lead to admissible evidence regarding Claim Two generally, and the pending Motions to Dismiss and for Summary Judgment.

The United States, Intervening Oil Companies, including ConocoPhillips, and limited Intervenor Kuukpik Corporation (Kuukpik) have all opposed the Motion to Compel on various grounds. Docket 50 (United States Opposition), Docket 51 (Intervening Oil Companies Opposition), Docket 60 (Kuukpik Opposition).

This Reply Brief will state Oengas' Initial Position, summarizing the Opposition Positions and state Oengas' Reply.

## II. REQUESTED DOCUMENTS RELEVANT

**A. Oengas' Initial Position** – Dockets 46-2

None of the discovery limitations of RCFC 26 (b)(2) apply. Docket 46-2 p 6-8. Under Federal Rule of Evidence 401, the discovery test of RCFC 26 (b)(1) and the facts set forth in the Declaration of Morse, the requested documents meet the required discovery test of "reasonably calculated to lead to admissible evidence" and are thus presently discoverable. RCFC 26 (b)(1).

**B. Opposition Positions** – Docket 50 (United States), Docket 51 (Intervening Oil Companies), Docket 60 (Kuukpik).

The United States argues that the statutes and regulations do not "impose any money mandating duty upon the United States to give any consideration to royalties paid for use of properly allegedly comparable to parcel B." Docket 50 p 2. Similarly, the United States argues that the Lease prohibits basing rent on the "income the Lessee derives from the leased premises" Id p 3. The United States appears not to challenge the documents relevance to damages. Id p 4.

The Intervenor Oil Companies argues that the documents are not discoverable because they are not necessary to establish the use of royalties at neighboring oil sites. Docket 51 p 3. In support of this point they attach a list of all Tracts at the Colville River Unit showing Kuukpik receiving royalties ranging from 1% - 2% on most of the Tracts. Docket 52, 52-2 p 1 – 50. The

Intervenors Oil Companies also summarily conclude that the requested documents are not relevant to the issue of liability and will not lead admissible evidence. Docket 51, p 2-3. The Oil Companies concede that the documents "… might be relevant to the issue of damages ...", but reserve the right to contest that issue later. Id p 4.

Kuukpik argues that the requested documents are not relevant for several reasons. Docket 60. Kuukpik initially sets forth certain background information and states why it does not want the documents produced. Id p 4-10. Kuukpik then argues the documents are not relevant because 1) the Claim Two issue to be resolved is only whether the Untied States has a duty to consider or use royalty rental payments at "allegedly similar" sites, 2) the Kuukpik situation is not comparable to Oengas' and 3) the United States did not have access to the documents so Oengas should not have access either. Id p 10-16.

**C. Oengas' Reply**

The suggestion by the United States and Intervenors that the requested documents are not discoverable is misplaced for several reasons.. The requested documents are relevant and are thus discoverable.

First, the requested documents are relevant to a portion of the liability consideration of the pending Claim Two motions. The liability issue of Claim Two is whether the United States had, and breached a money-mandating duty to collect "present fair annual rental" for the lease of Plaintiffs' allotment, 25 USC 415, 25 CFR 162.5 (a),(b) (1982), *Brown v. United States,* 86 F3d 1554 (Fed Cir 1996) (holding that 25 USC §415 and 25 CFR Part 162 created of a money mandating fiduciary duty, the breach of which could render the United States liable for damages). cf *Rosebud Sioux Tribe v. United States,* 75 Fed Cl 15, 25-31 (2007) (discussing duty owed and *Brown* in light of intervening cases.)

The United States' has improperly characterized the Claim Two questions as one of whether the statute and regulations "impose any money mandating duty upon the United States to give any consideration to royalties paid for the use of property allegedly comparable to parcel B." Docket 50 p 2. This royalty consideration is <u>part</u> of the duty and breach question, but certainly not the entirety of the question. The ultimate duty question is whether the rent collected by the United States for the lease of the Oenga allotment was "fair" at the time of collection under the "present fair annual rental" standard of 25 CFR 162.5 (a),(b).

One small aspect of the question concerning the duty to collect "present fair annual rental" is whether the royalties, or amounts collected as rent through the use of royalties, at other comparable locations should be considered. Before a plaintiff can argue such royalty issues should be considered at all, it is probably required, and certainly relevant, for that plaintiff to offer evidence that royalties are so used at comparable sites. The requested documents go to that question and thus are relevant and discoverable.

While the proof of this royalty consideration has surely been aided by filings of those opposing this Motion to Compel, those filings do not diminish the relevance of the requested documents. See Intervening Oil Companies' Appendix A, Docket 52 (showing a 1%-2% royalty paid to surface owner Kuukpik at neighboring oil field), Declaration of Lanston Chin Docket 60-3 (explaining royalties and other consideration received by surface owner Kuukpik at neighboring oil filed). However, if the Court deems these filings by the Intervening Oil Companies and Kuukpik to have conclusively established that 1% - 2% royalties and other consideration have in fact been paid at a comparable neighboring site as compensation for the lease and use of surface interests for the development of subsurface oil and gas accumulations, then Plaintiffs' present need for these documents has been greatly reduced. Under such a

finding, if might be appropriate to presently deny discovery of the documents under RCFC 26 (b)(2)(iii) (burden of production outweigh benefit). Questions of discoverability for damage purposes could thus be deferred. Otherwise, the documents are relevant and production is appropriate.

Second, the requested documents are relevant because the questions raised in Claim Two and the pending motions are not purely a legal questions as suggested by the Intervening Oil Companies, Docket 51, p 2, and Kuukpik, Docket 60, p 12. This is shown by the discussion above. This "legal question" argument is also undercut by the United States alternatively filing its motions as ones for summary judgment and attaching 45 documents outside the pleadings for the Court's consideration of their motion. Docket 42-2 p 1-84 . If the United States' Motion had no factual component, there would have been no need to attach those 45 documents and alternatively characterized the Motions as ones for Summary Judgment.

Third, Kuukpik's arguments regarding acreage and whether the documents should not be produced because Kuukpik situation differs from Oengas' is misplaced. Whether or not the two situations are comparable is a factual issue. The requested documents are relevant to the that factual issue and are therefore discoverable. Furthermore, Kuukpik's argument is based on a misunderstanding of the underlying issues. In both the Kuukpik and Oenga situations, the holder of subsurface oil and gas rights could not access those deposits without the consent of surface owner.[1] With Kuukpik, consent to access was required because of the statutory consent

---

[1] A careful reading of the actual Native Allotment conveying the Heald Point allotment to Oengas makes clear that the reserved oil and gas exploration and production right apply only to deposits directly underlying the Oenga Allotment, not deposit underlying other properties. Thus Oenga consent is needed to use the Oenga property to access oil and gas deposits underlying other properties such the Niakuk PA, West Niakuk PA or Lisburne PA at issues in this case. See Native Allotment, see Docket 42-2, p 7-8.

requirement of 43 USC §1613 (f) and the need for surface drilling pads. With Oenga, consent to access was required because of the need for a production location caused by the denial of the permits for the causeway shown in the attachment to the original 1989 Lease and because of the unique location of the Oenga Allotment that allowed access to the oil fields and to the transportation pipelines that was not otherwise accessible.

The genesis of this need for consent does not matter. What matters is that consent was required in both cases to access the oil fields. Without such consent, oil could not be produced. If this consent is worth 1% or 2% of the oil produced in the Kuukpik situation, then that fact is relevant to the liability determination of whether the United States breached its duty owed Oengas to collect "present fair annual rental." 25 CFR 162.5 (a),(b) (1982).

Finally, Kuukpik's argument that the documents should not be produced because BIA did not have them also misses the mark. The liability question is whether the United States breached its duty to collect "present fair annual rental" Id. The requested documents address that question as discussed above. If these documents will lead to admissible evidence on this point, they are discoverable. RCFC 26 (b)(1) (relevant information discoverable if "reasonably calculated to lead to the discovery of admissible evidence").

For all the reasons discussed above, these documents meet the discoverability standard of the Rule 26(b). The documents are discoverable.

**D. Conclusion**

For the reasons stated above, the Motion to Compel should be granted unless the Court finds that it has been conclusively established that 1% - 2% royalties and other consideration have been paid at a comparable oil field for the lease of surface interest that allowed the access to and development of subsurface oil and natural gas deposits.

DATED this 27th day of June, 2007.

Respectfully submitted,

s/ Raymond C. Givens
Raymond C. Givens
Givens Law Firm
Attorney for Plaintiffs
P.O. Box 400
912 East Sherman Avenue
Coeur d'Alene, ID 83816-0400
Telephone: 208-676-1310
Fax: 208-676-1296
raygivens@givenslaw.com

**Certificate of Service**

I hereby certify that on the 27th day of June, 2007, I electronically filed the foregoing Plaintiffs' Reply Brief with the Clerk of the Court using the CM/ECF System which will send notifications of such filing to all parties of record.

James M. Upton
U.S. Department of Justice
Environment & Natural Resources Div.
P.O. Box 663
Washington, D.C. 20044-0663
Tele: 202-305-0482
Fax: 202-305-0506
james.upton@usdoj.gov
Attorney for Defendant

Bruce E. Falconer
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
Tele: 907-272-8401
Fax: 907-274-3698
bfalconer@bcf.us.com
Attorney for Intervenor

Joseph J. Perkins, Jr.
Guess & Rudd, P.C.
510 L. Street, Suite 700
Anchorage, Alaska 99501
Tele: 907-793-2200
Fax: 907-793-2299
jperkins@guessrudd.com
jhunter@guessrudd.com
kmason@guessrudd.com
kwaggoner@guessrudd.com
Attorneys for Intervenors