IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA, ) | |
| Plaintiffs, ) | Case No. 06-491 L<br>(ECF No. 1-06-cv-00491-EJD)<br>Chief Judge Edward J. Damich |
| vs. ) | |
| THE UNITED STATES, ) | |
| Defendant, ) | |
| and BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXONMOBIL ALASKA PRODUCTION INC., CHEVRON U.S.A. INC., and FOREST OIL CORPORATION, ) | |
| Intervenor-Defendants, ) | |
| and KUUKPIK CORPORATION, ) | |
| Intervenor-Defendant. ) | |

**ANSWER OF INITIAL INTERVENOR-DEFENDANTS TO SECOND AMENDED COMPLAINT**

Intervenor-Defendants BP Exploration (Alaska) Inc., ConocoPhillips Alaska, Inc., ExxonMobil Alaska Production Inc., Chevron U.S.A. Inc., and Forest Oil Corporation

("Intervenor-Defendants"), by and through their counsel GUESS & RUDD P.C., hereby answer Plaintiffs' Second Amended Complaint ("Complaint") as follows:

## I. PRELIMINARY STATEMENT

1. Insofar as Complaint ¶ 1 contains one or more averments to which Intervenor-Defendants must respond, Intervenor-Defendants state that they lack knowledge or information sufficient to form a belief at this time as to the truth of the averments and therefore deny the same.

## II. JURISDICTION

2. (a) Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 2(a) and therefore deny the same.

(b) Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 2(b) and therefore deny the same.

(c) Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 2(c) and therefore deny the same.

(d) Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 2(d) and therefore deny the same.

3. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 3 and therefore deny the same.

4. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 4 and therefore deny the same.

5. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in the first two sentences of Complaint ¶ 5 and therefore deny the same. With respect to the averments contained in the remainder of Complaint ¶ 5, each of Intervenor-Defendants (a) denies that any of them improperly has concealed any facts or information from any party to this action, (b) denies that any of them has acted in any manner contrary to law insofar as the same relates to or affects this action or any underlying agreement with any of the Plaintiffs, (c) denies that any of them has acted in a manner contrary to, inconsistent with, or in violation of any provision of any agreement to which any of them is a party with any of the Plaintiffs, (d) denies that any failure by any of them to act has been contrary to,

inconsistent with, or in violation of any provision of any agreement to which any of them is a party with any of the Plaintiffs, and (e) lacks knowledge or information sufficient to form a belief at this time as to the truth of the remaining averments contained in Complaint ¶ 5 and therefore denies the same.

6. Intervenor-Defendants admit that BP Exploration (Alaska) Inc. entered into a tolling agreement as described in Complaint ¶ 6. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the remaining averments contained in Complaint ¶ 6 and therefore deny the same.

## III. PARTIES

7. a. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.a and therefore deny the same.

b. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.b and therefore deny the same.

c. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.c and therefore deny the same.

d. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.d and therefore deny the same.

e. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.e and therefore deny the same.

f. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.f and therefore deny the same.

g. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.g and therefore deny the same.

h. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 7.h and therefore deny the same.

8. Intervenor-Defendants admit the truth of the averments contained in Complaint ¶ 8.

9. a. Intervenor-Defendants admit that BP Exploration (Alaska) Inc. (sometimes referred to herein as "BPX") is a Delaware corporation the name of which was "Standard Alaska Production Company" until January 31, 1989. Intervenor-Defendants also admit that BP Exploration (Alaska) Inc. is lessee under the agreement (known collectively as "BIA Lease F-89-01") that is embodied in the following documents:

(1) Lease Agreement (BIA Lease No. F-89-01), effective January 1, 1989, and recorded on February 1, 1989, at Book 53, Pages 873-890, Barrow Recording District ("Original Lease Agreement").

(2) BPX's unrecorded letter of July 29, 1993, pursuant to which BPX gave written notice under the Original Lease Agreement of the following:

(a) BPX's satisfaction of its obligation under Section 1 of the Original Lease Agreement (which obligation accrued when BPX received all of the permits and authorizations that it believed that it needed to proceed with development of the Niakuk Project) to convert the lease from a year-to-year tenancy to a long term tenancy expiring (unless extended pursuant to Section 2 of the Lease) on December 31, 2014, subject to BPX's right (exercisable only at five-year intervals) to cancel the Lease pursuant to Section 15 of the Original Lease Agreement;

(b) BPX's exercise of its option under Section 11 of the Original Lease Agreement to increase the size of the leased premises.

(In its letter of July 29, 1993, BPX proposed an effective date of August 1, 1993, for its increase from 10 acres to 20 acres, and the BIA acknowledged and

agreed to such effective date when it signed BPX's letter of July 29, 1993.)

(3) Agreement To Amend BIA Lease F-89-01, effective January 20, 1994, and recorded on May 2, 1994, at Book 74, Pages 292-298, Barrow Recording District ("1994 Lease Amendment").

(4) Third Amendment To BIA Lease F-89-01, effective May 11, 1995, and recorded on June 14, 1995, at Book 79, Pages 223-227, Barrow Recording District ("1995 Lease Amendment").

Intervenor-Defendants also admit the following:

(i) BP Exploration (Alaska) Inc. in the past was the sole lessee under, *inter alia*, both (A) State of Alaska competitive oil and gas lease ADL-34630 covering, *inter alia*, the portion of the lands subject to BIA Lease F-89-01 that is within Sec. 36, T. 12 N., R. 15 E., U.M., and (B) those State of Alaska competitive oil and gas leases originally included in the Niakuk Participating Area established under the Prudhoe Bay Unit Agreement from which oil and gas has been produced using facilities developed on the lands subject to BIA Lease F-89-01;

(ii) BP Exploration (Alaska) Inc. now is co-lessee with the other Intervenor-Defendants under, *inter alia*, (A) the State of Alaska competitive oil and gas leases included in the Niakuk Participating Area established under the Prudhoe Bay Unit Agreement from which oil and gas has been produced

and is continuing to be produced using facilities developed on the lands subject to BIA Lease F-89-01, (B) certain additional State of Alaska competitive oil and gas leases included in the West Niakuk Participating Area established under the Prudhoe Bay Unit Agreement from which oil and gas has been produced and is continuing to be produced using facilities developed on the lands subject to BIA Lease F-89-01, and (C) certain additional State of Alaska competitive oil and gas leases included in the Lisburne Participating Area established under the Prudhoe Bay Unit Agreement from which oil and gas has been produced and is continuing to be produced using facilities developed on the lands subject to BIA Lease F-89-01;

(iii) BP Exploration (Alaska) Inc. also serves at this time as Unit Operator under the Prudhoe Bay Unit Agreement for all of the owners of working interests in, *inter alia*, those State of Alaska competitive oil and gas leases subject to the Prudhoe Bay Unit Agreement from which oil and gas are being produced using facilities developed on the lands subject to BIA Lease F-89-01;

(iv) as of the date of filing the original complaint herein, Intervenor-Defendants constituted all of the owners of such working interests;

(v) the Participating Areas established to date under the Prudhoe Bay Unit Agreement from which oil and gas have been produced using facilities developed on the lands subject to BIA Lease F-89-01 include the Niakuk Participating Area, the West Niakuk Participating Area, and the Lisburne Participating Area;

(vi) pending at this time before the State of Alaska Department of Natural Resources is an application to merge the West Niakuk Participating Area into the Niakuk Participating Area;

(vii) pending at this time before the State of Alaska Department of Natural Resources is an application to form the Raven Participating Area under the Prudhoe Bay Unit Agreement covering certain lands already included in the Niakuk Participating Area.

Insofar as Complaint ¶ 9.a contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

b. Intervenor-Defendants admit that ConocoPhillips Alaska, Inc. is a Delaware corporation formerly known (until April 27, 2000) as ARCO Alaska, Inc. and then (until September 6, 2002) as PHILLIPS Alaska, Inc. Intervenor-Defendants also admit that (i) ConocoPhillips Alaska, Inc. was co-lessee with Exxon Corporation under,

*inter alia*, the State of Alaska competitive oil and gas leases included in the West Niakuk Participating Area from which oil and gas has been produced using facilities on the lands subject to BIA Lease F-89-01, and (ii) ConocoPhillips Alaska, Inc. now is co-lessee with the other Intervenor-Defendants under, *inter alia*, all of the State of Alaska competitive oil and gas leases from which oil and gas now is being produced using facilities developed on the lands subject to BIA Lease F-89-01. Insofar as Complaint ¶ 9.b contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

c. Intervenor-Defendants admit that Exxon Mobil Corporation (a New Jersey corporation that is not a party to this action and that formerly was known as Exxon Corporation) was co-lessee with ConocoPhillips Alaska, Inc. under, *inter alia*, the State of Alaska competitive oil and gas leases included in the West Niakuk Participating Area from which oil and gas has been produced using facilities on the lands subject to BIA Lease F-89-01. Intervenor-Defendants also admit that effective July 1, 2001, Exxon Mobil Corporation assigned to ExxonMobil Alaska Production Inc. all of the interests then held by Exxon Mobil Corporation in state oil and gas leases subject to the Prudhoe Bay Unit Agreement. Intervenor-Defendants also admit that ExxonMobil Alaska Production Inc. now is co-lessee with the other Intervenor-Defendants under, *inter alia*, all of the State of Alaska Competitive Oil and Gas Leases from which oil and gas now is

being produced using facilities developed on the lands subject to BIA Lease F-89-01. Insofar as Complaint ¶ 9.c contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

d. Intervenor-Defendants admit that Forest Oil Corporation is a New York corporation and that at the time of filing the original complaint herein it was co-lessee with the other Intervenor-Defendants under, *inter alia*, all of the State of Alaska competitive oil and gas leases from which oil and gas then was and now is being produced using facilities developed on the lands subject to BIA Lease F-89-01. After the filing of the original complaint herein, Forest Oil Corporation transferred to certain of the other Intervenor-Defendants all of its interests in, *inter alia*, all of the State of Alaska competitive oil and gas leases from which oil and gas then was and now is being produced using facilities developed on the lands subject to BIA Lease F-89-01; said transfer was approved by the State of Alaska Department of Natural Resources on December 4, 2006 (effective retroactive to September 1, 2006). Insofar as Complaint ¶ 9.d contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

e. Intervenor-Defendants admit that Chevron U.S.A. Inc. is a Pennsylvania corporation and that at this time it is co-lessee with the other Intervenor-Defendants

under, *inter alia*, all of the State of Alaska competitive oil and gas leases from which oil and gas now is being produced using facilities developed on the lands subject to BIA Lease F-89-01. Insofar as Complaint ¶ 9.e contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

f. Intervenor-Defendants admit that (i) the State of Alaska became owner—either (A) pursuant to the Submerged Lands Act, 43 U.S.C. §§ 1301-1315, as made applicable to Alaska by section 6(m) of the Alaska Statehood Act, 48 U.S.C. prec. § 21, or (B) by selection by and conveyance to the state pursuant to section 6(b) of the Alaska Statehood Act, 48 U.S.C. prec. § 21—of, *inter alia*, all estates, rights, titles, and interests in, to, and respecting all oil and gas in and under all of the lands relevant to this matter, (ii) the State of Alaska is the lessor under, *inter alia*, (A) State of Alaska competitive oil and gas lease ADL-34630 covering, *inter alia*, the portion of the lands subject to BIA Lease F-89-01 that is within Sec. 36, T. 12 N., R. 15 E., U.M., and (B) all of the other State of Alaska competitive oil and gas leases from which oil and gas has been produced and is being produced using facilities developed on the lands subject to BIA Lease F-89-01, and (iii) said competitive oil and gas leases, as amended and supplemented by the Prudhoe Bay Unit Agreement, speak for themselves. Insofar as Complaint ¶ 9.f contains any averments contrary to, inconsistent with, or in addition to the foregoing,

Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

g. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 9.g and therefore deny the same.

h. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment contained in Complaint ¶ 9.h and therefore deny the same.

## IV. GENERAL FACTS

10. Intervenor-Defendants admit the truth of the averments contained in the first three sentences of Complaint ¶ 10. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in the remainder of Complaint ¶ 10 and therefore deny the same.

11. Intervenor-Defendants admit that Andrew Oenga filed with the Department of the Interior on November 24, 1971, an application to acquire, *inter alia,* a 40-acre parcel of land at Heald Point under the Alaska Native Allotment Act of 1906 (Act of May 17, 1906, 34 Stat. 197 (repealed 1971) (formerly codified at 48 U.S.C. § 357 and then at 43 U.S.C. § 270-1)). See BLM File AKFF014632B. Intervenor-Defendants also admit that said 40-acre parcel includes 22.21 acres within Sec. 36, T. 12 N., R. 15 E., U.M. (the

northerly portion), and that the remainder of said 40-acre parcel (the southerly portion) is situated in Sec. 1, T. 11 N., R. 15 E., U.M. Intervenor-Defendants also admit that, as to the 22.21 acres of said parcel situated in Sec. 36, T. 12 N., R. 15 E., U.M.,

(i) the allotment application was approved;

(ii) Native Allotment Certificate No. 50-2005-0580 eventually was issued on September 27, 2005;

(iii) said allotment certificate expressly excepted and reserved to the United States, out of the estate conveyed by said certificate,

> [a]ll of [the] oil and gas in the land so allotted, and to [the U.S.], or persons authorized by it, the right to prospect for, mine, and remove such deposits from the same upon compliance with the conditions and subject to the provision and limitations of the Act of March 8, 1922, as amended, 43 U.S.C. §§ 270-11 (1982) (repealed with a savings provision) and 270-12 (2000);

(iv) said excepted oil and gas estate previously had been conveyed by the United States to the State of Alaska and included in State of Alaska competitive oil and gas lease ADL-34630.

Intervenor-Defendants also admit that, as to the remainder of said parcel (i.e., the southerly portion) situated in Sec. 1, T. 11 N., R. 15 E., U.M., the allotment has not yet been conveyed by the United States to the heirs of Andrew Oenga. Insofar as

Complaint ¶ 11 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

12. Insofar as Complaint ¶ 12 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 11 above, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

13. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 13 and therefore deny the same.

14. Intervenor-Defendants admit that the Original Lease Agreement (as defined in Answer ¶ 9.a(1) above) was executed in 1989 and that the Original Lease Agreement speaks for itself. Insofar as Complaint ¶ 14 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

15. Intervenor-Defendants admit that BPX's unrecorded letter of July 29, 1993 (as described in Answer ¶ 9.a(2) above) was sent on July 29, 1993, and that said letter speaks for itself. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averment respecting the date of Andrew Oenga's death and therefore deny the same. Insofar as Complaint ¶ 15 contains any averments

contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

16. Insofar as Complaint ¶ 16 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 15 above, Intervenor-Defendants deny the same.

17. Intervenor-Defendants admit that the 1994 Lease Amendment (as defined in Answer ¶ 9.a(3) above) was executed in 1994 and that the 1994 Lease Amendment speaks for itself. Insofar as Complaint ¶ 17 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

18. Intervenor-Defendants admit that the 1995 Lease Amendment (as defined in Answer ¶ 9.a(4) above) was executed in 1995 and that the 1995 Lease Amendment speaks for itself. Insofar as Complaint ¶ 18 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

19. Insofar as Complaint ¶ 19 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 14 above, Intervenor-Defendants deny the same.

20. Insofar as Complaint ¶ 20 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 15 above, Intervenor-Defendants deny the same.

21. Intervenor-Defendants admit that BIA Lease F-89-01 (as defined in Answer ¶ 9.a above) speaks for itself. Insofar as Complaint ¶ 21 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

22. Intervenor-Defendants admit that BIA Lease F-89-01 (as defined in Answer ¶ 9.a above) speaks for itself. Insofar as Complaint ¶ 22 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

23. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of any of the averments contained in Complaint ¶ 23 and therefore deny the same.

24. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of any of the averments contained in Complaint ¶ 24 and therefore deny the same.

25. Intervenor-Defendants admit that an appraisal (with an effective date of January 1, 2002) of the lands subject to BIA Lease F-89-01 was performed in 2005 and that issues regarding this appraisal and amounts due under BIA Lease F-89-01 for the time period for which said appraisal was prepared presently are pending before the Secretary of the Interior (acting through the Interior Board of Indian Appeals). See BP Exploration (Alaska) Inc. and Heirs of Andrew Oenga v. Alaska Regional Director, Bureau of Indian Affairs, Docket Nos. IBIA 06-71-A and IBIA 06-72-A (Int. Bd. of Indian App., filed

June 6, 2006, and June 9, 2006). Insofar as Complaint ¶ 25 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

26. Intervenor-Defendants admit that an appraisal dated February 1, 2007 (with an effective date of November 22, 2006) of the lands subject to BIA Lease F-89-01 was performed in 2006-07 and that issues regarding this appraisal and amounts due under BIA Lease F-89-01 for the time period for which said appraisal was prepared have been appealed by the Heirs of Andrew Oenga to the Secretary of the Interior (acting through the Interior Board of Indian Appeals). See Heirs of Andrew Oenga v. Acting Alaska Regional Director, Bureau of Indian Affairs, Docket No. IBIA ____ (Int. Bd. of Indian App.) (notice of appeal filed June 11, 2007; pre-docketing notice and order issued June 13, 2007). Insofar as Complaint ¶ 26 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

27. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of any of the averments contained in Complaint ¶ 27 and therefore deny the same.

28. Intervenor-Defendants admit that all or nearly all of the oil and gas produced to date from the State of Alaska competitive oil and gas leases included in the Niakuk Participating Area has been produced using facilities on the lands subject to BIA Lease

F-89-01. Insofar as Complaint ¶ 28 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants are unable to ascertain with particularity what such averments may be and therefore deny the same.

29. Intervenor-Defendants admit that BP Exploration (Alaska) Inc. has paid to the party or parties entitled thereto all monies due and owing under BIA Lease F-89-01 for the period 1994-2001. Insofar as Complaint ¶ 29 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of any of said averments and therefore deny the same.

30. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in the first sentence of Complaint ¶ 30 and therefore deny the same. Intervenor-Defendants admit that none of them has received any notice of default from the United States respecting BIA Lease F-89-01.

31. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in the first and second sentences of Complaint ¶ 31 and therefore deny the same. Intervenor-Defendants admit that none of them has received any "notice to halt trespass" from the United States respecting the lands subject to BIA Lease F-89-01 and that none of them has received notice of any

action or other attempt by the United States to recover any damages for trespass respecting the lands subject to BIA Lease F-89-01.

## V. CLAIM ONE
## MINERAL (OIL AND GAS) LEASE – 25 CFR § 212.1 ET SEQ.

32. Intervenor-Defendants incorporate herein all of their responses set forth in Answer ¶¶ 1-31 above.

33. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 33 and therefore deny the same.

34. Intervenor-Defendants admit that any regulation cited in Complaint ¶ 34 speaks for itself. Intervenor-Defendants deny that the regulation cited in Complaint ¶ 34 is relevant to this case. Insofar as Complaint ¶ 34 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

35. Intervenor-Defendants deny that the regulations cited in Complaint ¶ 35 are relevant to this case. Insofar as Complaint ¶ 35 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

36. Intervenor-Defendants deny the truth of the averments contained in the Complaint ¶ 36.

37. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 37 and therefore deny the same.

38. Intervenor-Defendants deny the truth of the averments contained in the Complaint ¶ 38.

39. Insofar as Complaint ¶ 39 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 29 above, Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of any of said averments and therefore deny the same.

40. Intervenor-Defendants deny the truth of the averments contained in the Complaint ¶ 40.

41. Intervenor-Defendants deny the truth of the averments contained in the Complaint ¶ 41.

## VI. ALTERNATIVE CLAIM TWO
## BUSINESS LEASE FAIR ANNUAL RENTAL, 25 CFR Part 162

42. Intervenor-Defendants incorporate herein all of their responses set forth in Answer ¶¶ 1-41 above.

43. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 43 and therefore deny the same.

44. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 44 and therefore deny the same.

45. Intervenor-Defendants admit that the regulations cited in Complaint ¶ 45 speak for themselves. Insofar as Complaint ¶ 45 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

46. Intervenor-Defendants admit that the regulations cited in Complaint ¶ 46 speak for themselves. Insofar as Complaint ¶ 46 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

47. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 47 and therefore deny the same.

48. Intervenor-Defendants admit that the regulations cited in Complaint ¶ 48 speak for themselves. Insofar as Complaint ¶ 48 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

49. Intervenor-Defendants admit that the regulations cited in Complaint ¶ 49 speak for themselves. Insofar as Complaint ¶ 49 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

50. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 50.

51. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 51.

52. Intervenor-Defendants admit that the regulations cited in Complaint ¶ 52 speak for themselves. Intervenor-Defendants deny the truth of all other averments contained in Complaint ¶ 52.

53. Insofar as Complaint ¶ 53 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 29 above, Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of any of said averments and therefore deny the same.

54. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 54.

55. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 55.

## VII. CLAIM THREE
## PRODUCTION FROM WEST NIAKUK P.A. AND LISBURNE P.A.

56. Intervenor-Defendants incorporate herein all of their responses set forth in Answer ¶¶ 1-55 above.

57. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 57 and therefore deny the same.

58. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 58.

59. Intervenor-Defendants admit that the State of Alaska competitive oil and gas leases that ultimately were included in the West Niakuk Participating Area established under the Prudhoe Bay Unit Agreement (i) were acquired originally by predecessors-in-interest to ConocoPhillips Alaska, Inc. and ExxonMobil Alaska Production Inc. and (ii) said leases are situated geographically to the west of the State of Alaska competitive oil and gas leases that originally were included in the Niakuk Participating Area established under the Prudhoe Bay Unit Agreement. Intervenor-Defendants also admit that the State of Alaska competitive oil and gas leases that ultimately were included in the Lisburne Participating Area established under the Prudhoe Bay Unit Agreement generally are situated geographically to the south of the State of Alaska competitive oil and gas

leases that originally were included in the Niakuk Participating Area established under the Prudhoe Bay Unit Agreement. Insofar as Complaint ¶ 59 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

60. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 60 and therefore deny the same.

61. Intervenor-Defendants admit that BP Exploration (Alaska) Inc. entered into an agreement in 1994 with ARCO Alaska, Inc. and Exxon Corporation titled as described in Complaint ¶ 61 (said agreement has been referred to elsewhere in the record in this case as the "Facility Sharing Agreement"), that the Facility Sharing Agreement speaks for itself, and that ARCO Alaska, Inc. properly exercised its rights thereunder to produce oil and gas from State of Alaska competitive oil and gas leases included in the West Niakuk Participating Area and from State of Alaska competitive oil and gas leases included in the Lisburne Participating Area, until BPX became the sole unit operator under the Prudhoe Bay Unit Agreement in 2000. Insofar as Complaint ¶ 61 contains any averments contrary to, inconsistent with, or in addition to the foregoing, Intervenor-Defendants deny the same.

62. Intervenor-Defendants have not double-checked Plaintiffs' calculations, thus lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 62, and therefore deny the same.

63. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 63.

64. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 64 and therefore deny the same.

65. Insofar as Complaint ¶ 65 contains any averments contrary to, inconsistent with, or in addition to facts admitted in Answer ¶ 9.b above, Intervenor-Defendants deny the same.

66. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 66.

67. Intervenor-Defendants lack knowledge or information sufficient to form a belief at this time as to the truth of the averments contained in Complaint ¶ 67 and therefore deny the same.

68. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 68.

69. Intervenor-Defendants deny the truth of the averments contained in Complaint ¶ 69.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. All or portions of Plaintiffs' claims against the United States are barred by the running of one or more applicable statutes of limitation.

3. All or portions of Plaintiffs' claims against the United States should be barred by the doctrine of laches.

4. Plaintiff should be estopped from bringing all or portions of their claims against the United States due to detrimental reliance by Defendant or by one or more of Intervenor-Defendants on actions or positions taken by Plaintiffs or their predecessor(s)-in-interest.

5. Plaintiff should be estopped from bringing all or portions of their claims against the United States due to inconsistent actions or positions previously taken by Plaintiffs or their predecessor(s)-in-interest.

6. All or portions of Plaintiffs' claims against the United States are barred due to acceptance of payments.

7. All or portions of Plaintiffs' claims against the United States are barred due to accord and satisfaction.

8. All or portions of Plaintiffs' claims against the United States are barred due to waiver thereof by Plaintiffs or their predecessor(s)-in-interest.

9. All or portions of Plaintiffs' claims against the United States are barred due to the failure of Plaintiffs to exhaust their administrative remedies.

10. Plaintiffs should be barred from pursuing in this action at this time all or portions of their claims against the United States because the Secretary of the Interior has primary jurisdiction to address and resolve (a) all or portions of said claims or (b) certain questions of fact or issues of law upon which all or portions of said claims depend.

11. Each of the Intervenor-Defendants reserves the right to assert additional affirmative defenses based upon information obtained or developed during the course of discovery.

## PRAYER

WHEREFORE, having answered Plaintiffs' Second Amended Complaint, each of the Intervenor-Defendants prays for the following relief:

A. That Plaintiffs recover nothing and that their Complaint be dismissed in its entirety with prejudice;

B. That Intervenor-Defendants recover such costs, attorneys' fees, and additional relief as this court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 27th day of July, 2007.

s/Joseph J. Perkins, Jr.
JOSEPH J. PERKINS, JR.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907-793-2200
Fax: 907-793-2299
jperkins@guessrudd.com
Attorneys for Intervenor-Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2007, a true and correct copy of the foregoing Intervenor-Defendants' *Answer To Second Amended Complaint* was sent electronically to the following counsel of record:

| | |
|---|---|
| James M. Upton<br>Attorney for Defendant United States<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, D.C. 20044-0663<br>Tel: 202-305-0482<br>Fax: 202-305-0506<br>E-mail: james.upton@usdoj.gov | Raymond C. Givens<br>Givens Law Firm<br>P.O. Box 400<br>912 E. Sherman Avenue<br>Coeur d'Alene, ID 83816<br>Tel: 208-676-1310<br>Fax: 208-676-1296<br>E-mail: raygivens@givenslaw.com |
| Bruce E. Falconer<br>Boyd, Chandler & Falconer, LLP<br>911 W. 8th Avenue, Suite 302<br>Anchorage, Alaska 99501<br>Tel: 907-272-8401<br>Fax: 907-274-3698<br>bfalconer@bcf.us.com | |

s/Joseph J. Perkins, Jr.
JOSEPH J. PERKINS, JR.