# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **WALLACE OENGA, et al.,** | ) | |
| **Plaintiffs,** | ) | **No. 06-491 L** |
| **v.** | ) | **Chief Judge Edward J. Damich** |
| **THE UNITED STATES,** | ) | |
| **Defendant, and** | ) | |
| **BP EXPLORATION (ALASKA) INC., et al.,** | ) | |
| **Defendant-Intervenors, and** | ) | |
| **KUUKPIK CORPORATION,** | ) | |
| **Defendant-Intervenor.** | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's directive at the conclusion of the December 3, 2007 telephone Status Conference and the Court's Order of December 6, 2007 [Docket #73], the parties submit as their Joint Status Report the following Stipulations:

## Stipulations

Plaintiffs, Defendant United States and Defendant-Intervenors (the five oil companies) hereby stipulate as follows:

**General Stipulations**

Defendant's pending Motion To Dismiss, or, in the alternative, for Summary Judgment, and the Defendant-Intervenors' pending Motion for Partial Summary Judgment shall apply to the Plaintiffs' Second Amended Complaint, and more precisely, to the claims of Plaintiffs insofar as they pertain to, *inter alia*, the Lisburne Participating Area (PA) (see paragraph Nos. 57, 59, 61-64, 66 and 68).

Plaintiffs stipulate to the authenticity of the documents attached to Defendant's pending motion to dismiss, or, in the alternative, for summary judgment, but they reserve the right to challenge the relevancy of any of these documents.

**United States' Answer**

Defendant was directed to, and did, file its Answer to Plaintiffs' Second Amended Complaint on December 10, 2007.

**Other Motions To Be Filed—Schedule and Description**

Plaintiffs shall file their Motions for Partial Summary Judgment discussed during the Status Conference by January 2, 2008**.** These Plaintiffs' Motions shall address the following:

**1. Statute of Limitations—Claims One, Two and Three**

Plaintiffs will seek partial summary judgment a) that Claims One, Two and Three were filed within six years of accrual as required by 28 U.S.C. § 2501, or more specifically, that the actions were filed the same year they accrued because of the operation of the Indian Trust Accounting Statute, PL 109-54 (2005), 119 Stat. 499, 519 (2005) (ITAS), and the accounting that was formally requested by Plaintiffs in November 2005 and responded to by the United States in 2006; and b) that Claim Three was filed within the statute of limitations because it was filed less than a year after the United States failed to take appropriate action in response to Plaintiffs' request that the Lease be declared breached and Intervenors' use of the property as to production from West Niakuk Participating Area and Lisburne Participating Area be declared a trespass and appropriate action be taken.

**2. Money-Mandating Duty—Claim One—Jurisdiction and Merits**

Plaintiffs will seek partial summary judgment, for jurisdictional and merits purposes, that the network of statutes and regulations set out in Claim One constitutes a money-mandating source of substantive law, a) creating a fiduciary duty, owed Native allottees by the United States, to collect a royalty on the value or amount of oil and gas produced from leased Native allotments, and b) that Plaintiffs' situation is within the scope of that duty, see 25 U.S.C. § 396; 25 U.S.C. § 396a-g, specifically §396c, d, e, and

g; 30 U.S.C. § 1701 et seq; 25 CFR Part 212 (1987); 25 CFR Part 212 (1996); 30 CFR Part 296 (1993); and 43 CFR Part 3160 (1993).

**3. Money-Mandating Duty—Claim Two—Jurisdiction and Merits**

Plaintiffs will seek partial summary judgment, for jurisdictional and merits purposes, that the Claim Two network of statutes, supporting regulations, and obligations assumed in the Lease Agreement, as amended, constitute a money-mandating source of substantive law, a) creating a fiduciary duty, owed Native allottees by the United States, to collect "present fair annual rental" on leased non-agricultural, restricted, allotted lands through the use of "periodic review[s]," and b) Plaintiffs are within the scope of that duty because the United States did not properly comply with the regulations and the duties assumed by it in the Lease Agreement. See 25 U.S.C. § 415(a); 25 CFR Part 162 (1987; 25 CFR Part 162 (2001); Lease Agreement, as amended.

**4. Money-Mandating Duty—Claim Three—Jurisdiction and Merits**

Plaintiffs will seek partial summary judgment, for jurisdictional and merits purposes, that the Claim Three network of statutes and supporting regulations constitute a money-mandating source of substantive law a) creating a fiduciary duty, owed Native allottees by the United States, to declare a contract breached and give notice of trespass when such conditions exist, and b) Plaintiffs are within the scope of that duty because of provisions of the statutes and regulations, the requirements of the Lease, as amended, and

the conduct of Intervenors as to the production of oil and gas from the West Niakuk Participating Area and the Lisburne Participating Area through facilities on Plaintiffs' property. See above statutes and regulations and Lease Agreement, as amended.

**Briefing Schedule**

The parties request that the Court issue an order adopting the following briefing schedule:

1. The following shall be filed no later than January 2, 2008**:**

A. Plaintiffs' Opposition and Response to the Government's Motion To Dismiss;

B. Plaintiffs' Opposition and Response to the Defendant-Intervenors' Motion for Partial Summary Judgment; and

C. Plaintiffs' Motions for Partial Summary Judgment.

2. The following shall be filed no later than February 1, 2008**:**

A**.** Defendant United States' Reply to Plaintiffs' Opposition to United States' Motion To Dismiss (reply to the plaintiffs' responses to the bases of the government's motion to dismiss—that is, the court's lack of subject matter jurisdiction (applicable to Claim Nos. 1 and 2) and failure to state a claim (lack of the requisite money-mandating duty) applicable to Claim Nos. 1, 2 and 3, and the government's additional contract interpretation argument as to Claim No. 3);

B. Defendant United States' Opposition to Plaintiffs' Motion for Partial Summary Judgment;

C. Defendant-Intervenors' Reply to Plaintiffs' Opposition to the Defendant-Intervenors' Motion for Partial Summary Judgment; and

D. Defendant-Intervenors' Opposition to Plaintiffs' Motion for Partial Summary Judgment.

3. The following shall be filed no later than February 15, 2008**:**

A. Plaintiffs' Reply to Defendant United States' Opposition to Plaintiffs' Motion for Partial Summary Judgment; and

B. Plaintiffs' Reply to Defendant-Intervenors' Opposition to Plaintiffs' Motion for Partial Summary Judgment .

Plaintiffs' counsel and Defendant-Intervenors' counsel have authorized counsel for Defendant United States to sign this report on their behalf.

Dated this 11th day of December, 2007.

Respectfully submitted,

*s/ James M. Upton*
JAMES M. UPTON
SAMANTHA KLEIN
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 305-0482
Phone: (202) 305-0474
Fax: (202) 305-0506
E-mail: james.upton@usdoj.gov
E-mail: samantha.klein@usdoj.gov

Attorney of Record for Defendant United States

*s/ Raymond C. Givens*
RAYMOND C. GIVENS
Givens Law Firm
4935 116th Place, SE
Bellevue, Washington 98006
Telephone: (425) 641-5949
Fax: (425) 614-0158
E-mail: raygivens@givenslawfirm

Attorney of Record for Plaintiffs

*s/ Joseph J. Perkins, Jr.*
JOSEPH R. PERKINS, JR.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: (907) 793-2200
Fax: (907) 793-2299
E-mail: jperkins@guessrudd.com

Attorney of Record for Defendant-Intervenors