# ATTACHMENT No. 47

FEB 08 2008

# DECLARATION OF LESLEY DeWILDE

Lesley DeWilde hereby declares as follows:

1. My name is Lesley DeWilde, and I am currently employed as Realty Specialist with the Fairbanks Agency of the Bureau of Indian Affairs. When I started this job in 1992, Kathleen Dickinson was my supervisor, and she handled Alaska Native allotment lease- related matters. But when she left in 1995 to go to work for the Arctic Slope Native Association (ASNA), I took over that responsibility. One of the allotment leases I have spent a good deal of time monitoring is the lease of Parcel B of the Andrew Oenga allotment. Since 1995 I have had a substantial amount of contact with the heirs of original allottee Andrew Oenga and their Indian Self-Determination Act realty service providers (first ASNA and more recently the Inupiat Community of the Arctic Slope (ICAS)).

2. Parcel B of the Oenga allotment is subject to a 1989 lease under which the property is occupied by BP Exploration (Alaska), Inc., which pays the owners rent on an annual basis. Shortly after I took over the BIA's duties in connection with administration of that lease, ASNA's Realty Department negotiated an amendment, agreed to between the owners and lessee BP. That amendment was reviewed and approved by the BIA on May 11, 1995. It made some changes in the rental payment provisions of the lease. It provided for annual lease payments to be made two months before the annual period for which the rent was owed, and also specified that adjustments of the rental amount would be considered every four years, instead of every five. The 1995 lease amendment also allowed the lessors to take out bank loans, which could be repaid by the lessee making its rental payments to the individual lessors' lenders, "provided the

Lessors furnish Lessee with properly executed Assignment of Proceeds, Rental Division Order and/or other written instruments." To my knowledge, four of the five heirs did go on to take advantage of that option.

3. I understand that the allotment owners have sued the United States over the way the lease was handled, and that they have offered as an excuse for not presenting their claims at an earlier date the explanation that they weren't in a position to do so, because they didn't know how much money was being collected under the lease, or how much should be. I don't find that explanation to be credible, because I know from my direct personal interactions with various of the owners, and with their realty service providers, that they were very interested in and very well-informed about the details of the cash flows. Since 1995 I have been reviewing annual rent payment receipt and disbursement records, as well as the documentation for application of rent proceeds to repayment of the rent income anticipation loans which several of the owners took out, as provided for in the 1995 lease amendment. In my experience, the owners have been very attentive to the details of their allotment lease-related financial affairs.

4. I also understand from reviewing Leory Oenga's January 2, 2008 Declaration, that he now claims that he and his fellow owners did not understand that information about the lease and its administration, such as rental rate and appraisal information, was generally available to them upon request to their realty service provider(s) or the BIA. I don't understand the basis for this assertion. As a representative of the BIA I never denied any owner any relevant information about the lease when it was requested, and I never heard of any instance when ASNA or ICAS did either. I see in Paragraph 9 of his Declaration that Leroy Oenga admits that BIA and ASNA did make "an occasional document available if we specifically requested it," but I don't see

where he cites even one example of when any information request was denied by either the BIA or ASNA. In fact , I personally had a very substantial number of contacts with the various owners from 1995 onward, and I was always responsive to any information requests which I received.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed at Fairbanks, Alaska this 8th day of February 2008.

Lesley R DeWilde

Lesley DeWilde