ATTACHMENT No. 48

RULES and REGULATIONS

DEPARTMENT OF THE INTERIOR

Bureau of Indian Affairs

25 CFR Parts 211 and 212

RIN 1076-AA82

Leasing of Tribal Lands for Mineral Development and Leasing of Allotted Lands for Mineral Development

Monday, July 8, 1996

***35634** AGENCY: Bureau of Indian Affairs, Interior.

ACTION: Final rule.

SUMMARY: The Bureau of Indian Affairs (BIA) of the Department of the Interior (Department) is promulgating regulations revising and updating regulations in 25 CFR Parts 211 and 212 that govern mineral leasing on tribal and allotted Indian lands respectively. The intent of these regulations is to ensure that **Indian mineral owners**, both tribes and individual owners, desiring to have their resources developed are assured that they will be developed in a manner that maximizes their best economic interests and minimizes any adverse environmental or cultural impact resulting from such development. Further, these regulations recognize Federal government reorganization, enacted legislation, and prevailing administrative practice in the 58 years since these regulations were first promulgated.

EFFECTIVE DATE: August 7, 1996.

FOR FURTHER INFORMATION CONTACT: Richard N. Wilson (303) 231-5070 or Pete C. Aguilar (303) 231-5070.

SUPPLEMENTARY INFORMATION: These final rules are published in the exercise of the authority delegated by the Secretary of the Interior (Secretary) to the Assistant Secretary for Indian Affairs by 209 DM 8. The principal authors of these rules are Richard N. Wilson and Pete C. Aguilar, both in the Division of Energy and Mineral Resources, Golden, Colorado.

This final rulemaking revises and updates the mineral leasing of tribally-owned minerals governed by the Act of May 11, 1938 (25 U.S.C. 396a), and the mineral leasing of allotted lands governed by the Act of March 3, 1909, as amended, (25 U.S.C. 396). The 1938 Act permits Indian tribes to elect whether they wish to offer their mineral resources for lease by competitive bidding, or enter into negotiations with prospective lessees if bids are not satisfactory. The Act of 1909 permits individual **Indian mineral owners** to offer their mineral resources for lease by competitive bidding under the aegis of the Secretary.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

This is the first comprehensive revision of general BIA regulations governing mineral leasing of Indian lands since 1938. In the intervening period Congress has enacted many laws applicable to Indian mineral leases, including the National Environmental Policy Act of 1969 and the Federal Oil and Gas Royalty Management Act of 1982. There have also been major changes in Federal Indian policy, as reflected in the Indian Self-Determination Act of 1975 and recent amendments thereto. This revision is the product of many years of consultation with Indian tribal leaders. It is intended to update, streamline and clarify the procedures for Indian mineral leasing and administration, consistent with the Federal government's role as trustee for these mineral resources and with the modern Federal policy of self-determination. Indeed, they largely reflect current BIA practice and procedure, and are intended in part to eliminate the confusion often fostered by the existing, ***35635** outmoded regulations. Although these revised regulations include new requirements imposed by modern statutes and intervening judicial interpretations of the BIA's legal responsibilities, they are no lengthier than the existing regulations, most of which have been in place for 58 years.

Pursuant to section 8 of the Indian Mineral Development Act (IMDA) of 1982, the BIA published a notice of proposed rulemaking in the Federal Register on July 12, 1983 (48 FR 31978) to revise and reorganize the regulations governing solid mineral, oil and gas, and geothermal leasing adopted pursuant to the Acts of 1909 and 1938, last revised in their entirety on December 24, 1957 (22 FR 10588); as well as to promulgate regulations implementing the IMDA. On August 24, 1987, the BIA published final regulations (52 FR 31916) that were scheduled to become effective on October 24, 1987. Then, in response to concerns expressed by the public, the regulations were amended and republished as proposed on October 21, 1987 (52 FR 39332), and the public was notified that the regulations published on August 24, 1987 would not become effective.

Public responses to these publications contained compelling arguments for restructuring the format of the proposed regulations. Several commenters stated that the October 21, 1987 proposed regulations were confusing and ambiguous. The format of the proposed regulations, implementing the Acts of March 3, 1909 and May 11, 1938, and the IMDA; combined the regulations into two separate parts: (1) Part 211, contracts for prospecting and mining on Indian lands (except oil and gas and geothermal) and (2) Part 225, oil and gas and geothermal contracts. The most common major concern was whether provisions of the IMDA would supplant lease and regulatory conditions contained in lease contracts entered into under the authority of the 1909 and 1938 Acts. The regulatory format created confusion about contract approval procedures for leasing tribal versus allotted lands. In addition, the format created confusion between regulatory requirements for solid mineral versus fluid mineral contracts. The uncertainty expressed by Indian interests and industry on numerous issues convinced the Department that the regulations needed to be entirely reformatted and revised.

The proposed regulations were then organized under a system that would be more familiar to both **Indian mineral owners** and industry. The proposed regulations were organized in three parts: (1) 25 CFR Part 211 provided the procedures for obtaining and operating standard mineral leases, for both solid and fluid minerals, on tribal lands under the Act of May 11, 1938, as amended; (2) 25 CFR Part 212 provided the procedures for obtaining and operating standard mineral leases, for both solid and fluid minerals, on allotted lands under the Act of March 3, 1909, as amended; and

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

(3) 25 CFR Part 225 provided a new and separate part governing minerals agreements for development of Indian minerals under the IMDA.

Along with the reformatting, many changes were made to the individual parts of the regulation. Those changes reflected the Department's efforts to be responsive to the comments received in 1987, and to include the additional business and administrative experience that had been gained on several issues during the intervening years.

In order to provide **Indian mineral owners** and Indian-mineral operators full opportunity to review and comment on the reformatted and rewritten regulations, the Department determined that those regulations should be published as proposed rather than as final rules, and that the public should be given 90 days to review the regulations and provide written comments. The proposed rulemaking was published in the Federal Register (56 FR 58734) on November 21, 1991. The closing date for submission of review comments on the proposed rulemaking was February 19, 1992.

Comments received from **Indian mineral owners**, industry, and the public were directed mostly to 25 CFR Parts 211 and 212. Tribes were especially concerned that the proposed regulations did not adequately recognize tribal rules and regulations and did not provide for adequate notification and communication with tribes prior to implementation of Departmental decision and authority with respect to mineral leasing and mineral management activities. Industry expressed concern about acreage limitations in the leasing of solid minerals and oil and gas, the role of the regulatory structure of the Department and its effects on the reclamation of Indian lands mined for coal, and were still concerned about the possible effects of the proposed rules on existing mineral leases on Indian lands.

Because there were: (1) regulations formerly in place governing the mineral leasing of Indian lands (25 CFR Parts 211 and 212 as well as the regulations of other Federal agencies); (2) no regulations governing the disposition of mineral resources pursuant to the IMDA; and (3) because the IMDA is and has been utilized by tribes to participate in minerals agreements, since 1982, without benefit of formal regulations designed specifically to implement the IMDA; the Department published separately (25 CFR Part 225, 59 FR 14960, March 30, 1994) as final rulemaking the regulations implementing the IMDA. In response to the wishes and numerous comments of Indian tribes and the public and to ensure that **Indian mineral owners** and lessees and the general public had adequate and full opportunity for review and comment, the Department determined that the regulations revising and updating 25 CFR Parts 211 and 212 should be published as final rulemaking only after an additional opportunity for review and comment had been provided.

Accordingly, the public comment period was reopened, public meetings scheduled, and additional opportunity provided for concerned and involved parties to further discuss and provide comments, prior to final rulemaking, on 25 CFR Parts 211 and 212 published on November 21, 1991. The comment period was reopened for 60 days by Federal Register notice (57 FR 40298) on September 2, 1992. Public hearings were held at Denver, Colorado on September 25, 1992 and at Albuquerque, New Mexico on September 28, 1992 to receive public comments on 25 CFR Parts 211 and 212 as proposed and published on November 21, 1991. The closing date for submission of comments on proposed rulemaking was November 2, 1992.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

In reviewing all of the issues raised in the 1987, 1991 and 1992 comments and in redrafting the regulations, the goal of the BIA is to ensure that the Department is able to fulfill its trust responsibility by providing adequate provisions to ensure the protection of the trust resources and at the same time benefit the **Indian mineral owners** by removing unnecessary regulatory barriers and complications that could make their minerals less attractive to industry and thus frustrate development. In addition, consistent with the policy on self-determination, the Department has attempted to provide the tribes as much freedom as possible to make their own determination on issues affecting the development of their minerals.

The regulations are rewritten and restructured in response to the comments received during the comment periods of 1991 and 1992. Because of previous extensive reformatting and restructuring in response to comments received in 1987 (56 FR 58735), as well as to comments received in 1991 and ***35636** 1992, the Department is of the opinion that a detailed review of comments received during a time interval of more than five years would be more confusing than helpful. Accordingly, the Department decided to provide in the preamble a listing by section of the salient changes made in the proposed regulations.

I. Changes Made to Proposed Rules

Set forth in the following list of changes are most of the clarifying changes, but not each and every minor change, made to the regulations since they were last published as proposed in the Federal Register on November 21, 1991. The proposed rules are modified: (1) in response to comments received; (2) to reflect the fact that 25 CFR Parts 211 and 212 now stand alone after separation and subsequent publication of 25 CFR Part 225 (59 FR 14960) as a final rule; and (3) in recognition of prevailing and customary business and administrative practices developed in the last 58 years (since regulations were first promulgated in 1938) under the Acts of 1909 and 1938. The salient modifications to the proposed rules are here summarized by section. Many of the changes and modifications made in 25 CFR Part 212 are the same as those made in 25 CFR Part 211 or the sections are included from 25 CFR Part 211 by reference. The changes and modifications in sections so referenced are the same in both parts. These changes and modifications as well as changes and modifications in common in the text of both parts of regulation are set forth only in the section summaries of Part 211 below, but are easily found because the numbering and designation of sections in Part 212 parallel those of Part 211. Where significant differences exist the sections of Part 212 are discussed separately (below). The section headings refer to this final rule.

*Section 211.1. Purpose and Scope*

Several changes are made to this section to more clearly state the general guidance of this section and to assure the Alaska native corporations that 25 CFR Parts 211 and 212 are applicable only to Indian mineral interests held in trust by the United States. In addition, a change is made to clarify that 25 CFR Parts 211 and 212 do not affect certain key provisions of existing mineral leases and permits.

*Section 211.3. Definitions*

The definitions section of Part 211 is modified somewhat, partly in response to comments, because permits are now specifically recognized in regulation, and for

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.