**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WALLACE OENGA, GEORGENE SHUGLUK, LEROY OENGA, SR., MICHAEL DELIA, TONY DELIA, JOSEPH DELIA, JENNIE MILLER, and TRINITY DELIA,** | ) | **No. 06-491 L** |
| **Plaintiffs,** | ) | **Judge Nancy Firestone** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant, and** | ) | |
| **BP EXPLORATION (ALASKA) INC., CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC. and FOREST OIL CORPORATION,** | ) | |
| **Defendant Intervenors** | ) | |

**NOTICE OF PLAINTIFFS' POSITION**
**RE: IMPACT OF *NAVAJO* CERT. PETITION**
**ON PRESENT CONSIDERATION OF PENDING MOTIONS**

At the April 17, 2008 Status Conference, the Court raised the possibility of deferring consideration of some or all of the issues in the pending motions because of the anticipated Petition for Certiorari in *United States v Navajo Nation*. It was not possible for the parties to fully address the question at that time because the United States had been granted an extension of time to file its Petition, which would contain the Question Presented, and the Petition had not yet been filed. That Petition has now been filed. The Question Presented in the *Navajo* Petition is:

> QUESTIONS PRESENTED
>
> The Indian Mineral Leasing Act of 1938 (IMLA), 25 U.S.C. 395a *et seq.*, and its implementing regulations authorize Indian Tribes, with the approval of the Secretary of the Interior, to lease tribal lands for mining purposes. In a previous decision in this case, *United States v. Navajo Nation*, 537 U.S. 488 (2003) (*Navajo*), this Court held that the Secretary's actions in connection with Indian mineral lease amendments containing increased royalty rates negotiated by the Navajo Nation did not breach a fiduciary duty found in IMLA or other relevant statutes or regulations. The court of appeals held on remand that the Secretary's conduct breached duties linked to sources of law that had been briefed to this Court but not expressly discussed in *Navajo*. The questions presented are:
>
> 1. Whether the court of appeals' holding that the United States breached fiduciary duties in connection with the Navajo coal lease amendments is foreclosed by *Navajo*.
>
> 2. If *Navajo* did not foreclose the question, whether the court of appeals properly held that the United States is liable as a matter of law to the Navajo Nation for up to $600 million for the Secretary's actions in connection with his approval of amendments to an Indian mineral lease based on several statutes that do not address royalty rates in tribal leases and common-law principles not embodied in a governing statute or regulation.

*United States v. Navajo Nation*, Petition for Writ of Certiorari, p. 1, filed May 2008.

Plaintiffs' (Oenga) request that the Court NOT defer consideration of the pending motions, but rather address all issues in those motions at its earliest convenience, for the reasons set out below.

**Statute of Limitations –** Oengas Reply Brief, Docket 98, pp. 6-15 - The central statute of limitation issue raised by the pending motions is whether this action was timely filed under the Indian Trust Accounting Statute, PL 109-54 (2005), 119 Stat. 499, 519 (2005), (ITAS). The Question Presented in *Navajo* does not address or impact this statute of limitations issue in any way. There is no reason to defer consideration of the statute of limitation issues because of the Petition for Certiorari pending in *Navajo.* Oengas request that the Court consider the statute of limitations issue in the pending motions at its earliest convenience.

**Claim One – Money-Mandating Duty re: Collection of Royalty on Oil –** Oengas Reply Brief, Docket 98, pp. 15-21. - The central issues raised by the pending Claim One motions are whether various statutes and regulations create a money-mandating duty for the United States to collect a royalty on the *oil* produced thru the production facility on Oengas' Native allotment. If consideration of any issues raised in the pending motions are to be deferred until after the *Navajo* Petition has been resolved, it would be the issues raised in Claim One. However, Oengas ask that the Claim One issues NOT be deferred because the Claim One issues are totally unrelated to the issues raised in the United States' *Navajo* Petition for Certiorari.

The first issue raised in the United States' *Navajo* Petition is whether last year's Court of Appeals decision in *Navajo* "is foreclosed" by the Supreme Court's prior *Navajo* decision. United States' *Navajo* Petition p.1. That is an issue specific to the *Navajo* litigation, and does not impact the Claim One issues of this case in any way.

The second issue raised in the United States' *Navajo* Petition is whether liability can be based on "several statutes that do not address royalty rates in tribal leases and common-law principles not embodied in a governing statute or regulation." United States' *Navajo* Petition p.1. In other words, the second *Navajo* Petition issue is whether the money-mandating duty can be based (1) on statutes and regulations which do not require the collection of a royalty, or (2) on common law principles not embodied in those statutes or regulations. United States' *Navajo* Petition p.1. In this case, these *Navajo* issues are not present. It is undisputed that the primary regulation involved, 25 CFR Part 212, requires the collection of a royalty on oil production. The Claim One question is whether those regulations are applicable to the Oengas' ownership situation. Furthermore, Oengas' Claim One argument is *not* based on "common law principles," but rather on the regulations and statutes. Id.

Furthermore, the statutes and regulations at issue in *Navajo* are materially different from those at issue in Claim One. The Oenga statutes and regulations deal with *oil*. Those in *Navajo* dealt with *coal*. This material difference was specifically noted and distinguished by the United States Supreme Court in its prior *Navajo* decision.

> We rule only on the Government's role in the coal leasing process under the IMLA. As earlier recounted, see *supra*, at 1084-1085, both the IMLA and its implementing regulations address oil and gas leases in considerably more detail than coal leases. Whether the Secretary has fiduciary or other obligations, enforceable in an action for money damages, with respect to oil and gas leases is not before us.
>
> *United States v. Navajo Nation*, 537 U.S. 488, 508 fn. 11 (2003).

As the Supreme Court there specifically noted, the oil provisions of the statute [applicable in this case] are "considerably more detailed" than those applicable in *Navajo*. Id. The oil provisions [applicable to this case] were, and are, "not before" the Supreme Court in *Navajo*. Id. As such, there is no reason to defer consideration of the Claim One money-

mandating duty issues because of the Petition for Certiorari pending in *Navajo.*

For all of the above reasons, Oengas request that the Court consider the Claim One money-mandating duty issue in the pending motions at its earliest convenience.

**Claim Two – Money-Mandating Duty re: Collection of Present Fair Annual Rental -** Oengas Reply Brief, Docket 98, pp. 21 – 24 - The central issue of the pending Claim Two motions address is how to determine the amount of "present fair annual rental" that is to be collected. 25 CFR Part 11. Specifically, the pending motions address whether that determination must consider 1) the amount of rents paid as thruputs, such as the one paid by Exxon and ConocoPhillips to produce their oil from West Niakuk thru the facility on Oengas' property, 2) the amount of rent paid by the United States to have their oil produced thru neighboring properties pursuant to 30 U.S.C.§ 226(m), or 42 U.S.C.§ 9506a(j)(5), and 3) the amount of rents paid as royalties or as other forms of consideration at other oil-producing sites such as the 2% royalty and other consideration of Kuukpik, the 2 ½ % royalty of *Flying Diamond Oil Corp v. Newton Sharp Co*., 776 P2d 618 (Utah 1989), or the 4% royalty of *In re Newstar Energy of Texas*, 280 BR 623 (2002). 25 CFR Part 162; Oengas Response and Partial Summary Judgment Brief, Docket 78, pp.17-18; Oengas Reply Brief, Docket 98, pp.22-23; Sealed Declaration of Edward Morse, Docket 83, pp. 4-6, ¶¶ 7-10.

The Claim Two issue regarding determination of the amount to be collected as "present fair annual rental," has nothing to do with the coal royalty duty issue or common law duty issue of the *Navajo* Question Presented. There is no reason to defer consideration of the Claim Two issues because of the Petition for Certiorari pending in *Navajo.* Oengas request that the Court consider the Claim Two issues in the pending motions at its earliest convenience.

**Claim Three – Money-Mandating Duty re: Trespass and Breach-** Oengas Reply

Brief, Docket 98, pp. 24 – 29 - The central issues raised by the pending Claim Three motions are whether this is a breach of lease and/or trespass situation, and whether the United States had a money-mandating duty to take action in such a situation. The Question Presented in *Navajo* does not impact these Claim Three issues in any way. There is no reason to defer consideration of these Claim Three issues because of the Petition for Certiorari pending in *Navajo.* Oengas request that the Court consider the Claim Three issues in the pending motions at its earliest convenience.

**Conclusion –** For the above reasons, Oengas request that the Court NOT defer consideration of any portion of the pending motions as a result of the *Navajo* Petition for Certiorari. If the Court chooses to defer consideration of Claim One, Oengas request that all other portions of the pending motions (statute of limitations, Claim Two, Claim Three) be considered by the Court at its earliest convenience.

DATED this 16th day of May, 2008.

Respectfully submitted,

s/Raymond C. Givens
Raymond C. Givens
Givens Law Firm
Attorney for Plaintiffs
4935 116th Place SE
Bellevue, WA 98006
Tele: 425-641-5949
Fax: 425-614-0158
raygivens@givenslaw.com

**Certificate of Service**

I hereby certify that on the 16th day of May, 2008, I electronically filed the foregoing Declaration of Leroy Oenga with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record.

James M. Upton
U. S. Department of Justice
Environment & Natural Resource Div
P.O. Box 663
Washington, D.C. 20044-0063
Tele: 202-305-0482
Fax: 202-305-0506
james.upton@usdoj.gov
Attorney for Defendant
.

James J. Perkins, Jr.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501
Tele: 907-793-2200
Fax: 907-793-2299
jperkins@guessrudd.com
jhunter@guessrudd.com
kmason@guessrudd.com
kwaggoner@guessrudd.com
Attorney for Intervenors

DATED this 16th day of May, 2008.

Respectfully submitted,

s/Raymond C. Givens
Raymond C. Givens
Givens Law Firm
Attorney for Plaintiffs
4935 116th Place SE
Bellevue, WA 98006
Tele: 425-641-5949
Fax: 425-614-0158
raygivens@givenslaw.com