**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **WALLACE OENGA, et al.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,**<br><br>**AND**<br><br>**BP EXPLORATION (ALASKA) Inc, CONOCOPHILLIPS ALASKA, INC., EXXON MOBIL ALASKA PRODUCTION, INC., CHEVRON U.S.A., INC., and FOREST OIL CORPORATION,**<br><br>**Defendant-Intervenors,**<br><br>**AND**<br><br>**KUUKPIK CORPORATION, INC.,**<br><br>**Defendant-Intervenor.** | **No. 06-491 L**<br>**Judge Nancy Firestone** |

**NOTICE OF DEFENDANT UNITED STATES' POSITION RE: IMPACT OF NAVAJO CERT. PETITION ON PRESENT CONSIDERATION OF PENDING MOTIONS**

**Introduction**

At the April 17, 2008, status conference, the Court raised the possibility of deferring consideration of some of the issues raised in the pending motions because of the anticipated imminent filing of the government's petition for a writ of certiorari with respect to the decision of the Court of Appeals for the Federal Circuit in Navajo Nation v. United States, 501 F. 3d 1327 (Fed. Cir. 2007). The government took the position that given the plaintiffs' heavy reliance on

the Navajo decision in their Motion for Partial Summary Judgment, the Court should defer ruling on the issue of whether any of plaintiffs' three claims are money mandating. After further consideration, we believe the Court should defer ruling on Claim No.1 and on the "second part" of Claim No. 3 with respect to the issue of whether they are money mandating.

**Claim No. 1**

With respect to Claim No. 1, plaintiffs argue that the Indian Mineral Leasing Act, FOGRMA, the regulations implementing FOGRMA (30 C.F.R. Part 296), and 43 C.F.R. Part 3160 constitute a "network" of statutes and regulations which, taken together, create a "money mandating ' fiduciary duty to collect a royalty on the oil produced [through] the oil production facility on the Oenga allotment.' " (Pls. Br. at 23-24, 26); plaintiffs cite the 2007 Navajo decision in support of this contention. See United States v. Navajo Nation, 501 F. 3d at 1340-49, for the Federal Circuit's discussion of the "network" of statutes and regulations. Issue No. 2 in the government's petition for a writ of certiorari addresses this concept of a "network" of statutes and regulations and implicitly raises a question as to the viability and scope of this concept in the context of the requirement that an Indian tribal (or individual Indian) plaintiff which files suit in the U.S. Court of Federal Claims must make a threshold showing that each of its claims is grounded upon the existence of a money mandating duty. United States v. Navajo Nation, 537 U.S. 488, 503-06 (2003). Plaintiffs' attempt to distinguish between the statutes and regulations upon which they rely and the statutes and regulations in question in Navajo cannot serve as a rational basis for ignoring the plaintiffs' heavy reliance upon the Navajo decision with respect to Claim No. 1 in their motion for partial summary judgment. Finally, the Plaintiffs recognize the possibility that the Court might well decide to defer ruling on Claim No. 1 (Pls. Notice at 6).

**Claim No. 3 (the second part)**

Issue No. 2 in the petition for a writ of certiorari refers to the Federal Circuit's express reliance upon "common law principles." The plaintiffs argue that the "central issues" raised by Claim No. 3 are "whether this is a breach of lease and/or trespass situation, and whether the United States had a money mandating duty to take action in such a situation." (Pls. Notice at 6). However, the plaintiffs' motion for partial summary judgment raised a "second part" of Claim No. 3 concerning the Defendant's alleged breach of the "common law trust duties of care, candor and loyalty" (language taken verbatim from the Navajo decision). The Oengas argue that said breach supposedly imposed a fiduciary duty upon the government to disclose to plaintiffs in 1993 ARCO's expression of interest to BIA (in 1993) in leasing part of Oenga allotment Parcel B. [1/] Thus, the "second part"of Claim No. 3 is clearly encompassed by Issue No. 2 of the government's petition.

**CONCLUSION**

In short, the Defendant United States takes the position that the Court should defer any ruling on the "mandating duty issue" with respect to Claim Nos. 1 and 3 (the second part) until such time as the Supreme Court denies the government's petition for a writ of certiorari, or, in the alternative, if the petition is granted, until the Supreme Court issues an opinion in the Navajo case. The government believes it would be appropriate for the Court to address the statute of limitations issue with respect Claim Nos. 1, 2 and 3 (second part) at this time.

---

[1/] We stress that the record clearly establishes that the plaintiffs were fully informed in 1993 about ARCO's expression of interest in leasing part of Parcel B.

Dated this 12th day of June, 2008.

Respectfully submitted,

*s/ James M. Upton*
JAMES M. UPTON
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Ph. (202) 305-0482
Fax: (202) 305-0506
E-mail: james.upton@usdoj.gov

Attorney for Defendant

OF COUNSEL:

Roger Hudson, Esq.
Office of the Solicitor
Alaska Regional Solicitor's Office
U.S. Department of the Interior
Anchorage, Alaska

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I electronically transmitted the foregoing **NOTICE OF DEFENDANT UNITED STATES' POSITION RE: IMPACT OF NAVAJO CERT. PETITION ON PRESENT CONSIDERATION OF PENDING MOTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in this matter.

*s/ James M. Upton*
James M. Upton